Stephen V. Gimigliano
John Maloney
Christopher K. Kim
**GIMIGLIANO MAURIELLO & MALONEY**
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
Attorneys for Defendants
Hartford Accident and Indemnity Company,
Hartford Fire Insurance Company
and First State Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., | Civil Action No. |
| Plaintiff, | |
| v. | |
| FEDERAL INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD FIRE INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY), WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY), CONTINENTAL INSURANCE COMPANY, and XYZ INSURANCE COMPANIES, | NOTICE OF REMOVAL |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE that, on this date, defendants Hartford Accident and

Indemnity Company ("Hartford Accident"), Hartford Fire Insurance Company ("Hartford Fire")

and First State Insurance Company ("First State" and, together with Hartford Accident and

Hartford Fire, "Hartford"), by their undersigned counsel, file this Notice of Removal pursuant to

28 U.S.C. § 1441 and 28 U.S.C. § 1446, removing this entire action from the Superior Court of

New Jersey, Law Division, Bergen County to the United States District Court for the District of

New Jersey.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332,

the diversity jurisdiction statute.

In support of this Notice of Removal, Hartford states as follows:

<u>PROCEDURAL BACKGROUND</u>

1. On August 6, 2019, an action entitled <u>GEA Mechanical Equipment US, Inc. v.

Federal Insurance Co., et al.</u>, docket no. BER-L-5721-19, was commenced in the Superior Court

of the State of New Jersey, Law Division, Bergen County ("the State Court Action") by plaintiff

GEA Mechanical Equipment US, Inc. ("Plaintiff").  A true and correct copy of the Complaint is

attached hereto as Exhibit A.  <u>See</u> 28 U.S.C. § 1446(a).

2. On October 11, 2019, Plaintiff filed an Amended Complaint in the State Court

Action.  The Amended Complaint named two additional defendants.  A true and correct copy of

the Amended Complaint is attached hereto as Exhibit B.  <u>See</u> 28 U.S.C. § 1446(a).

3. On January 27, 2020, Plaintiff filed a Second Amended Complaint in the State

Court Action.  The Second Amended Complaint again named two additional defendants and also

removed a defendant that had been dismissed.  A true and correct copy of the Second Amended

Complaint is attached hereto as Exhibit C.  <u>See</u> 28 U.S.C. § 1446(a).

4.      A copy of the Second Amended Complaint in the State Court Action (the "Complaint") was served upon Hartford through Hartford's counsel on January 27, 2020.

5.      Defendant Federal Insurance Company ("Federal") filed an answer to the Complaint in the State Court Action on September 11, 2019.  Federal filed an answer to the Amended Complaint in the State Court Action on October 15, 2019.  Federal filed an answer to the Second Amended Complaint in the State Court Action on January 28, 2020.  A true and correct copy of Federal's answers are attached hereto as Exhibits D, E and F, respectively.

6.      Hartford Accident and First State filed an answer to the Amended Complaint in the State Court Action on November 4, 2019.  Hartford Accident, Hartford Fire and First State filed an answer to the Second Amended Complaint in the State Court Action on February 18, 2020.  A true and correct copy of Hartford's answers are attached hereto as Exhibits G and H, respectively.

7.      Defendant Wellfleet New York Insurance Company (as successor to Atlanta International Insurance Company) ("AIIC") filed an answer to the Amended Complaint in the State Court Action on November 22, 2020.  AIIC filed an answer to the Second Amended Complaint in the State Court Action on March 4, 2020.  A true and correct copy of AIIC's answers are attached hereto as Exhibits I and J, respectively.

8.      Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) ("Travelers") filed an answer to the Amended Complaint in the State Court Action on December 19, 2020.  Travelers filed an answer to the Second Amended Complaint in the State Court Action on February 13, 2020.  A true and correct copy of Travelers' answers are attached hereto as Exhibits K and L, respectively.

9.      Defendant Continental Insurance Company ("Continental") filed an answer to the Second Amended Complaint in the State Court Action on March 5, 2020.  A true and correct copy of Continental's answer is attached hereto as Exhibit M.

10.     On December 17, 2019, an Order of Dismissal Without Prejudice as to defendant Fireman's Fund Insurance Company ("Fireman's Fund") was entered in the State Court Action. A true and correct copy of this Order of Dismissal Without Prejudice as to Fireman's Fund is attached hereto as Exhibit N.

11.     On July 20, 2020, an Order of Dismissal Without Prejudice as to defendant Federal was entered in the State Court Action.  A true and correct copy of this Order of Dismissal Without Prejudice as to Federal is attached hereto as Exhibit O.

12.     On July 22, 2020, an Order of Dismissal Without Prejudice as to defendant Travelers was entered in the State Court Action.  A true and correct copy of this Order of Dismissal Without Prejudice as to Federal is attached hereto as Exhibit P.

<u>PARTIES</u>

13.     Plaintiff is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in Northvale, New Jersey.  (See Second Amended Complaint, Ex. C, at ¶3).

14.     Defendant Hartford Accident is a corporation organized and existing under the laws of the State of Connecticut, and has its principal place of business in Hartford, Connecticut. (See id. at ¶8).

15.     Defendant Hartford Fire is a corporation organized and existing under the laws of the State of Connecticut, and has its principal place of business in Hartford, Connecticut.  (See id. at ¶9).

16.     Defendant First State is a corporation organized and existing under the laws of the State of Connecticut, and has its principal place of business in Hartford, Connecticut.  (See id. at ¶7).[1]

17.     Upon information and belief, former defendant Federal is a corporation organized and existing under the laws of the State of Indiana, and has its principal place of business in Whitehouse Station, New Jersey.  (See id. at ¶6).

18.     Upon information and belief, defendant AIIC is a corporation organized and existing under the laws of the State of New York, and has its principal place of business in Fort Wayne, Indiana. (See id. at ¶11).

19.     Upon information and belief, defendant Travelers is a corporation organized and existing under the laws of the State of Connecticut, and has its principal place of business in Hartford, Connecticut. (See id. at ¶10).

20.     Upon information and belief, defendant Continental is a corporation existing under the laws of the Commonwealth of Pennsylvania, and has its principal place of business in Chicago, Illinois.  (See id. at ¶5).

21.     Accordingly, there is complete diversity between Plaintiff and all of the defendants remaining in this action.

## GROUNDS FOR REMOVAL

22.     The basis for removal is 28 U.S.C. § 1441, which generally authorizes removal of actions over which the district courts of the United States would have original jurisdiction.

23.     The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute, which states that the "district courts shall have original

---

[1] While the Complaint states that First State's principal place of business is in Boston, Massachusetts, that allegation is incorrect.

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).

24.     In the State Court Action, Plaintiff seeks a declaration that Hartford, AIIC, Travelers and Continental "are contractually obligated to defend GEA Mechanical and/or pay the costs and expenses of defense, and to pay the legal liability of GEA Mechanical, in connection with the Underlying Action and any Future Underlying Actions."  (See Second Amended Complaint, Ex. C, at ¶25).  The "Underlying Action" is an asbestos bodily injury action that was filed against Plaintiff in the Circuit Court for Miami-Dade County, Florida.  After trial in the Underlying Action, a jury awarded compensatory damages to the underlying plaintiffs against Plaintiff in excess of $70 million.  (See id. at ¶23).  Plaintiff subsequently settled with the underlying plaintiffs for a confidential amount.  (See id.).

25.     In the State Court Action, Plaintiff seeks money damages with respect to the amount that Plaintiff has paid to settle the Underlying Action.  (Id. at Count Two *ad damnum* clause, ¶(b)).  Plaintiff also seeks attorneys' fees, costs of suit and pre- and post-judgment interest.  (Id. at Count Two *ad damnum* clause, ¶(b-d)).

26.     The amount in controversy exceeds $75,000.  Based on discovery in the State Court Action, Hartford's understanding is that the amount of defense and indemnity costs sought by Plaintiff exceeds $75,000.  Plaintiffs expressly seek money damages, interest, attorneys' fees and costs of suit, as well as any other relief the Court deems appropriate.  (Id. at *ad damnum* clauses).

27.     Further, claims for attorneys' fees (which Hartford vigorously disputes) may be aggregated with claims for compensatory damages for purposes of satisfying the amount in

controversy for diversity jurisdiction.  See Goralski v. Shared Techs., Inc., 2009 WL 2460752,

*5 (D.N.J. Aug. 7, 2009).

28.     Accordingly, the amount in controversy exceeds $75,000.  See 28 U.S.C. §

1332(a).

29.     Counsel for the remaining defendants in this case at the time of this removal

(AIIC and Continental) consent to the filing of the Notice of Removal on behalf of these

defendants.

## TIMELINESS

30.     Removal pursuant to 28 U.S.C. § 1441 is timely.  As initially filed and served,

this action was not removable because Federal is a citizen of New Jersey, the State in which the

State Court Action was filed.  See 28 U.S.C. § 1441(b)(2).  The action became removable upon

the dismissal of Federal on July 20, 2020.  Removal is permissible within 30 days after receipt of

a pleading, motion, order or other paper from which it may first be ascertained that the case has

now become removable.  See 28 U.S.C. § 1446(b)(3).  Accordingly, removal of this action

within 30 days of July 20, 2020, but before one year after the commencement of the action

(August 6, 2020), is timely.  See 28 U.S.C. § 1446(c).

31.     Nothing in this Notice shall constitute a waiver of Hartford's right to object to

service or jurisdiction.

## FILING WITH STATE COURT

32.     Hartford will file promptly a copy of this Notice of Removal with the Clerk of the

Superior Court of New Jersey, Law Division, Bergen County, where the State Court Action has

been pending, and will serve the same upon counsel for Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendants Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company respectfully submit this Notice of Removal removing this case from the Superior Court of New Jersey, Law Division, Bergen County, to this Court.

/s/ John Maloney
Stephen V. Gimigliano
John Maloney
Christopher K. Kim
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
jmaloney@lawgmm.com
ckim@lawgmm.com

Attorneys for Defendants
Hartford Accident and Indemnity Company,
Hartford Fire Insurance Company
and First State Insurance Company

Dated: July 31, 2020

# EXHIBIT A

Donald W. Kiel (NJ Bar No. 014371982)
Donald.Kiel@klgates.com
K&L GATES LLP
One Newark Center
Tenth Floor
Newark, New Jersey  07102-5252
973-848-4000

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222-2613
412-355-6500

Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.

<table>
<tr><td>

GEA MECHANICAL EQUIPMENT US, INC.,

            Plaintiff,

v.

FEDERAL INSURANCE COMPANY;

FIREMAN'S FUND INSURANCE COMPANY;

HARTFORD ACCIDENT AND INDEMNITY
COMPANY;

WELLFLEET NEW YORK INSURANCE COMPANY
(successor to ATLANTA INTERNATIONAL
INSURANCE COMPANY);

and XYZ INSURANCE COMPANIES.

            Defendants.

</td><td>

SUPERIOR COURT
OF NEW JERSEY
LAW DIVISION:
BERGEN COUNTY
DOCKET NO. L-_____

**CIVIL ACTION**

**COMPLAINT, JURY DEMAND,
AND DESIGNATION OF
<u>TRIAL COUNSEL</u>**

</td></tr>
</table>

Plaintiff, GEA Mechanical Equipment US, Inc. ("Plaintiff" or "GEA Mechanical"), with its principal place of business at 100 Fairway Court, Northvale, New Jersey 07647, by its attorneys K&L Gates LLP, for its Complaint against Defendants alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment brought pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50, et seq., and for supplemental relief related thereto.

2.      GEA Mechanical seeks a declaration that it is entitled to insurance coverage under certain standard form comprehensive general liability insurance policies purchased from the Defendants.  GEA Mechanical seeks such a declaration with respect to a claim for asbestos-related bodily injury that has been made against GEA Mechanical, and any such claims that may be made against it in the future.  GEA Mechanical further seeks money damages from the Defendants for the liabilities, losses, and expenses it has incurred and will incur in the future.

## THE PARTIES

3.      GEA Mechanical is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters and principal place of business located in Northvale, New Jersey.  As described below, GEA Mechanical is the successor by merger to GEA Westfalia Separator, Inc. (f/k/a Centrico Inc.).

4.      Centrico Inc. ("Centrico") was a corporation organized and existing under the laws of the State of New York, with its corporate headquarters and principal place of business located in Northvale, New Jersey since March 17, 1950.  On April 30, 1996, Centrico changed its name to Westfalia Separator, Inc.  On June 30, 2008, Westfalia Separator, Inc. changed its name to GEA Westfalia Separator, Inc.  On December 30, 2010, GEA Westfalia Separator, Inc. merged into GEA Westfalia Separator Reorganization, LLC.  On or about December 31, 2010, GEA Westfalia Separator Reorganization, LLC merged into GEA Mechanical.  GEA Mechanical was formed as a Delaware corporation on December 1, 2010.

5.      Upon information and belief, Federal Insurance Company is a corporation incorporated under the laws of the State of Indiana with its principal place of business in

Whitehouse Station, New Jersey.  Prior to March 23, 1990, Federal Insurance Company was incorporated under the laws of the State of New Jersey.  At all relevant times, Federal Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

6.      Upon information and belief, Fireman's Fund Insurance Company is a corporation incorporated under the laws of the State of California with its principal place of business in Chicago, Illinois.  At all relevant times, Fireman's Fund Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

7.      Upon information and belief, Hartford Accident and Indemnity Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.  At all relevant times, Hartford Accident and Indemnity Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

8.      Upon information and belief, Wellfleet New York Insurance Company, successor to Atlanta International Insurance Company, is a corporation incorporated under the laws of the State of New York with its principal place of business in Fort Wayne, Indiana.  At all relevant times, Atlanta International Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

9.      Defendants XYZ Insurance Companies are presently unknown insurance companies that issued certain liability insurance policies to Centrico or its successors (the "XYZ Insurance Policies") that provide insurance coverage for the Underlying Action (as defined below) and any similar claims that may be filed in the future.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction because, among other things, each Defendant:

(a)     is licensed or authorized to do business in the State of New Jersey; or

(b)     transacts or has transacted the business of selling insurance in the State of New Jersey during relevant time periods; or

(c)     has agreed to insure a person, property, and/or risk located within the State of New Jersey, and issued insurance policies to insure the New Jersey based predecessor of the New Jersey based plaintiff; or

(d)     has voluntarily submitted itself to the jurisdiction of this Court.

11.     Venue is proper in this County pursuant to R. 4:3-2(a) and (b) because GEA Mechanical's registered office is located in this County, GEA Mechanical does business in this County, and the cause of action arose in this County.  In addition, venue is proper in this County because, upon information and belief, all Defendants conduct business in this County or conducted business in this County during the relevant time period.

## THE INSURANCE POLICIES

12.     The Defendants sold various standard form primary, umbrella, and excess comprehensive general liability insurance policies, including, but not limited to, those listed on Exhibit A attached hereto (the "Insurance Policies").  GEA Mechanical reserves the right to supplement this list with additional liability insurance policies.

13.     Centrico, predecessor to GEA Mechanical, is an insured policyholder under each of the Insurance Policies.

14.     All required premiums were paid to the Defendants to purchase the Insurance Policies.

15.     All applicable conditions precedent to recovery, if any, have been satisfied under each of the Insurance Policies, or, alternatively, all conditions precedent have been waived and/or will be satisfied upon the exhaustion or unavailability of coverage underlying each of the applicable Insurance Policies.

16.     The Insurance Policies require the Defendants to defend and indemnify and/or pay the costs of the investigation, defense, and indemnity (including settlements and judgments) of the Underlying Action and the Future Underlying Actions, as defined and described below.

<u>**THE UNDERLYING ACTION**</u>

17.     GEA Mechanical was named (as "GEA Mechanical Equipment US, Inc., f/k/a GEA Westfalia Separator, Inc.") as a defendant in *Thornton v. Alfa Laval, Inc., et al.*, Case No. 17-006018 CA 42, Circuit Court for Miami-Dade County, Florida (the "Underlying Action").

18.     The plaintiffs in the Underlying Action sought judgment for damages arising out of alleged exposure to asbestos-containing products that were allegedly manufactured, sold, and/or distributed by GEA Mechanical.

19.     On or about June 17, 2019, the jury in the Underlying Action awarded plaintiffs past and future compensatory damages against GEA Mechanical in the amount of $70,102,000.00.  On or about June 19, 2019, the trial court entered a judgment on the jury verdict.  The Underlying Action is currently on appeal.

20.     Additional actions alleging bodily injury and/or wrongful death arising out of alleged exposure to asbestos in products allegedly manufactured, distributed, marketed, and/or sold by Centrico or its successors ("Future Underlying Actions") are reasonably likely to be brought against GEA Mechanical.  GEA Mechanical seeks insurance coverage from the Defendants with respect to any such Future Underlying Actions.

21.     The allegations asserted against GEA Mechanical in the Underlying Action and in any Future Underlying Actions, the damages sought therein, and the sums expended to date, including defense costs, in connection with the same are within the coverage provided by the Insurance Policies.   Accordingly, GEA Mechanical is entitled to a declaration that the Defendants are contractually obligated to defend GEA Mechanical and/or pay the costs and expenses of defense, and to pay the legal liability of GEA Mechanical, in connection with the Underlying Action and any Future Underlying Actions.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE**</u>

22.     The averments of each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

23.     As a result of the Underlying Action and any Future Underlying Actions, GEA Mechanical has incurred, and will incur in the future, substantial costs and expenses of defense.

24.     Each of the Defendants has failed to honor and have disputed or will dispute the extent of its obligations in accordance with applicable law to defend GEA Mechanical and/or pay defense costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions.

25.     By reason of the foregoing, an actual and justiciable controversy exists between GEA Mechanical and each of the Defendants.

26.     GEA Mechanical is entitled to a declaration by this Court of its rights and the obligations of the Defendants under the Insurance Policies to defend GEA Mechanical and/or pay defense costs incurred by GEA Mechanical in connection with the investigation and defense of the Underlying Action and any Future Underlying Actions.  GEA Mechanical thus seeks a judicial determination by this Court of each Defendant's obligations to defend GEA Mechanical

and/or pay defense costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions and an award of damages where applicable. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, GEA Mechanical requests judgment in its favor against the Defendants under the New Jersey Declaratory Judgment Act for the following relief:

(a)     a judgment declaring that, pursuant to the terms of the Insurance Policies, the Defendants are obligated to reimburse GEA Mechanical for the costs associated with its defense and investigation of the Underlying Action and any Future Underlying Actions;

(b)     a judgment declaring that GEA Mechanical is entitled to have the Insurance Policies interpreted in a reasonable manner that maximizes GEA Mechanical's insurance coverage;

(c)     granting GEA Mechanical money damages, including money damages available as supplemental relief under N.J.S.A. 2A:16-60, in an amount to be determined at trial, together with pre- and post-judgment interest;

(d)     requiring the Defendants to pay GEA Mechanical's reasonable attorneys' fees in this action pursuant to R. 4:42-9(a)(6);

(e)     requiring the Defendants to repay GEA Mechanical for the costs of suit incurred herein; and

(f)     providing for such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

27.     The averments of each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

28.     The Insurance Policies provide coverage for liability for damages because of bodily injury or personal injury, including damages arising out of the Underlying Action and any Future Underlying Actions.

29.     Each of the Defendants has failed to honor and have disputed or will dispute  the extent of its obligations in accordance with applicable law to pay sums which GEA Mechanical has paid or may become legally obligated to pay, in connection with the Underlying Action and any Future Underlying Actions.

30.     By reason of the foregoing, an actual and justiciable controversy exists between GEA Mechanical and each of the Defendants.

31.     GEA Mechanical is entitled to a declaration by this Court of its rights and the obligations of the Defendants under the Insurance Policies to indemnify GEA Mechanical with respect to any liability for all sums of money that GEA Mechanical has paid or may be legally obligated to pay in connection with the investigation and defense of the Underlying Action and any Future Underlying Action.

32.     GEA Mechanical seeks a judicial determination by this Court of each Defendant's obligations to pay indemnity costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions and an award of damages where applicable.  Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, Plaintiff demands judgment in its favor against the Defendants:

(a) declaring and adjudging the rights and obligations of the parties with respect to past, present, and future indemnity coverage for the Underlying Action and any Future Underlying Actions;

(b) to the extent GEA Mechanical pays or becomes legally obligated to pay indemnity costs in connection with the Underlying Action and any Future Underlying Actions, granting Plaintiff money damages, including money damages available as supplemental relief under N.J.S.A. 2A:16-60, in an amount to be determined at trial, together with pre- and post-judgment interest;

(c) requiring the Defendants to pay GEA Mechanical's reasonable attorneys' fees in this action pursuant to R. 4:42-9(a)(6);

(d) requiring the Defendants to repay GEA Mechanical for the costs of suit incurred herein; and

(e) providing for such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, GEA Mechanical Equipment US, Inc., hereby demands a jury trial for all claims so triable.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
       Donald W. Kiel

-and-

David F. McGonigle (*pro hac vice* application to be submitted)
Joseph C. Safar (*pro hac vice* application to be submitted)
Erin D. Fleury (*pro hac vice* application to be submitted)

Dated:  August 6, 2019                Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, Donald W. Kiel is hereby designated as trial counsel.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
Donald W. Kiel

-and-

David F. McGonigle (*pro hac vice* application to be submitted)
Joseph C. Safar (*pro hac vice* application to be submitted)
Erin D. Fleury (*pro hac vice* application to be submitted)

Dated:  August 6, 2019

Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

## CERTIFICATION PURSUANT TO R. 4:5-1

   I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated.  I am not aware of any other party which should be joined in this action pursuant to R. 4:28.  I am not aware of any other party which is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

        K&L GATES LLP
        Attorneys for Plaintiff

By: _____
        DONALD W. KIEL
Dated:  August 6, 2019     A Member of the Firm

**EXHIBIT A**

| Insurer | Policy Number | Policy Incepts | Policy Expires |
|---|---|---|---|
| Atlanta International Insurance Company (n/k/a Wellfleet New York Insurance Company) | UMB6230 | 10/25/1984 | 10/25/1985 |
| Federal Insurance Company | (87)79078255 | 10/25/1986 | 10/25/1987 |
| Federal Insurance Company | (88)79078255 | 10/25/1987 | 10/25/1988 |
| Fireman's Fund Insurance Company | 380XLX1734221 | 10/25/1984 | 10/25/1985 |
| Hartford Accident and Indemnity Company | 10C671174W | 08/25/1979 | 08/25/1980 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1980 | 10/25/1981 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1981 | 10/25/1982 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1982 | 10/25/1983 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1983 | 10/25/1984 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1984 | 10/25/1985 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1985 | 10/25/1986 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1986 | 10/25/1987 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1987 | 10/25/1988 |
| Hartford Accident and Indemnity Company | 10UERML0743W | 10/25/1988 | 10/25/1989 |

| Insurer | Policy Number | Policy Incepts | Policy Expires |
|---|---|---|---|
| Hartford Accident and Indemnity Company | 10CLRNL0743W | 10/25/1989 | 10/25/1990 |
| Hartford Accident and Indemnity Company | 10CLRNL0743W | 10/25/1990 | 12/25/1991 |
| Hartford Accident and Indemnity Company | 10UERML0743W | 12/25/1991 | 12/31/1992 |

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005721-19

**Case Caption:** GEA MECHANICAL EQUIP MENT US  VS
FEDERAL INSURANC

**Case Initiation Date:** 08/06/2019

**Attorney Name:** DONALD W KIEL

**Firm Name:** K&L GATES LLP

**Address:** ONE NEWARK CENTER 10TH FL
NEWARK NJ 071025285

**Phone:** 9738484000

**Name of Party:** PLAINTIFF : GEA Mechanical Equipment
US

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING
DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/06/2019
Dated

/s/ DONALD W KIEL
Signed

# EXHIBIT B

Donald W. Kiel (NJ Bar No. 014371982)
Donald.Kiel@klgates.com
K&L GATES LLP
One Newark Center
Tenth Floor
Newark, New Jersey  07102-5252
973-848-4000

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222-2613
412-355-6500

Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., <br><br>        Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY; <br><br> FIREMAN'S FUND INSURANCE COMPANY; <br><br> FIRST STATE INSURANCE COMPANY; <br><br> HARTFORD ACCIDENT AND INDEMNITY COMPANY; <br><br> TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY); <br><br> WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); <br><br> and XYZ INSURANCE COMPANIES. <br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L-005721-19 <br><br> **CIVIL ACTION** <br><br> **FIRST AMENDED COMPLAINT, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, GEA Mechanical Equipment US, Inc. ("Plaintiff" or "GEA Mechanical"), with its principal place of business at 100 Fairway Court, Northvale, New Jersey 07647, by its attorneys K&L Gates LLP, for its First Amended Complaint against Defendants alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment brought pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50, et seq., and for supplemental relief related thereto.

2.      GEA Mechanical seeks a declaration that it is entitled to insurance coverage under certain standard form comprehensive general liability insurance policies purchased from the Defendants.  GEA Mechanical seeks such a declaration with respect to a claim for asbestos-related bodily injury that has been made against GEA Mechanical, and any such claims that may be made against it in the future.  GEA Mechanical further seeks money damages from the Defendants for the liabilities, losses, and expenses it has incurred and will incur in the future.

## THE PARTIES

3.      GEA Mechanical is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters and principal place of business located in Northvale, New Jersey.  As described below, GEA Mechanical is the successor by merger to GEA Westfalia Separator, Inc. (f/k/a Centrico Inc.).

4.      Centrico Inc. ("Centrico") was a corporation organized and existing under the laws of the State of New York, with its corporate headquarters and principal place of business located in Northvale, New Jersey since March 17, 1950.  On April 30, 1996, Centrico changed its name to Westfalia Separator, Inc.  On June 30, 2008, Westfalia Separator, Inc. changed its name to GEA Westfalia Separator, Inc.  On December 30, 2010, GEA Westfalia Separator, Inc.

merged into GEA Westfalia Separator Reorganization, LLC. On or about December 31, 2010, GEA Westfalia Separator Reorganization, LLC merged into GEA Mechanical. GEA Mechanical was formed as a Delaware corporation on December 1, 2010.

5.     Upon information and belief, Federal Insurance Company is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Whitehouse Station, New Jersey. Prior to March 23, 1990, Federal Insurance Company was incorporated under the laws of the State of New Jersey. At all relevant times, Federal Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

6.     Upon information and belief, Fireman's Fund Insurance Company is a corporation incorporated under the laws of the State of California with its principal place of business in Chicago, Illinois. At all relevant times, Fireman's Fund Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

7.     Upon information and belief, First State Insurance Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Boston, Massachusetts. At all relevant times, First State Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

8.     Upon information and belief, Hartford Accident and Indemnity Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. At all relevant times, Hartford Accident and Indemnity Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

9.      Upon information and belief, Travelers Casualty and Surety Company, successor to Aetna Casualty and Surety Company, is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.  At all relevant times, Aetna Casualty and Surety Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

10.      Upon information and belief, Wellfleet New York Insurance Company, successor to Atlanta International Insurance Company, is a corporation incorporated under the laws of the State of New York with its principal place of business in Fort Wayne, Indiana.  At all relevant times, Atlanta International Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

11.      Defendants XYZ Insurance Companies are presently unknown insurance companies that issued certain liability insurance policies to Centrico or its successors (the "XYZ Insurance Policies") that provide insurance coverage for the Underlying Action (as defined below) and any similar claims that may be filed in the future.

## JURISDICTION AND VENUE

12.      This Court has jurisdiction because, among other things, each Defendant:

(a)      is licensed or authorized to do business in the State of New Jersey; or

(b)      transacts or has transacted the business of selling insurance in the State of New Jersey during relevant time periods; or

(c)     has agreed to insure a person, property, and/or risk located within the State of New Jersey, and issued insurance policies to insure the New Jersey based predecessor of the New Jersey based plaintiff; or

(d)     has voluntarily submitted itself to the jurisdiction of this Court.

13.     Venue is proper in this County pursuant to R. 4:3-2(a) and (b) because GEA Mechanical's registered office is located in this County, GEA Mechanical does business in this County, and the cause of action arose in this County.  In addition, venue is proper in this County because, upon information and belief, all Defendants conduct business in this County or conducted business in this County during the relevant time period.

## THE INSURANCE POLICIES

14.     The Defendants sold various standard form primary, umbrella, and excess comprehensive general liability insurance policies, including, but not limited to, those listed on Exhibit A attached hereto (collectively, together with the policies described below in Paragraphs 15 and 16, the "Insurance Policies").  GEA Mechanical reserves the right to supplement this list with additional liability insurance policies or to amend the list as additional facts become available through discovery.

15.     Upon information and belief and in addition to the policies listed in Exhibit A, Aetna Casualty and Surety Company (n/k/a Travelers Casualty and Surety Company) sold various general liability insurance policies to Centrico.

16.     Upon information and belief and in addition to the policies listed in Exhibit A, First State Insurance Company sold various general liability insurance policies to Centrico.

17.     Centrico, predecessor to GEA Mechanical, is an insured policyholder under each of the Insurance Policies.

18.     All required premiums were paid to the Defendants to purchase the Insurance Policies.

19.     All applicable conditions precedent to recovery, if any, have been satisfied under each of the Insurance Policies, or, alternatively, all conditions precedent have been waived and/or will be satisfied upon the exhaustion or unavailability of coverage underlying each of the applicable Insurance Policies.

20.     The Insurance Policies require the Defendants to defend and indemnify and/or pay the costs of the investigation, defense, and indemnity (including settlements and judgments) of the Underlying Action and the Future Underlying Actions, as defined and described below.

### THE UNDERLYING ACTION

21.     GEA Mechanical was named (as "GEA Mechanical Equipment US, Inc., f/k/a GEA Westfalia Separator, Inc.") as a defendant in *Thornton v. Alfa Laval, Inc., et al.*, Case No. 17-006018 CA 42, Circuit Court for Miami-Dade County, Florida (the "Underlying Action").

22.     The plaintiffs in the Underlying Action sought judgment for damages arising out of alleged exposure to asbestos-containing products that were allegedly manufactured, sold, and/or distributed by GEA Mechanical.

23.     On or about June 17, 2019, the jury in the Underlying Action awarded plaintiffs past and future compensatory damages against GEA Mechanical in the amount of $70,102,000.00.  On or about June 19, 2019, the trial court entered a judgment on the jury verdict.

24.     Additional actions alleging bodily injury and/or wrongful death arising out of alleged exposure to asbestos in products allegedly manufactured, distributed, marketed, and/or sold by Centrico or its successors ("Future Underlying Actions") are reasonably likely to be

brought against GEA Mechanical.   GEA Mechanical seeks insurance coverage from the Defendants with respect to any such Future Underlying Actions.

25.      The allegations asserted against GEA Mechanical in the Underlying Action and in any Future Underlying Actions, the damages sought therein, and the sums expended to date, including defense costs, in connection with the same are within the coverage provided by the Insurance Policies.   Accordingly, GEA Mechanical is entitled to a declaration that the Defendants are contractually obligated to defend GEA Mechanical and/or pay the costs and expenses of defense, and to pay the legal liability of GEA Mechanical, in connection with the Underlying Action and any Future Underlying Actions.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE**

26.      The averments of each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

27.      As a result of the Underlying Action and any Future Underlying Actions, GEA Mechanical has incurred, and will incur in the future, substantial costs and expenses of defense.

28.      Each of the Defendants has failed to honor and have disputed or will dispute the extent of its obligations in accordance with applicable law to defend GEA Mechanical and/or pay defense costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions.

29.      By reason of the foregoing, an actual and justiciable controversy exists between GEA Mechanical and each of the Defendants.

30.      GEA Mechanical is entitled to a declaration by this Court of its rights and the obligations of the Defendants under the Insurance Policies to defend GEA Mechanical and/or pay defense costs incurred by GEA Mechanical in connection with the investigation and defense

of the Underlying Action and any Future Underlying Actions. GEA Mechanical thus seeks a judicial determination by this Court of each Defendant's obligations to defend GEA Mechanical and/or pay defense costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions and an award of damages where applicable. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, GEA Mechanical requests judgment in its favor against the Defendants under the New Jersey Declaratory Judgment Act for the following relief:

(a)     a judgment declaring that, pursuant to the terms of the Insurance Policies, the Defendants are obligated to reimburse GEA Mechanical for the costs associated with its defense and investigation of the Underlying Action and any Future Underlying Actions;

(b)     a judgment declaring that GEA Mechanical is entitled to have the Insurance Policies interpreted in a reasonable manner that maximizes GEA Mechanical's insurance coverage;

(c)     granting GEA Mechanical money damages, including money damages available as supplemental relief under N.J.S.A. 2A:16-60, in an amount to be determined at trial, together with pre- and post-judgment interest;

(d)     requiring the Defendants to pay GEA Mechanical's reasonable attorneys' fees in this action pursuant to R. 4:42-9(a)(6);

(e)     requiring the Defendants to repay GEA Mechanical for the costs of suit incurred herein; and

(f)     providing for such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

31.     The averments of each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

32.     The Insurance Policies provide coverage for liability for damages because of bodily injury or personal injury, including damages arising out of the Underlying Action and any Future Underlying Actions.

33.     Each of the Defendants has failed to honor and have disputed or will dispute the extent of its obligations in accordance with applicable law to pay sums which GEA Mechanical has paid or may become legally obligated to pay, in connection with the Underlying Action and any Future Underlying Actions.

34.     By reason of the foregoing, an actual and justiciable controversy exists between GEA Mechanical and each of the Defendants.

35.     GEA Mechanical is entitled to a declaration by this Court of its rights and the obligations of the Defendants under the Insurance Policies to indemnify GEA Mechanical with respect to any liability for all sums of money that GEA Mechanical has paid or may be legally obligated to pay in connection with the investigation and defense of the Underlying Action and any Future Underlying Action.

36.     GEA Mechanical seeks a judicial determination by this Court of each Defendant's obligations to pay indemnity costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions and an award of damages where applicable.  Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, Plaintiff demands judgment in its favor against the Defendants:

(a)     declaring and adjudging the rights and obligations of the parties with respect to past, present, and future indemnity coverage for the Underlying Action and any Future Underlying Actions;

(b)     to the extent GEA Mechanical pays or becomes legally obligated to pay indemnity costs in connection with the Underlying Action and any Future Underlying Actions, granting Plaintiff money damages, including money damages available as supplemental relief under N.J.S.A. 2A:16-60, in an amount to be determined at trial, together with pre- and post-judgment interest;

(c)     requiring the Defendants to pay GEA Mechanical's reasonable attorneys' fees in this action pursuant to R. 4:42-9(a)(6);

(d)     requiring the Defendants to repay GEA Mechanical for the costs of suit incurred herein; and

(e)     providing for such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GEA Mechanical Equipment US, Inc., hereby demands a jury trial for all claims so triable.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
        Donald W. Kiel

-and-

David F. McGonigle (*pro hac vice* application to be submitted)
Joseph C. Safar (*pro hac vice* application to be submitted)
Erin D. Fleury (*pro hac vice* application to be submitted)

Dated:  October 11, 2019

Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, Donald W. Kiel is hereby designated as trial counsel.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
     Donald W. Kiel

-and-

David F. McGonigle (*pro hac vice* application to be submitted)
Joseph C. Safar (*pro hac vice* application to be submitted)
Erin D. Fleury (*pro hac vice* application to be submitted)

Dated:  October 11, 2019                    Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated.  I am not aware of any other party which should be joined in this action pursuant to R. 4:28.  I am not aware of any other party which is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

K&L GATES LLP
Attorneys for Plaintiff

By: _____
DONALD W. KIEL
A Member of the Firm

Dated:  October 11, 2019

**EXHIBIT A**

| Insurer | Policy Number | Policy Incepts | Policy Expires |
|---|---|---|---|
| Atlanta International Insurance Company (n/k/a Wellfleet New York Insurance Company) | UMB6230 | 10/25/1984 | 10/25/1985 |
| Federal Insurance Company | (87)79078255 | 10/25/1986 | 10/25/1987 |
| Federal Insurance Company | (88)79078255 | 10/25/1987 | 10/25/1988 |
| Fireman's Fund Insurance Company | 380XLX1734221 | 10/25/1984 | 10/25/1985 |
| First State Insurance Company | 951719 | 10/25/1982 | 10/25/1983 |
| Hartford Accident and Indemnity Company | 10C671174W | 08/25/1979 | 08/25/1980 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1980 | 10/25/1981 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1981 | 10/25/1982 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1982 | 10/25/1983 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1983 | 10/25/1984 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1984 | 10/25/1985 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1985 | 10/25/1986 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1986 | 10/25/1987 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1987 | 10/25/1988 |

| Insurer | Policy Number | Policy Incepts | Policy Expires |
|---|---|---|---|
| Hartford Accident and Indemnity Company | 10UERML0743W | 10/25/1988 | 10/25/1989 |
| Hartford Accident and Indemnity Company | 10CLRNL0743W | 10/25/1989 | 10/25/1990 |
| Hartford Accident and Indemnity Company | 10CLRNL0743W | 10/25/1990 | 12/25/1991 |
| Hartford Accident and Indemnity Company | 10UERML0743W | 12/25/1991 | 12/31/1992 |

# EXHIBIT C

Donald W. Kiel (NJ Bar No. 014371982)
Donald.Kiel@klgates.com
K&L GATES LLP
One Newark Center
Tenth Floor
Newark, New Jersey  07102-5252
973-848-4000

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222-2613
412-355-6500

Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.

|  |  |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., <br><br>             Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY; <br><br> FIRST STATE INSURANCE COMPANY; <br><br> HARTFORD ACCIDENT AND INDEMNITY COMPANY; <br><br> HARTFORD FIRE INSURANCE COMPANY; <br><br> TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY); <br><br> WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); <br><br> CONTINENTAL INSURANCE COMPANY; <br><br> and XYZ INSURANCE COMPANIES. <br><br>             Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L-005721-19 <br><br> **CIVIL ACTION** <br><br> **SECOND AMENDED COMPLAINT, JURY DEMAND, AND DESIGNATION OF** <u>**TRIAL COUNSEL**</u> |

Plaintiff, GEA Mechanical Equipment US, Inc. ("Plaintiff" or "GEA Mechanical"), with its principal place of business at 100 Fairway Court, Northvale, New Jersey 07647, by its attorneys K&L Gates LLP, for its Second Amended Complaint against Defendants alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment brought pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50, et seq., and for supplemental relief related thereto.

2.      GEA Mechanical seeks a declaration that it is entitled to insurance coverage under certain standard form comprehensive general liability insurance policies purchased from the Defendants.  GEA Mechanical seeks such a declaration with respect to a claim for asbestos-related bodily injury that has been made against GEA Mechanical, and any such claims that may be made against it in the future.  GEA Mechanical further seeks money damages from the Defendants for the liabilities, losses, and expenses it has incurred and will incur in the future.

## THE PARTIES

3.      GEA Mechanical is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters and principal place of business located in Northvale, New Jersey.  As described below, GEA Mechanical is the successor by merger to GEA Westfalia Separator, Inc. (f/k/a Centrico Inc.).

4.      Centrico Inc. ("Centrico") was a corporation organized and existing under the laws of the State of New York, with its corporate headquarters and principal place of business located in Northvale, New Jersey since March 17, 1950.  On April 30, 1996, Centrico changed its name to Westfalia Separator, Inc.  On June 30, 2008, Westfalia Separator, Inc. changed its name to GEA Westfalia Separator, Inc.  On December 30, 2010, GEA Westfalia Separator, Inc.

merged into GEA Westfalia Separator Reorganization, LLC.  On or about December 31, 2010, GEA Westfalia Separator Reorganization, LLC merged into GEA Mechanical.  GEA Mechanical was formed as a Delaware corporation on December 1, 2010.

5.      Upon information and belief, Continental Insurance Company is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Chicago, Illinois.  At all relevant times, Continental Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

6.      Upon information and belief, Federal Insurance Company is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Whitehouse Station, New Jersey.  Prior to March 23, 1990, Federal Insurance Company was incorporated under the laws of the State of New Jersey.  At all relevant times, Federal Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

7.      Upon information and belief, First State Insurance Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Boston, Massachusetts.  At all relevant times, First State Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

8.      Upon information and belief, Hartford Accident and Indemnity Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.  At all relevant times, Hartford Accident and Indemnity Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

9.      Upon information and belief, Hartford Fire Insurance Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.  At all relevant times, Hartford Fire Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

10.     Upon information and belief, Travelers Casualty and Surety Company, successor to Aetna Casualty and Surety Company, is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.  At all relevant times, Aetna Casualty and Surety Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

11.     Upon information and belief, Wellfleet New York Insurance Company, successor to Atlanta International Insurance Company, is a corporation incorporated under the laws of the State of New York with its principal place of business in Fort Wayne, Indiana.  At all relevant times, Atlanta International Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

12.     Defendants XYZ Insurance Companies are presently unknown insurance companies that issued certain liability insurance policies to Centrico or its successors (the "XYZ Insurance Policies") that provide insurance coverage for the Underlying Action (as defined below) and any similar claims that may be filed in the future.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction because, among other things, each Defendant:

(a)     is licensed or authorized to do business in the State of New Jersey; or

(b)     transacts or has transacted the business of selling insurance in the State of New Jersey during relevant time periods; or

(c)     has agreed to insure a person, property, and/or risk located within the State of New Jersey, and issued insurance policies to insure the New Jersey based predecessor of the New Jersey based plaintiff; or

(d)     has voluntarily submitted itself to the jurisdiction of this Court.

14.     Venue is proper in this County pursuant to R. 4:3-2(a) and (b) because GEA Mechanical's registered office is located in this County, GEA Mechanical does business in this County, and the cause of action arose in this County.  In addition, venue is proper in this County because, upon information and belief, all Defendants conduct business in this County or conducted business in this County during the relevant time period.

## THE INSURANCE POLICIES

15.     The Defendants sold various standard form primary, umbrella, and excess comprehensive general liability insurance policies, including, but not limited to, those listed on Exhibit A attached hereto (collectively, together with the policies described below in Paragraph 16 and any other presently unknown policies, the "Insurance Policies").  GEA Mechanical reserves the right to supplement this list with additional liability insurance policies or to amend the list as additional facts become available through discovery.

16.     Upon information and belief and in addition to the policies listed in Exhibit A, Aetna Casualty and Surety Company (n/k/a Travelers Casualty and Surety Company) sold various general liability insurance policies to Centrico.

17.     Centrico, predecessor to GEA Mechanical, is an insured policyholder under each of the Insurance Policies.

18.     All required premiums were paid to the Defendants to purchase the Insurance Policies.

19.     All applicable conditions precedent to recovery, if any, have been satisfied under each of the Insurance Policies, or, alternatively, all conditions precedent have been waived and/or will be satisfied upon the exhaustion or unavailability of coverage underlying each of the applicable Insurance Policies.

20.     The Insurance Policies require the Defendants to defend and indemnify and/or pay the costs of the investigation, defense, and indemnity (including settlements and judgments) of the Underlying Action and the Future Underlying Actions, as defined and described below.

## THE UNDERLYING ACTION

21.     GEA Mechanical was named (as "GEA Mechanical Equipment US, Inc., f/k/a GEA Westfalia Separator, Inc.") as a defendant in *Thornton v. Alfa Laval, Inc., et al.*, Case No. 17-006018 CA 42, Circuit Court for Miami-Dade County, Florida (the "Underlying Action").

22.     The plaintiffs in the Underlying Action sought judgment for damages arising out of alleged exposure to asbestos-containing products that were allegedly manufactured, sold, and/or distributed by GEA Mechanical.

23.     On or about June 17, 2019, the jury in the Underlying Action awarded plaintiffs past and future compensatory damages against GEA Mechanical in the amount of $70,102,000.00.  On or about June 19, 2019, the trial court entered a judgment on the jury verdict.  On or about September 24, 2019, GEA Mechanical entered into a confidential settlement agreement in the Underlying Action.

24.     Additional actions alleging bodily injury and/or wrongful death arising out of alleged exposure to asbestos in products allegedly manufactured, distributed, marketed, and/or

sold by Centrico or its successors ("Future Underlying Actions") are reasonably likely to be brought against GEA Mechanical. GEA Mechanical seeks insurance coverage from the Defendants with respect to any such Future Underlying Actions.

25.     The allegations asserted against GEA Mechanical in the Underlying Action and in any Future Underlying Actions, the damages sought therein, and the sums expended to date, including defense costs, in connection with the same are within the coverage provided by the Insurance Policies. Accordingly, GEA Mechanical is entitled to a declaration that the Defendants are contractually obligated to defend GEA Mechanical and/or pay the costs and expenses of defense, and to pay the legal liability of GEA Mechanical, in connection with the Underlying Action and any Future Underlying Actions.

**FIRST CAUSE OF ACTION**
**<u>DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE</u>**

26.     The averments of each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

27.     As a result of the Underlying Action and any Future Underlying Actions, GEA Mechanical has incurred, and will incur in the future, substantial costs and expenses of defense.

28.     Each of the Defendants has failed to honor and have disputed or will dispute the extent of its obligations in accordance with applicable law to defend GEA Mechanical and/or pay defense costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions.

29.     By reason of the foregoing, an actual and justiciable controversy exists between GEA Mechanical and each of the Defendants.

30.     GEA Mechanical is entitled to a declaration by this Court of its rights and the obligations of the Defendants under the Insurance Policies to defend GEA Mechanical and/or

pay defense costs incurred by GEA Mechanical in connection with the investigation and defense of the Underlying Action and any Future Underlying Actions.  GEA Mechanical thus seeks a judicial determination by this Court of each Defendant's obligations to defend GEA Mechanical and/or pay defense costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions and an award of damages where applicable.  Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, GEA Mechanical requests judgment in its favor against the Defendants under the New Jersey Declaratory Judgment Act for the following relief:

(a)    a judgment declaring that, pursuant to the terms of the Insurance Policies, the Defendants are obligated to reimburse GEA Mechanical for the costs associated with its defense and investigation of the Underlying Action and any Future Underlying Actions;

(b)    a judgment declaring that GEA Mechanical is entitled to have the Insurance Policies interpreted in a reasonable manner that maximizes GEA Mechanical's insurance coverage;

(c)    granting GEA Mechanical money damages, including money damages available as supplemental relief under N.J.S.A. 2A:16-60, in an amount to be determined at trial, together with pre- and post-judgment interest;

(d)    requiring the Defendants to pay GEA Mechanical's reasonable attorneys' fees in this action pursuant to R. 4:42-9(a)(6);

(e)    requiring the Defendants to repay GEA Mechanical for the costs of suit incurred herein; and

(f)    providing for such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## <u>DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY</u>

31.     The averments of each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

32.     The Insurance Policies provide coverage for liability for damages because of bodily injury or personal injury, including damages arising out of the Underlying Action and any Future Underlying Actions.

33.     Each of the Defendants has failed to honor and have disputed or will dispute the extent of its obligations in accordance with applicable law to pay sums which GEA Mechanical has paid or may become legally obligated to pay, in connection with the Underlying Action and any Future Underlying Actions.

34.     By reason of the foregoing, an actual and justiciable controversy exists between GEA Mechanical and each of the Defendants.

35.     GEA Mechanical is entitled to a declaration by this Court of its rights and the obligations of the Defendants under the Insurance Policies to indemnify GEA Mechanical with respect to any liability for all sums of money that GEA Mechanical has paid or may be legally obligated to pay in connection with the investigation and defense of the Underlying Action and any Future Underlying Action.

36.     GEA Mechanical seeks a judicial determination by this Court of each Defendant's obligations to pay indemnity costs incurred by GEA Mechanical in the Underlying Action and any Future Underlying Actions and an award of damages where applicable.  Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, Plaintiff demands judgment in its favor against the Defendants:

(a)     declaring and adjudging the rights and obligations of the parties with respect to past, present, and future indemnity coverage for the Underlying Action and any Future Underlying Actions;

(b)     to the extent GEA Mechanical has paid, pays, or becomes legally obligated to pay indemnity costs in connection with the Underlying Action and any Future Underlying Actions, granting Plaintiff money damages, including money damages available as supplemental relief under N.J.S.A. 2A:16-60, in an amount to be determined at trial, together with pre- and post-judgment interest;

(c)     requiring the Defendants to pay GEA Mechanical's reasonable attorneys' fees in this action pursuant to R. 4:42-9(a)(6);

(d)     requiring the Defendants to repay GEA Mechanical for the costs of suit incurred herein; and

(e)     providing for such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, GEA Mechanical Equipment US, Inc., hereby demands a jury trial for all claims so triable.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
     Donald W. Kiel

-and-

David F. McGonigle (*pro hac vice* application to be submitted)
Joseph C. Safar (*pro hac vice* application to be submitted)
Erin D. Fleury (*pro hac vice* application to be submitted)

Dated:  January 27, 2020

Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Donald W. Kiel is hereby designated as trial counsel.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
          Donald W. Kiel

-and-

David F. McGonigle (*pro hac vice* application to be submitted)
Joseph C. Safar (*pro hac vice* application to be submitted)
Erin D. Fleury (*pro hac vice* application to be submitted)

Dated:  January 27, 2020                    Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated.  I am not aware of any other party which should be joined in this action pursuant to R. 4:28.  I am not aware of any other party which is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
        DONALD W. KIEL

Dated:  January 27, 2020                    A Member of the Firm

**EXHIBIT A**
**TO THE SECOND AMENDED COMPLAINT**

| Insurer | Policy Number | Policy Incepts | Policy Expires |
|---|---|---|---|
| Atlanta International Insurance Company (n/k/a Wellfleet New York Insurance Company) | UMB6230 | 10/25/1984 | 10/25/1985 |
| Continental Insurance Company | *Unknown* | 08/25/1979 | 08/25/1980 |
| Continental Insurance Company | SRU3192930 | 08/25/1980 | 08/25/1981 |
| Continental Insurance Company | SRU1591549 | 08/25/1981 | 08/25/1982 |
| Federal Insurance Company | (87)79078255 | 10/25/1986 | 10/25/1987 |
| Federal Insurance Company | (88)79078255 | 10/25/1987 | 10/25/1988 |
| First State Insurance Company | 914213 | 08/25/1977 | 08/25/1978 |
| First State Insurance Company | 914214 | 08/25/1977 | 08/25/1978 |
| First State Insurance Company | 925592 | 08/25/1977 | 08/25/1978 |
| First State Insurance Company | 940779 | 08/25/1978 | 08/25/1979 |
| First State Insurance Company | 928194 | 08/25/1979 | 10/25/1980 |
| First State Insurance Company | 930747 | 10/25/1980 | 10/25/1981 |
| First State Insurance Company | 932288 | 10/25/1981 | 10/25/1982 |
| First State Insurance Company | 951719 | 10/25/1982 | 10/25/1983 |

| Insurer | Policy Number | Policy Incepts | Policy Expires |
|---|---|---|---|
| First State Insurance Company | 953847 | 10/25/1983 | 10/25/1984 |
| Hartford Accident and Indemnity Company | 10C662182W | 08/25/1976 | 08/25/1977 |
| Hartford Accident and Indemnity Company | 10C667308 | 08/25/1977 | 08/25/1978 |
| Hartford Accident and Indemnity Company | 10C669913W | 08/25/1978 | 08/25/1979 |
| Hartford Accident and Indemnity Company | 10C671174W | 08/25/1979 | 10/25/1980 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1980 | 10/25/1981 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1981 | 10/25/1982 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1982 | 10/25/1983 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1983 | 10/25/1984 |
| Hartford Accident and Indemnity Company | 10CML0740W | 10/25/1984 | 10/25/1985 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1985 | 10/25/1986 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1986 | 10/25/1987 |
| Hartford Accident and Indemnity Company | 10CLRML0743W | 10/25/1987 | 10/25/1988 |
| Hartford Accident and Indemnity Company | 10UERML0743W | 10/25/1988 | 10/25/1989 |
| Hartford Accident and Indemnity Company | 10CLRNL0743W | 10/25/1989 | 10/25/1990 |

| Insurer | Policy Number | Policy Incepts | Policy Expires |
|---------|---------------|----------------|----------------|
| Hartford Fire Insurance Company | 10UERML0743W | 10/25/1990 | 12/25/1991 |
| Hartford Fire Insurance Company | 10UERML0743W | 12/25/1991 | 12/31/1992 |
| Hartford Fire Insurance Company | 10UERML0743W | 12/31/1992 | 12/31/1993 |
| Hartford Fire Insurance Company | 10UERML0743W | 12/31/1993 | 12/31/1994 |
| Hartford Fire Insurance Company | 10UERML0743W | 12/31/1994 | 12/31/1995 |

# EXHIBIT D

Lawrence A. Nathanson
(Attorney ID #047661995)
COHN BAUGHMAN & SERLIN
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054
(856) 380-8900 (Tel.)
(856) 380-8901 (Fax)
lawrence.nathanson@mclolaw.com

Attorneys for Defendant Federal Insurance Company

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | Docket No.:  BER-L-005721-19 |
| v. | |
| FEDERAL INSURANCE COMPANY, *et al.*, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL INSURANCE COMPANY** |
| Defendants. | |

Defendant Federal Insurance Company, by its attorneys, for its answer and affirmative

defenses to plaintiff GEA Mechanical's Complaint, says:

### NATURE OF THE ACTION

1. Federal neither admits nor denies the allegations of paragraph 1 of the Complaint

because they are merely descriptive of the nature of this action and, thus, do not require a

response.

2. Federal denies it issued "standard form comprehensive general liability insurance

policies."  Federal neither admits nor denies the remaining allegations of paragraph 2 of the

Complaint because they are merely descriptive of the relief GEA Mechanical is seeking and,

thus, do not require a response.

### THE PARTIES

3. Federal is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 3 of the Complaint.

4.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.      Federal admits the allegations of paragraph 5 of the Complaint.

6.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     Insofar as the allegations of paragraph 10 of the Complaint pertain to Federal, Federal admits only it is licensed or authorized to do business in the State of New Jersey. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

11.     Insofar as the allegations of paragraph 11 of the Complaint pertain to Federal, Federal admits only it conducts business in Bergen County, New Jersey.  Federal is without knowledge of information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to GEA Mechanical and the other defendants.  Federal neither

admits nor denies the remaining allegations of this paragraph because they state a legal

conclusion to which no response is required.

## THE INSURANCE POLICIES

12.    Insofar as the allegations of paragraph 12 of the Complaint pertain to Federal,

they are denied.  Federal is without knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal

neither admits nor denies the remaining allegations of this paragraph because they merely state a

reservation to which no response is required.

13.    Federal is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 13 of the Complaint.

14.    Federal is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 14 of the Complaint.

15.    Insofar as the allegations of paragraph 15 of the Complaint pertain to Federal,

they are denied.  Federal is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of this paragraph.

16.    Insofar as the allegations of paragraph 16 of the Complaint pertain to Federal,

they are denied.  Federal is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of this paragraph.

## THE UNDERLYING ACTION

17.    Federal is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 17 of the Complaint.

18.    Federal is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 18 of the Complaint.

3

19.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegation that Future Underlying Actions are reasonably likely to be brought against GEA Mechanical.  Federal neither admits nor denies the remaining allegations of this paragraph because they are merely descriptive of the relief GEA Mechanical is seeking and, thus, do not require a response.

21.     Insofar as the allegations of paragraph 21 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE**

22.     Federal's answers to each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

23.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.     Insofar as the allegations of paragraph 24 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

25.     Insofar as the allegations of paragraph 25 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

26.     Insofar as the allegations of paragraph 26 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they relate to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

WHEREFORE, Federal respectfully requests that the Court enter judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

27.     Federal's answers to each of the preceding paragraphs are incorporated by reference as if set forth at length.

28.     Insofar as the allegations of paragraph 28 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

29.     Insofar as the allegations of paragraph 29 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

30.     Insofar as the allegations of paragraph 30 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

31.     Insofar as the allegations of paragraph 31 of the Complaint pertain to Federal, they are denied.  Federal is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

32.     Federal neither admits nor denies the allegations of paragraph 32 of the Complaint because they are merely descriptive of the relief GEA Mechanical is seeking or state legal conclusions to which no response is required.

WHEREFORE, Federal respectfully requests that the Court enter a judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or a justiciable controversy against Federal upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint may be subject to dismissal for failure to join all necessary or indispensable parties in this action.

## THIRD AFFIRMATIVE DEFENSE

In the event GEA Mechanical did not fulfill the requirement that it consult with and obtain the prior consent of Federal before entering into any agreements or assuming any obligations with respect to any claim for reimbursement or indemnity, Federal is entitled to a declaration it has no obligation under the alleged Federal policies as to any such agreements or obligations.

## FOURTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is barred or limited in whole or in part to the extent GEA Mechanical has failed to or in the future fails to cooperate with Federal pursuant to and consistent with the alleged Federal policies.

## FIFTH AFFIRMATIVE DEFENSE

The burden is on GEA Mechanical to establish that all applicable underlying coverage is properly exhausted and Federal can have no obligation under any policy until GEA Mechanical has met that burden.

## SIXTH AFFIRMATIVE DEFENSE

The alleged Federal policies do not provide coverage for any entity or person not specifically named as an insured under such policies.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged Federal policies would not cover the Underlying Action or any Future Underlying Actions insofar as the alleged bodily injuries do not arise out of an "occurrence" or "accident" within the meaning of the alleged Federal policies.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged Federal policies would not cover the Underlying Action and or any Future Underlying Actions insofar as the underlying claimants are not seeking damages on account of "bodily injury" or "personal injury" within the meaning of the alleged Federal policies.

## NINTH AFFIRMATIVE DEFENSE

To the extent any injury or damage asserted in the Underlying Action or in any Future Underlying Actions did not take place during the effective period of the alleged Federal policies, coverage is barred because the alleged policies provide coverage only for liability arising from injury or damage which took place during each alleged policy's period.

## TENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is barred to the extent the Underlying Action or any Future Underlying Actions arose from risks or losses known to GEA Mechanical or losses in progress prior to the inception date of the alleged policies.

## ELEVENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent the Underlying Action or any Future Underlying Actions arose out of liability assumed by GEA Mechanical under a contract.

## TWELFTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent GEA Mechanical has failed to comply with all conditions precedent to coverage under the alleged policies, including but not limited to the requirement that Federal be given timely and adequate written notice of alleged claims and occurrences.

## THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent GEA Mechanical has voluntarily made any payments, assumed any obligations, or incurred any expenses relating to the Underlying Action or any Future Underlying Actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent GEA Mechanical has failed to mitigate or avoid any of the losses allegedly sustained in connection with the Underlying Action or any Future Underlying Actions, Federal would not be obligated to indemnify GEA Mechanical for such losses.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Underlying Action or any Future Underlying Actions arose from injury or damage caused by GEA Mechanical's wrongful, intentional or illegal conduct or resulted from GEA Mechanical's violation of any statute (penal or otherwise), regulation, ordinance or public policy, by or with GEA Mechanical's knowledge or consent, coverage would be barred under the alleged Federal policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent GEA Mechanical failed to disclose or misrepresented or concealed facts that were material to the risks purportedly undertaken by Federal for the purposes of inducing the issuance or renewal of the alleged Federal policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage is barred if GEA Mechanical failed to disclose or misrepresented or concealed facts, or destroyed information respecting the Underlying Action or any Future Underlying Actions for the purposes of inducing or expanding the extent of coverage by Federal.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any coverage which might be deemed to exist under the alleged Federal policies would, in any event, be subject to an allocation consistent with the terms of the alleged policies and applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

Federal may have no obligation under the alleged Federal policies to the extent GEA Mechanical has impaired any right to subrogation, indemnification or contribution.

## TWENTIETH AFFIRMATIVE DEFENSE

Any alleged obligation to make a payment related to the Underlying Action or any Future Underlying Actions would be limited, in any event, to instances where the payment was (1) reasonable and necessary, (2) agreed to in advance by Federal, and (3) not related to internal costs involving salaried employees, office expenses and attorneys on general retainer.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage under any alleged Federal policies may be barred in whole or in part insofar as any alleged Federal policies have asbestos exclusions.

## TWENTY-SECOND AFFIRMATIVE DFENSE

The alleged Federal policies do not cover any amounts awarded against GEA Mechanical for punitive or exemplary damages.

WHEREFORE, Federal respectfully requests that the Court enter judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## DESIGNATION OF TRIAL COUNSEL

Lawrence A. Nathanson is designated as trial counsel in accordance with R. 4:25-4.

## RULE 4:5-1 CERTIFICATION

The undersigned certifies that the matter in controversy is not the subject of any other action in any court or arbitration proceeding, pending or contemplated.  Federal is not aware of any other non-parties who should be joined in this action at this time.

## RULE 1:38-7(c) CERTIFICATION

The undersigned certifies that confidential identifiers have been redacted from documents submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated:  September 11, 2019                    **COHN BAUGHMAN & SERLIN**

By:  */s/Lawrence A. Nathanson*
     Lawrence A. Nathanson
     533 Fellowship Road, Suite 120
     Mt. Laurel, New Jersey 08054
     (856) 380-8910
     *Attorneys for Defendant Federal*
     *Insurance Company*

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005721-19

**Case Caption:** GEA MECHANICAL EQUIP MENT US  VS
FEDERAL INSURANC

**Case Initiation Date:** 08/06/2019

**Attorney Name:** LAWRENCE ALLAN NATHANSON

**Firm Name:** CHUBB

**Address:** 436 WALNUT ST
PHILADELPHIA PA 19106

**Phone:** 2156401000

**Name of Party:** DEFENDANT : FEDERAL INSURANCE
COMPANY

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING
DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Answer

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO      **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/11/2019
Dated

/s/ LAWRENCE ALLAN NATHANSON
Signed

# EXHIBIT E

Lawrence A. Nathanson
(Attorney ID #047661995)
COHN BAUGHMAN & SERLIN
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054
(856) 380-8900 (Tel.)
(856) 380-8901 (Fax)
lawrence.nathanson@mclolaw.com

Attorneys for Defendant Federal Insurance Company

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | Docket No.:  BER-L-005721-19 |
| v. | |
| FEDERAL INSURANCE COMPANY, *et al.*, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL INSURANCE COMPANY TO FIRST AMENDED COMPLAINT** |
| Defendants. | |

Defendant Federal Insurance Company, by its attorneys, for its answer and affirmative

defenses to plaintiff GEA Mechanical's First Amended Complaint, says:

## NATURE OF THE ACTION

1.      Federal neither admits nor denies the allegations of paragraph 1 of the First

Amended Complaint because they are merely descriptive of the nature of this action and, thus,

do not require a response.

2.      Federal denies it issued "standard form comprehensive general liability insurance

policies."  Federal neither admits nor denies the remaining allegations of paragraph 2 of the First

Amended Complaint because they are merely descriptive of the relief GEA Mechanical is

seeking and, thus, do not require a response.

## THE PARTIES

3.      Federal is without knowledge or information sufficient to form a belief as to the

1

truth of the allegations of paragraph 3 of the First Amended Complaint.

4.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the First Amended Complaint.

5.      Federal admits the allegations of paragraph 5 of the First Amended Complaint.

6.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the First Amended Complaint.

7.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the First Amended Complaint.

8.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the First Amended Complaint.

9.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the First Amended Complaint.

10.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the First Amended Complaint.

11.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the First Amended Complaint.

## **JURISDICTION AND VENUE**

12.     Insofar as the allegations of paragraph 12 of the First Amended Complaint pertain to Federal, Federal admits only it is licensed or authorized to do business in the State of New Jersey.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

13.     Insofar as the allegations of paragraph 13 of the First Amended Complaint pertain to Federal, Federal admits only it conducts business in Bergen County, New Jersey.  Federal is without knowledge of information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to GEA Mechanical and the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

## THE INSURANCE POLICIES

14.     Insofar as the allegations of paragraph 14 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they merely state a reservation to which no response is required.

15.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the First Amended Complaint.

16.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the First Amended Complaint.

17.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the First Amended Complaint.

18.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the First Amended Complaint.

19.     Insofar as the allegations of paragraph 19 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

20.     Insofar as the allegations of paragraph 20 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## THE UNDERLYING ACTION

21.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the First Amended Complaint.

22.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the First Amended Complaint.

23.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the First Amended Complaint.

24.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegation that Future Underlying Actions are reasonably likely to be brought against GEA Mechanical.  Federal neither admits nor denies the remaining allegations of this paragraph because they are merely descriptive of the relief GEA Mechanical is seeking and, thus, do not require a response.

25.     Insofar as the allegations of paragraph 25 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE

26.     Federal's answers to each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

27.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the First Amended Complaint.

28.     Insofar as the allegations of paragraph 28 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

29.     Insofar as the allegations of paragraph 29 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

30.     Insofar as the allegations of paragraph 30 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they relate to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

WHEREFORE, Federal respectfully requests that the Court enter judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

31.     Federal's answers to each of the preceding paragraphs are incorporated by reference as if set forth at length.

32.     Insofar as the allegations of paragraph 32 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

33.     Insofar as the allegations of paragraph 33 of the First Complaint pertain to

Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

34.     Insofar as the allegations of paragraph 34 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

35.     Insofar as the allegations of paragraph 35 of the First Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

36.     Federal neither admits nor denies the allegations of paragraph 36 of the First Complaint because they are merely descriptive of the relief GEA Mechanical is seeking or state legal conclusions to which no response is required.

WHEREFORE, Federal respectfully requests that the Court enter a judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim or a justiciable controversy against Federal upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint may be subject to dismissal for failure to join all necessary or indispensable parties in this action.

## THIRD AFFIRMATIVE DEFENSE

In the event GEA Mechanical did not fulfill the requirement that it consult with and obtain the prior consent of Federal before entering into any agreements or assuming any

obligations with respect to any claim for reimbursement or indemnity, Federal is entitled to a declaration it has no obligation under the alleged Federal policies as to any such agreements or obligations.

### FOURTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is barred or limited in whole or in part to the extent GEA Mechanical has failed to or in the future fails to cooperate with Federal pursuant to and consistent with the alleged Federal policies.

### FIFTH AFFIRMATIVE DEFENSE

The burden is on GEA Mechanical to establish that all applicable underlying coverage is properly exhausted and Federal can have no obligation under any policy until GEA Mechanical has met that burden.

### SIXTH AFFIRMATIVE DEFENSE

The alleged Federal policies do not provide coverage for any entity or person not specifically named as an insured under such policies.

### SEVENTH AFFIRMATIVE DEFENSE

The alleged Federal policies would not cover the Underlying Action or any Future Underlying Actions insofar as the alleged bodily injuries do not arise out of an "occurrence" or "accident" within the meaning of the alleged Federal policies.

### EIGHTH AFFIRMATIVE DEFENSE

The alleged Federal policies would not cover the Underlying Action or any Future Underlying Actions insofar as the underlying claimants are not seeking damages on account of "bodily injury" or "personal injury" within the meaning of the alleged Federal policies.

### NINTH AFFIRMATIVE DEFENSE

To the extent any injury or damage asserted in the Underlying Action or in any Future Underlying Actions did not take place during the effective period of the alleged Federal policies, coverage is barred because the alleged policies provide coverage only for liability arising from injury or damage which took place during each alleged policy's period.

## TENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is barred to the extent the Underlying Action or any Future Underlying Actions arose from risks or losses known to GEA Mechanical or losses in progress prior to the inception date of the alleged policies.

## ELEVENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent the Underlying Action or any Future Underlying Actions arose out of liability assumed by GEA Mechanical under a contract.

## TWELFTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent GEA Mechanical has failed to comply with all conditions precedent to coverage under the alleged policies, including but not limited to the requirement that Federal be given timely and adequate written notice of alleged claims and occurrences.

## THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent GEA Mechanical has voluntarily made any payments, assumed any obligations, or incurred any expenses relating to the Underlying Action or any Future Underlying Actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent GEA Mechanical has failed to mitigate or avoid any of the losses allegedly

sustained in connection with the Underlying Action or any Future Underlying Actions, Federal would not be obligated to indemnify GEA Mechanical for such losses.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Underlying Action or any Future Underlying Actions arose from injury or damage caused by GEA Mechanical's wrongful, intentional or illegal conduct or resulted from GEA Mechanical's violation of any statute (penal or otherwise), regulation, ordinance or public policy, by or with GEA Mechanical's knowledge or consent, coverage would be barred under the alleged Federal policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent GEA Mechanical failed to disclose or misrepresented or concealed facts that were material to the risks purportedly undertaken by Federal for the purposes of inducing the issuance or renewal of the alleged Federal policies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage is barred if GEA Mechanical failed to disclose or misrepresented or concealed facts, or destroyed information respecting the Underlying Action or any Future Underlying Actions for the purposes of inducing or expanding the extent of coverage by Federal.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any coverage which might be deemed to exist under the alleged Federal policies would, in any event, be subject to an allocation consistent with the terms of the alleged policies and applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

Federal may have no obligation under the alleged Federal policies to the extent GEA Mechanical has impaired any right to subrogation, indemnification or contribution.

## TWENTIETH AFFIRMATIVE DEFENSE

Any alleged obligation to make a payment related to the Underlying Action or any Future Underlying Actions would be limited, in any event, to instances where the payment was (1) reasonable and necessary, (2) agreed to in advance by Federal, and (3) not related to internal costs involving salaried employees, office expenses and attorneys on general retainer.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage under any alleged Federal policies may be barred in whole or in part insofar as any alleged Federal policies have asbestos exclusions.

## TWENTY-SECOND AFFIRMATIVE DFENSE

The alleged Federal policies do not cover any amounts awarded against GEA Mechanical for punitive or exemplary damages.

WHEREFORE, Federal respectfully requests that the Court enter judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## DESIGNATION OF TRIAL COUNSEL

Lawrence A. Nathanson is designated as trial counsel in accordance with R. 4:25-4.

## RULE 4:5-1 CERTIFICATION

The undersigned certifies that the matter in controversy is not the subject of any other action in any court or arbitration proceeding, pending or contemplated.  Federal is not aware of any other non-parties who should be joined in this action at this time.

## RULE 1:38-7(c) CERTIFICATION

The undersigned certifies that confidential identifiers have been redacted from documents submitted to the Court, and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).

Dated:  October 15, 2019                    **COHN BAUGHMAN & SERLIN**

                                 By:  _/s/Lawrence A. Nathanson_
                                       Lawrence A. Nathanson
                                       533 Fellowship Road, Suite 120
                                       Mt. Laurel, New Jersey 08054
                                       (856) 380-8910
                                       *Attorneys for Defendant Federal*
                                       *Insurance Company*

# EXHIBIT F

Lawrence A. Nathanson
(Attorney ID #047661995)
COHN BAUGHMAN & SERLIN
533 Fellowship Road, Suite 120
Mount Laurel, New Jersey 08054
(856) 380-8900 (Tel.)
(856) 380-8901 (Fax)
lawrence.nathanson@mclolaw.com

Attorneys for Defendant Federal Insurance Company

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC.,<br><br>            Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, *et al.*,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>Docket No.:  BER-L-005721-19<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL INSURANCE COMPANY TO SECOND AMENDED COMPLAINT** |

Defendant Federal Insurance Company, by its attorneys, for its answer and affirmative defenses to plaintiff GEA Mechanical's Second Amended Complaint, says:

## NATURE OF THE ACTION

1.      Federal neither admits nor denies the allegations of paragraph 1 of the Second Amended Complaint because they are merely descriptive of the nature of this action and, thus, do not require a response.

2.      Federal denies it issued "standard form comprehensive general liability insurance policies."  Federal neither admits nor denies the remaining allegations of paragraph 2 of the Second Amended Complaint because they are merely descriptive of the relief GEA Mechanical is seeking and, thus, do not require a response.

## THE PARTIES

3.      Federal is without knowledge or information sufficient to form a belief as to the

1

truth of the allegations of paragraph 3 of the Second Amended Complaint.

4.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Second Amended Complaint.

5.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Second Amended Complaint.

6.      Federal admits the allegations of paragraph 6 of the First Amended Complaint.

7.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Second Amended Complaint.

8.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Second Amended Complaint.

9.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Second Amended Complaint.

10.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Second Amended Complaint.

11.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Second Amended Complaint.

12.      Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Second Amended Complaint.

## **JURISDICTION AND VENUE**

13.      Insofar as the allegations of paragraph 13 of the Second Amended Complaint pertain to Federal, Federal admits only it is licensed or authorized to do business in the State of New Jersey.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal

neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

14.     Insofar as the allegations of paragraph 14 of the Second Amended Complaint pertain to Federal, Federal admits only it conducts business in Bergen County, New Jersey. Federal is without knowledge of information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to GEA Mechanical and the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

## THE INSURANCE POLICIES

15.     Insofar as the allegations of paragraph 15 of the Second Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they merely state a reservation to which no response is required.

16.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Second Amended Complaint.

17.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Second Amended Complaint.

18.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Second Amended Complaint.

19.     Insofar as the allegations of paragraph 19 of the Second Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

20.     Insofar as the allegations of paragraph 20 of the Second Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## THE UNDERLYING ACTION

21.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Second Amended Complaint.

22.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Second Amended Complaint.

23.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Second Amended Complaint.

24.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegation that Future Underlying Actions are reasonably likely to be brought against GEA Mechanical.  Federal neither admits nor denies the remaining allegations of this paragraph because they are merely descriptive of the relief GEA Mechanical is seeking and, thus, do not require a response.

25.     Insofar as the allegations of paragraph 25 of the Second Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to the other defendants.  Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE

26.     Federal's answers to each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

27. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Second Amended Complaint.

28. Insofar as the allegations of paragraph 28 of the Second Amended Complaint pertain to Federal, they are denied. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

29. Insofar as the allegations of paragraph 29 of the Second Amended Complaint pertain to Federal, they are denied. Federal is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

30. Insofar as the allegations of paragraph 30 of the Second Amended Complaint pertain to Federal, they are denied. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph insofar as they relate to the other defendants. Federal neither admits nor denies the remaining allegations of this paragraph because they state a legal conclusion to which no response is required.

WHEREFORE, Federal respectfully requests that the Court enter judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

31. Federal's answers to each of the preceding paragraphs are incorporated by reference as if set forth at length.

32. Insofar as the allegations of paragraph 32 of the Second Amended Complaint pertain to Federal, they are denied. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

33. Insofar as the allegations of paragraph 33 of the Second Complaint pertain to

Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

34.     Insofar as the allegations of paragraph 34 of the Second Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

35.     Insofar as the allegations of paragraph 35 of the Second Amended Complaint pertain to Federal, they are denied.  Federal is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

36.     Federal neither admits nor denies the allegations of paragraph 36 of the First Complaint because they are merely descriptive of the relief GEA Mechanical is seeking or state legal conclusions to which no response is required.

WHEREFORE, Federal respectfully requests that the Court enter a judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim or a justiciable controversy against Federal upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint may be subject to dismissal for failure to join all necessary or indispensable parties in this action.

## THIRD AFFIRMATIVE DEFENSE

In the event GEA Mechanical did not fulfill the requirement that it consult with and obtain the prior consent of Federal before entering into any agreements or assuming any

obligations with respect to any claim for reimbursement or indemnity, Federal is entitled to a declaration it has no obligation under the alleged Federal policies as to any such agreements or obligations.

**FOURTH AFFIRMATIVE DEFENSE**

Coverage under the alleged Federal policies is barred or limited in whole or in part to the extent GEA Mechanical has failed to or in the future fails to cooperate with Federal pursuant to and consistent with the alleged Federal policies.

**FIFTH AFFIRMATIVE DEFENSE**

The burden is on GEA Mechanical to establish that all applicable underlying coverage is properly exhausted and Federal can have no obligation under any policy until GEA Mechanical has met that burden.

**SIXTH AFFIRMATIVE DEFENSE**

The alleged Federal policies do not provide coverage for any entity or person not specifically named as an insured under such policies.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged Federal policies would not cover the Underlying Action or any Future Underlying Actions insofar as the alleged bodily injuries do not arise out of an "occurrence" or "accident" within the meaning of the alleged Federal policies.

**EIGHTH AFFIRMATIVE DEFENSE**

The alleged Federal policies would not cover the Underlying Action or any Future Underlying Actions insofar as the underlying claimants are not seeking damages on account of "bodily injury" or "personal injury" within the meaning of the alleged Federal policies.

**NINTH AFFIRMATIVE DEFENSE**

To the extent any injury or damage asserted in the Underlying Action or in any Future Underlying Actions did not take place during the effective period of the alleged Federal policies, coverage is barred because the alleged policies provide coverage only for liability arising from injury or damage which took place during each alleged policy's period.

### TENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is barred to the extent the Underlying Action or any Future Underlying Actions arose from risks or losses known to GEA Mechanical or losses in progress prior to the inception date of the alleged policies.

### ELEVENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent the Underlying Action or any Future Underlying Actions arose out of liability assumed by GEA Mechanical under a contract.

### TWELFTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent GEA Mechanical has failed to comply with all conditions precedent to coverage under the alleged policies, including but not limited to the requirement that Federal be given timely and adequate written notice of alleged claims and occurrences.

### THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under the alleged Federal policies is or would be excluded to the extent GEA Mechanical has voluntarily made any payments, assumed any obligations, or incurred any expenses relating to the Underlying Action or any Future Underlying Actions.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent GEA Mechanical has failed to mitigate or avoid any of the losses allegedly

sustained in connection with the Underlying Action or any Future Underlying Actions, Federal would not be obligated to indemnify GEA Mechanical for such losses.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Underlying Action or any Future Underlying Actions arose from injury or damage caused by GEA Mechanical's wrongful, intentional or illegal conduct or resulted from GEA Mechanical's violation of any statute (penal or otherwise), regulation, ordinance or public policy, by or with GEA Mechanical's knowledge or consent, coverage would be barred under the alleged Federal policies.

### SIXTEENTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent GEA Mechanical failed to disclose or misrepresented or concealed facts that were material to the risks purportedly undertaken by Federal for the purposes of inducing the issuance or renewal of the alleged Federal policies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage is barred if GEA Mechanical failed to disclose or misrepresented or concealed facts, or destroyed information respecting the Underlying Action or any Future Underlying Actions for the purposes of inducing or expanding the extent of coverage by Federal.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any coverage which might be deemed to exist under the alleged Federal policies would, in any event, be subject to an allocation consistent with the terms of the alleged policies and applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

Federal may have no obligation under the alleged Federal policies to the extent GEA Mechanical has impaired any right to subrogation, indemnification or contribution.

## TWENTIETH AFFIRMATIVE DEFENSE

Any alleged obligation to make a payment related to the Underlying Action or any Future Underlying Actions would be limited, in any event, to instances where the payment was (1) reasonable and necessary, (2) agreed to in advance by Federal, and (3) not related to internal costs involving salaried employees, office expenses and attorneys on general retainer.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage under any alleged Federal policies may be barred in whole or in part insofar as any alleged Federal policies have asbestos exclusions.

## TWENTY-SECOND AFFIRMATIVE DFENSE

The alleged Federal policies do not cover any amounts awarded against GEA Mechanical for punitive or exemplary damages.

WHEREFORE, Federal respectfully requests that the Court enter judgment in its favor against GEA Mechanical and award Federal its costs and attorneys' fees incurred in defending this action, plus interest.

## DESIGNATION OF TRIAL COUNSEL

Lawrence A. Nathanson is designated as trial counsel in accordance with R. 4:25-4.

## RULE 4:5-1 CERTIFICATION

The undersigned certifies that the matter in controversy is not the subject of any other action in any court or arbitration proceeding, pending or contemplated.  Federal is not aware of any other non-parties who should be joined in this action at this time.

## RULE 1:38-7(c) CERTIFICATION

The undersigned certifies that confidential identifiers have been redacted from documents submitted to the Court, and will be redacted from all documents submitted in the future in

accordance with Rule 1:38-7(b).

## <u>ANSWER TO ALL CROSS-CLAIMS</u>

Federal denies all allegations contained in any cross-claims presently or hereinafter filed, and specifically incorporates each of the Affirmative Defenses asserted herein in response to any such cross-claims, as well as the additional Affirmative Defenses that any cross-claims against Federal for contribution or indemnification would be barred under New Jersey law.

Dated:  January 28, 2020            **COHN BAUGHMAN & SERLIN**

                                    By: <u>/s/Lawrence A. Nathanson</u>
                                      Lawrence A. Nathanson
                                      533 Fellowship Road, Suite 120
                                      Mt. Laurel, New Jersey 08054
                                      (856) 380-8910
                                      *Attorneys for Defendant Federal*
                                      *Insurance Company*

# EXHIBIT G

Stephen V. Gimigliano (034091983)
John Maloney (013882001)
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
Attorneys for Defendants
Hartford Accident and Indemnity Company
and First State Insurance Company

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY), WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY) and XYZ INSURANCE COMPANIES, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: BER-L-5721-19 <br><br> Civil Action <br><br><br> ANSWER AND SEPARATE DEFENSES TO FIRST AMENDED COMPLAINT |

Defendants Hartford Accident and Indemnity Company ("Hartford A&I") and

First State Insurance Company ("First State" and together with Hartford A&I, "Hartford") by

way of Answer to the First Amended Complaint of plaintiff GEA Mechanical Equipment US,

Inc. ("Plaintiff"), hereby state as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 of the First Amended Complaint contains statements to which no response is required.  To the extent a response is required, Hartford admits that Plaintiff purports to bring an action against Hartford and others seeking the relief set forth in Paragraph 1 of the First Amended Complaint.

2.      Paragraph 2 of the First Amended Complaint contains statements to which no response is required.  To the extent a response is required, Hartford admits that Plaintiff purports to bring an action against Hartford and others seeking the relief set forth in Paragraph 2 of the First Amended Complaint, but denies that Plaintiff is entitled to such relief and that Hartford issued "standard form" insurance policies.

## THE PARTIES

3.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 3 of the First Amended Complaint.

4.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 4 of the First Amended Complaint.

5.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 5 of the First Amended Complaint.

6.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 6 of the First Amended Complaint.

7.      Hartford denies the allegations in Paragraph 7 of the First Amended Complaint, except it admits that First State is incorporated in the State of Connecticut and authorized to transact business in New Jersey.

8.      Hartford denies the allegations in Paragraph 8 of the First Amended Complaint, except it admits that Hartford A&I is incorporated in the State of Connecticut and authorized to transact business in New Jersey.

9.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 9 of the First Amended Complaint.

10.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 10 of the First Amended Complaint.

11.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 11 of the First Amended Complaint.

<u>JURISDICTION AND VENUE</u>

12.     Paragraph 12 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 12 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 12 of the First Amended Complaint, except it admits that it is authorized to transact business in New Jersey and that it has transacted business in New Jersey. Insofar as the allegations in Paragraph 12 of the First Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12 of the First Amended Complaint.

13.     Paragraph 13 of the First Amended Complaint contains legal conclusions to which no response is required.

<u>THE INSURANCE POLICIES</u>

14.     Insofar as the allegations in Paragraph 14 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations as characterized by Plaintiff in Paragraph

14 of the First Amended Complaint, except it admits that Hartford issued certain policies of insurance identified in Exhibit A to the First Amended Complaint.  Insofar as the allegations in Paragraph 14 of the First Amended Complaint are directed to defendants other than Hartford, Hartford does not have sufficient knowledge or information to form a belief regarding the truth of those allegations.

15.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 15 of the First Amended Complaint.

16.     Hartford denies the allegations as characterized by Plaintiff in Paragraph 16 of the First Amended Complaint, except it admits that First State issued certain policies of insurance to Centrico in addition to those identified in Exhibit A to the First Amended Complaint.

17.     Insofar as the allegations in Paragraph 17 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 17 of the First Amended Complaint except that it admits that Centrico is a named insured on certain insurance policies issued by Hartford.  Insofar as the allegations in Paragraph 17 of the First Amended Complaint are directed to defendants other than Hartford, Hartford does not have sufficient knowledge or information to form a belief regarding the truth of those allegations in Paragraph 17 of the First Amended Complaint.

18.     Insofar as the allegations in Paragraph 18 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 18 of the First Amended Complaint.  Insofar as the allegations in Paragraph 18 of the First Amended Complaint are directed to defendants other than Hartford, Hartford does not have sufficient knowledge or information to form a belief regarding the truth of those allegations in Paragraph 18 of the First Amended Complaint.

19.     Paragraph 19 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 19 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 19 of the First Amended Complaint.  Insofar as the allegations in Paragraph 19 of the First Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 19 of the First Amended Complaint.

20.     Paragraph 20 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 20 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 20 of the First Amended Complaint.  Insofar as the allegations in Paragraph 20 of the First Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 20 of the First Amended Complaint.

<u>THE UNDERLYING ACTION</u>

21.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 21 of the First Amended Complaint.

22.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 22 of the First Amended Complaint. Hartford refers to the complaint in the Underlying Action for its precise allegations and demands.

23.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 23 of the First Amended Complaint. Hartford refers to the judgment entered in the Underlying Action for its precise terms.

24.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 24 of the First Amended Complaint.

25.     Paragraph 25 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 25 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 25 of the First Amended Complaint.  Insofar as the allegations in Paragraph 25 of the First Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25 of the First Amended Complaint.

<u>FIRST CAUSE OF ACTION</u>
<u>DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE</u>

26.     Hartford repeats and realleges each and every response to the allegations of paragraphs 1 through 25 of the First Amended Complaint as if set forth at length herein.

27.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 27 of the First Amended Complaint.

28.     Paragraph 28 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 28 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 28 of the First Amended Complaint.  Insofar as the allegations in Paragraph 28 of the First Amended Complaint are directed to defendants other than

Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 28 of the First Amended Complaint.

29.     Paragraph 29 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 29 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 29 of the First Amended Complaint.  Insofar as the allegations in Paragraph 29 of the First Amended Complaint are directed to defendants other than Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 29 of the First Amended Complaint.

30.     Paragraph 30 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 30 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 30 of the First Amended Complaint.  Insofar as the allegations in Paragraph 30 of the First Amended Complaint are directed to defendants other than Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 30 of the First Amended Complaint.

SECOND CAUSE OF ACTION
DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

31.     Hartford repeats and realleges each and every response to the allegations of paragraphs 1 through 30 of the First Amended Complaint as if set forth at length herein.

32.     Paragraph 32 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 32 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 32 of the First Amended Complaint.  Insofar as the

allegations in Paragraph 32 of the First Amended Complaint are directed to defendants other than Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 32 of the First Amended Complaint.

33.     Paragraph 33 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 33 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 33 of the First Amended Complaint.  Insofar as the allegations in Paragraph 33 of the First Amended Complaint are directed to defendants other than Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 33 of the First Amended Complaint.

34.     Paragraph 34 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 34 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 34 of the First Amended Complaint.  Insofar as the allegations in Paragraph 34 of the First Amended Complaint are directed to defendants other than Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 34 of the First Amended Complaint.

35.     Paragraph 35 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 35 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 35 of the First Amended Complaint.  Insofar as the allegations in Paragraph 35 of the First Amended Complaint are directed to defendants other than

Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 35 of the First Amended Complaint.

36.     Paragraph 36 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 36 of the First Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 36 of the First Amended Complaint.  Insofar as the allegations in Paragraph 36 of the First Amended Complaint are directed to defendants other than Hartford,  Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 36 of the First Amended Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE
(Failure to State a Claim)

The First Amended Complaint fails to state a claim upon which relief can be granted as alleged against Hartford.

### SECOND SEPARATE DEFENSE
(Statute of Limitations)

The claims asserted in the First Amended Complaint may be barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE
(Laches and Waiver)

The claims asserted in the First Amended Complaint may be barred by the equitable doctrines of laches and waiver.

## FOURTH SEPARATE DEFENSE
(Equitable Estoppel)

The claims asserted in the First Amended Complaint may be barred by the

doctrine of equitable estoppel.

## FIFTH SEPARATE DEFENSE
(Missing or Alleged Policies)

To the extent the First Amended Complaint seeks indemnification or a defense

under policies allegedly issued by Hartford that cannot be located and Plaintiff cannot

demonstrate the existence, terms and conditions of such policies, the claims asserted in the First

Amended Complaint against Hartford are barred.

## SIXTH SEPARATE DEFENSE
(Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the First Amended Complaint may be barred, in whole or

in part, by the terms, exclusions, conditions, and limitations contained in the Hartford policies.

## SEVENTH SEPARATE DEFENSE
(Entire Controversy Doctrine)

Plaintiff's claims as against Hartford are or may be barred, in whole or in part, by

the entire controversy doctrine.

## EIGHTH SEPARATE DEFENSE
(Failure to Perform Conditions Precedent)

To the extent that Plaintiff and/or the named insured(s) have failed to perform all

of their obligations under the Hartford policies, the claims asserted in the First Amended

Complaint against Hartford are barred, in whole or in part.

## NINTH SEPARATE DEFENSE
### (Failure to Disclose Material Facts)

To the extent the named insured negligently or intentionally failed to disclose or misrepresented facts that were material to any risks allegedly undertaken by Hartford, and Hartford relied on such nondisclosure or misrepresentations in issuing, renewing and/or continuing in force the Hartford policies and would not have issued, renewed or continued in force such policies but for the acts or omissions of the insured, Plaintiff's claims asserted in the First Amended Complaint as against Hartford are barred and the Hartford policies are void *ab initio*.

## TENTH SEPARATE DEFENSE
### (Failure to Give Timely Notice)

To the extent that the insured(s) had notice of the conditions, events, lawsuits or damages referred to in the First Amended Complaint and failed to give timely notice to Hartford these failures have prejudiced Hartford and caused it irreparable harm, and the claims asserted in the First Amended Complaint against Hartford are barred.

## ELEVENTH SEPARATE DEFENSE
### (Failure to Mitigate Damages)

To the extent that Plaintiff and/or an insured have failed to mitigate, minimize or avoid any damages referred to in the First Amended Complaint, any liability for such damage is not covered under the Hartford policies; therefore, any recovery against Hartford must be reduced by that amount.

## TWELFTH SEPARATE DEFENSE
### (Punitive Damages)

To the extent the First Amended Complaint seeks indemnification or a defense in connection with claims for punitive damages, such claims are barred, in whole or in part.

## THIRTEENTH SEPARATE DEFENSE
(Rights Impaired, Compromised or Prejudiced)

To the extent that any right of subrogation, indemnification or contribution

Hartford has or may have had has been impaired, compromised or prejudiced, the claims asserted

in the First Amended Complaint are barred as to Hartford.

## FOURTEENTH SEPARATE DEFENSE
(Intentional Conduct)

To the extent the alleged losses of Plaintiff, as asserted in the First Amended

Complaint, arise, in whole or in part, out of intentional conduct, the claims asserted in the First

Amended Complaint are barred, in whole or in part.

## FIFTEENTH SEPARATE DEFENSE
(Fines and Penalties)

To the extent the claims asserted in the First Amended Complaint involve liability

for statutory, civil or criminal fines and penalties, such liability is not covered under the Hartford

policies.

## SIXTEENTH SEPARATE DEFENSE
(Costs, Expenses and Attorneys' Fees)

Plaintiff is not entitled to recover from Hartford its costs, expenses and attorneys'

fees in this action.

## SEVENTEENTH SEPARATE DEFENSE
(Pre-Tender Defense Costs and Voluntary Payments)

To the extent Plaintiff and/or any insured has voluntarily paid or assumed the

obligation to pay, or has incurred any obligations, costs or expenses in connection with any

underlying claims without Hartford's consent or approval, including but not limited to defense

costs incurred prior to tender to Hartford, the Hartford policies do not provide coverage for such

obligations, costs or expenses.

<u>EIGHTEENTH SEPARATE DEFENSE</u>
(Failure to Prevent Injury or Damage)

Plaintiff's claims are barred, in whole or in part, to the extent that the insured(s) failed to take, at their own expense, all reasonable steps to prevent other bodily injury, personal injury or property damage within the meaning of the Hartford policies arising out of the same or similar conditions.

<u>NINETEENTH SEPARATE DEFENSE</u>
(Claims Not Ripe)

The claims in the First Amended Complaint are not appropriate or ripe for an award of money damages as against Hartford.

<u>TWENTIETH SEPARATE DEFENSE</u>
(No Bodily Injury, Property Damage or Personal Injury)

The claims are barred, in whole and in part, to the extent the alleged damages do not constitute bodily injury, property damage or personal injury within the meaning of the Hartford policies.

<u>TWENTY-FIRST SEPARATE DEFENSE</u>
(Equitable Relief)

The Hartford policies afford coverage only for sums for which the insured shall become legally obligated to pay as damages, if any.  To the extent the claims or events from which the allegations in the First Amended Complaint arise seek equitable relief as opposed to legal damages, Plaintiff's purported causes of action are barred.

<u>TWENTY-SECOND SEPARATE DEFENSE</u>
(Named Insured)

The Hartford policies provide coverage only for liabilities arising out of acts or omissions of the named insured or of the insured as defined in the Hartford policies.  To the extent that Plaintiff asserts claims for recovery for losses sustained by or attributable to

13

individuals or organizations that do not qualify as a named insured or insured under the terms of the Hartford policies, those claims are barred, in whole or in part.

## TWENTY-THIRD SEPARATE DEFENSE
### (Failure to Maintain Insurance)

To the extent that Plaintiff failed to maintain primary, underlying and/or other insurance in full force and effect, Plaintiff's claims are barred, in whole or in part.  Plaintiff is required to fill gaps in coverage resulting from their failure to maintain such insurance.

## TWENTY-FOURTH SEPARATE DEFENSE
### (Insured's Obligations)

To the extent that the Hartford policies contain or are subject to any deductibles, self-insured retentions, retained limits, retrospective premiums and/or applicable underlying limits of liability, Hartford has no obligations under the Hartford policies unless and until any and all such obligations have been satisfied and/or limits have been fully and properly exhausted.

## TWENTY-FIFTH SEPARATE DEFENSE
### (Other Insurance)

The Hartford policies exclude or reduce coverage to the extent that any other valid and collectible insurance, whether on a primary, excess or contingent basis or otherwise, is available to the insured.  The amount of coverage, if any, provided by the Hartford policies, is reduced in whole or in part, to the extent other valid insurance is available to Plaintiff.

## TWENTY-SIXTH SEPARATE DEFENSE
### (No Occurrence)

Plaintiff's claims are barred, in whole and in part, because the events giving rise to the injury alleged therein do not constitute an "occurrence" within the meaning of the Hartford policies.

<u>TWENTY-SEVENTH SEPARATE DEFENSE</u>
(Damage During Policy Period)

The Hartford policies provide coverage only for damage or injury that occurs during each policy's respective policy period.  Plaintiff's claims are barred, in whole or in part, to the extent that any of the damage or injury referred to occurred prior to the commencement or after the expiration of the periods during which the Hartford policies were in effect.

<u>TWENTY-EIGHTH SEPARATE DEFENSE</u>
(Failure to Cooperate)

To the extent Plaintiff has failed to cooperate with Hartford in accordance with the terms of the Hartford policies, Hartford has no obligation under the Hartford policies to defend or indemnify Plaintiff.

<u>TWENTY-NINTH SEPARATE DEFENSE</u>
(Asbestos Exclusion)

Hartford has no obligation under the Hartford policies to defend or indemnify Plaintiff for any of the claims referred to in the First Amended Complaint to the extent the claims are excluded from coverage by any applicable asbestos exclusions in the Hartford policies.

<u>THIRTIETH SEPARATE DEFENSE</u>
(Non-Exhaustion of Underlying Insurance)

Hartford has no obligations under the alleged Hartford policies unless and until any and all deductibles, self-insured retentions, retained limits and/or applicable underlying limits of liability have been fully and properly exhausted.

<u>THIRTY-FIRST SEPARATE DEFENSE</u>
(Loss Assumed by Contract or Agreement)

The claims in the First Amended Complaint are barred, in whole or in part, to the extent that some or all of the alleged liabilities for which Plaintiff asserts recovery have been assumed pursuant to contract or agreement.

## THIRTY-SECOND SEPARATE DEFENSE
### (Allocation)

In the event that Hartford is found to be in any way liable in this matter, any coverage must be appropriately allocated among all insurers as well as to uninsured, self-insured and/or other-insured periods.

## THIRTY-THIRD SEPARATE DEFENSE
### (Single Occurrence)

The Hartford policies provide that, for the purpose of determining the limit of Hartford's liability, if any, all bodily injury arising out of continuous and repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence. Accordingly, Hartford's obligations under the Hartford policies, if any, are limited to that extent.

## THIRTY-FOURTH SEPARATE DEFENSE
### (Unreasonable Amounts Paid)

To the extent that any amounts paid or to be paid to claimants are unreasonable, imprudent, excessive, or unjustified, those amounts are not covered under the Hartford policies.

## THIRTY-FIFTH SEPARATE DEFENSE
### (Unreasonable Defense Costs)

To the extent that any amounts paid or to be paid as defense costs are not reasonable or necessary, those amounts are not covered under the Hartford policies.

## THIRTY-SIXTH SEPARATE DEFENSE
### (Failure to Particularize Claims)

The First Amended Complaint does not describe the claims made against Hartford with sufficient particularity to enable Hartford to determine all defenses it has in response. Hartford therefore reserves its right to assert all additional defenses to the First Amended Complaint that may be pertinent once.

WHEREFORE, defendants Hartford Accident and Indemnity Company and First State Insurance Company demand judgment:

(a)     dismissing the First Amended Complaint with prejudice;

(b)     determining that Hartford has no obligation or liability to Plaintiff under the Hartford policies;

(c)     to the extent that it is determined that Hartford has any obligation or liability under the Hartford policies, then determining an appropriate allocation of defense expenses and indemnity payments expended by and/or awarded against Hartford in connection with the claims against its named insured;

(d)     awarding Hartford its attorneys' fees and costs of suit; and

(e)     awarding such other relief as the Court deems just and proper.

GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
Attorneys for Defendants
Hartford Accident and Indemnity Company
and First State Insurance Company

By
JOHN MALONEY

DATED:  November 4, 2019

## CERTIFICATION

I hereby certify pursuant to R. 4:5-1 that this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding nor is any other action or arbitration proceeding contemplated. There may be additional parties, currently unknown, who should be joined in this action and defendants Hartford Accident and Indemnity Company and First State Insurance Company are diligently determining if there are additional parties who should be joined in this action. And I further certify that confidential personal identifiers have been redacted from any documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

JOHN MALONEY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a copy of the within Answer and Separate

Defenses was served by electronic filing upon all counsel of record.

JOHN MALONEY

DATED: November 4, 2019

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005721-19

**Case Caption:** GEA MECHANICAL EQUIP MENT US  VS
FEDERAL INSURANC

**Case Initiation Date:** 08/06/2019

**Attorney Name:** JOHN MALONEY

**Firm Name:** GIMIGLIANO MAURIELLO & MALONEY, P.A.

**Address:** 163 MADISON AVE, STE 500 P.O. BOX 1449
MORRISTOWN NJ 079621449

**Phone:** 9739468360

**Name of Party:** DEFENDANT : FIRST STATE INSURANCE
COMPANY

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Answer

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO      **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/04/2019</u>
Dated

<u>/s/ JOHN MALONEY</u>
Signed

# EXHIBIT H

Stephen V. Gimigliano (034091983)
John Maloney (013882001)
Christopher K. Kim (024602010)
GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
Attorneys for Defendants
Hartford Accident and Indemnity Company,
Hartford Fire Insurance Company
and First State Insurance Company

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD FIRE INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY), WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY), CONTINENTAL INSURANCE COMPANY, and XYZ INSURANCE COMPANIES,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: BER-L-5721-19<br><br>Civil Action<br><br><br><br>ANSWER AND SEPARATE DEFENSES TO SECOND AMENDED COMPLAINT |

Defendants Hartford Accident and Indemnity Company ("Hartford A&I"),

Hartford Fire Insurance Company ("Hartford Fire") and First State Insurance Company ("First

State" and together with Hartford A&I and Hartford Fire, "Hartford") by way of Answer to the

Second Amended Complaint of plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff"),

hereby state as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 of the Second Amended Complaint contains statements to which no response is required.  To the extent a response is required, Hartford admits that Plaintiff purports to bring an action against Hartford and others seeking the relief set forth in Paragraph 1 of the Second Amended Complaint.

2.      Paragraph 2 of the Second Amended Complaint contains statements to which no response is required.  To the extent a response is required, Hartford admits that Plaintiff purports to bring an action against Hartford and others seeking the relief set forth in Paragraph 2 of the Second Amended Complaint, but denies that Plaintiff is entitled to such relief and that Hartford issued "standard form" insurance policies.

## THE PARTIES

3.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 3 of the Second Amended Complaint.

4.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 4 of the Second Amended Complaint.

5.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 5 of the Second Amended Complaint.

6.      Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 6 of the Second Amended Complaint.

7.      Hartford denies the allegations in Paragraph 7 of the Second Amended Complaint, except it admits that First State is incorporated in the State of Connecticut and authorized to transact business in New Jersey.

8.      Hartford denies the allegations in Paragraph 8 of the Second Amended Complaint, except it admits that Hartford A&I is incorporated in the State of Connecticut and authorized to transact business in New Jersey.

9.      Hartford denies the allegations in Paragraph 9 of the Second Amended Complaint, except it admits that Hartford Fire is incorporated in the State of Connecticut and authorized to transact business in New Jersey.

10.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 10 of the Second Amended Complaint.

11.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 11 of the Second Amended Complaint.

12.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 12 of the Second Amended Complaint.

<u>JURISDICTION AND VENUE</u>

13.     Paragraph 13 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 13 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 13 of the Second Amended Complaint, except it admits that it is authorized to transact business in New Jersey and that it has transacted business in New Jersey.  Insofar as the allegations in Paragraph 13 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 13 of the Second Amended Complaint.

14.     Paragraph 14 of the Second Amended Complaint contains legal conclusions to which no response is required.

<u>THE INSURANCE POLICIES</u>

15.     Insofar as the allegations in Paragraph 15 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations as characterized by Plaintiff in Paragraph 15 of the Second Amended Complaint, except it admits that Hartford issued certain policies of insurance identified in Exhibit A to the Second Amended Complaint.  Insofar as the allegations in Paragraph 15 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford does not have sufficient knowledge or information to form a belief regarding the truth of those allegations.

16.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 16 of the Second Amended Complaint.

17.     Insofar as the allegations in Paragraph 17 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 17 of the Second Amended Complaint except that it admits that Centrico is a named insured on certain insurance policies issued by Hartford.  Insofar as the allegations in Paragraph 17 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford does not have sufficient knowledge or information to form a belief regarding the truth of those allegations in Paragraph 17 of the Second Amended Complaint.

18.     Insofar as the allegations in Paragraph 18 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 18 of the Second Amended Complaint.  Insofar as the allegations in Paragraph 18 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford does not have sufficient

4

knowledge or information to form a belief regarding the truth of those allegations in Paragraph

18 of the Second Amended Complaint.

19.     Paragraph 19 of the Second Amended Complaint contains legal

conclusions to which no response is required.  To the extent a response is required and insofar as

the allegations in Paragraph 19 of the Second Amended Complaint are directed to Hartford,

Hartford denies the allegations in Paragraph 19 of the Second Amended Complaint.  Insofar as

the allegations in Paragraph 19 of the Second Amended Complaint are directed to defendants

other than Hartford, Hartford lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations in Paragraph 19 of the Second Amended Complaint.

20.     Paragraph 20 of the Second Amended Complaint contains legal

conclusions to which no response is required.  To the extent a response is required and insofar as

the allegations in Paragraph 20 of the Second Amended Complaint are directed to Hartford,

Hartford denies the allegations in Paragraph 20 of the Second Amended Complaint.  Insofar as

the allegations in Paragraph 20 of the Second Amended Complaint are directed to defendants

other than Hartford, Hartford lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations in Paragraph 20 of the Second Amended Complaint.

<u>THE UNDERLYING ACTION</u>

21.     Hartford does not have sufficient knowledge or information to form a

belief regarding the truth of the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Hartford does not have sufficient knowledge or information to form a

belief regarding the truth of the allegations in Paragraph 22 of the Second Amended Complaint.

Hartford refers to the complaint in the Underlying Action for its precise allegations and

demands.

23.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 23 of the Second Amended Complaint. Hartford refers to the judgment entered in the Underlying Action for its precise terms.

24.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 24 of the Second Amended Complaint.

25.     Paragraph 25 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 25 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 25 of the Second Amended Complaint.  Insofar as the allegations in Paragraph 25 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25 of the Second Amended Complaint.

<u>FIRST CAUSE OF ACTION</u>
<u>DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE</u>

26.     Hartford repeats and realleges each and every response to the allegations of paragraphs 1 through 25 of the Second Amended Complaint as if set forth at length herein.

27.     Hartford does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 27 of the Second Amended Complaint.

28.     Paragraph 28 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required and insofar as the allegations in Paragraph 28 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 28 of the Second Amended Complaint.  Insofar as the allegations in Paragraph 28 of the Second Amended Complaint are directed to defendants

other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 28 of the Second Amended Complaint.

29. Paragraph 29 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required and insofar as the allegations in Paragraph 29 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 29 of the Second Amended Complaint. Insofar as the allegations in Paragraph 29 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 29 of the Second Amended Complaint.

30. Paragraph 30 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required and insofar as the allegations in Paragraph 30 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 30 of the Second Amended Complaint. Insofar as the allegations in Paragraph 30 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 30 of the Second Amended Complaint.

SECOND CAUSE OF ACTION
DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

31. Hartford repeats and realleges each and every response to the allegations of paragraphs 1 through 30 of the Second Amended Complaint as if set forth at length herein.

32. Paragraph 32 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required and insofar as the allegations in Paragraph 32 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 32 of the Second Amended Complaint. Insofar as

the allegations in Paragraph 32 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 32 of the Second Amended Complaint.

33.    Paragraph 33 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required and insofar as the allegations in Paragraph 33 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 33 of the Second Amended Complaint. Insofar as the allegations in Paragraph 33 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 33 of the Second Amended Complaint.

34.    Paragraph 34 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required and insofar as the allegations in Paragraph 34 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 34 of the Second Amended Complaint. Insofar as the allegations in Paragraph 34 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 34 of the Second Amended Complaint.

35.    Paragraph 35 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required and insofar as the allegations in Paragraph 35 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 35 of the Second Amended Complaint. Insofar as the allegations in Paragraph 35 of the Second Amended Complaint are directed to defendants

other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 35 of the Second Amended Complaint.

36.     Paragraph 36 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required and insofar as the allegations in Paragraph 36 of the Second Amended Complaint are directed to Hartford, Hartford denies the allegations in Paragraph 36 of the Second Amended Complaint. Insofar as the allegations in Paragraph 36 of the Second Amended Complaint are directed to defendants other than Hartford, Hartford lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 36 of the Second Amended Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE
(Failure to State a Claim)

The Second Amended Complaint fails to state a claim upon which relief can be granted as alleged against Hartford.

### SECOND SEPARATE DEFENSE
(Statute of Limitations)

The claims asserted in the Second Amended Complaint may be barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE
(Laches and Waiver)

The claims asserted in the Second Amended Complaint may be barred by the equitable doctrines of laches and waiver.

### FOURTH SEPARATE DEFENSE
(Equitable Estoppel)

The claims asserted in the Second Amended Complaint may be barred by the doctrine of equitable estoppel.

<u>FIFTH SEPARATE DEFENSE</u>
(Missing or Alleged Policies)

To the extent the Second Amended Complaint seeks indemnification or a defense under policies allegedly issued by Hartford that cannot be located and Plaintiff cannot demonstrate the existence, terms and conditions of such policies, the claims asserted in the Second Amended Complaint against Hartford are barred.

<u>SIXTH SEPARATE DEFENSE</u>
(Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the Second Amended Complaint may be barred, in whole or in part, by the terms, exclusions, conditions, and limitations contained in the Hartford policies.

<u>SEVENTH SEPARATE DEFENSE</u>
(Entire Controversy Doctrine)

Plaintiff's claims as against Hartford are or may be barred, in whole or in part, by the entire controversy doctrine.

<u>EIGHTH SEPARATE DEFENSE</u>
(Failure to Perform Conditions Precedent)

To the extent that Plaintiff and/or the named insured(s) have failed to perform all of their obligations under the Hartford policies, the claims asserted in the Second Amended Complaint against Hartford are barred, in whole or in part.

<u>NINTH SEPARATE DEFENSE</u>
(Failure to Disclose Material Facts)

To the extent the named insured negligently or intentionally failed to disclose or misrepresented facts that were material to any risks allegedly undertaken by Hartford, and Hartford relied on such nondisclosure or misrepresentations in issuing, renewing and/or continuing in force the Hartford policies and would not have issued, renewed or continued in force such policies but for the acts or omissions of the insured, Plaintiff's claims asserted in the

Second Amended Complaint as against Hartford are barred and the Hartford policies are void *ab initio*.

TENTH SEPARATE DEFENSE
(Failure to Give Timely Notice)

To the extent that the insured(s) had notice of the conditions, events, lawsuits or damages referred to in the Second Amended Complaint and failed to give timely notice to Hartford these failures have prejudiced Hartford and caused it irreparable harm, and the claims asserted in the Second Amended Complaint against Hartford are barred.

ELEVENTH SEPARATE DEFENSE
(Failure to Mitigate Damages)

To the extent that Plaintiff and/or an insured have failed to mitigate, minimize or avoid any damages referred to in the Second Amended Complaint, any liability for such damage is not covered under the Hartford policies; therefore, any recovery against Hartford must be reduced by that amount.

TWELFTH SEPARATE DEFENSE
(Punitive Damages)

To the extent the Second Amended Complaint seeks indemnification or a defense in connection with claims for punitive damages, such claims are barred, in whole or in part.

THIRTEENTH SEPARATE DEFENSE
(Rights Impaired, Compromised or Prejudiced)

To the extent that any right of subrogation, indemnification or contribution Hartford has or may have had has been impaired, compromised or prejudiced, the claims asserted in the Second Amended Complaint are barred as to Hartford.

## FOURTEENTH SEPARATE DEFENSE
(Intentional Conduct)

To the extent the alleged losses of Plaintiff, as asserted in the Second Amended

Complaint, arise, in whole or in part, out of intentional conduct, the claims asserted in the

Second Amended Complaint are barred, in whole or in part.

## FIFTEENTH SEPARATE DEFENSE
(Fines and Penalties)

To the extent the claims asserted in the Second Amended Complaint involve

liability for statutory, civil or criminal fines and penalties, such liability is not covered under the

Hartford policies.

## SIXTEENTH SEPARATE DEFENSE
(Costs, Expenses and Attorneys' Fees)

Plaintiff is not entitled to recover from Hartford its costs, expenses and attorneys'

fees in this action.

## SEVENTEENTH SEPARATE DEFENSE
(Pre-Tender Defense Costs and Voluntary Payments)

To the extent Plaintiff and/or any insured has voluntarily paid or assumed the

obligation to pay, or has incurred any obligations, costs or expenses in connection with any

underlying claims without Hartford's consent or approval, including but not limited to defense

costs incurred prior to tender to Hartford, the Hartford policies do not provide coverage for such

obligations, costs or expenses.

## EIGHTEENTH SEPARATE DEFENSE
(Failure to Prevent Injury or Damage)

Plaintiff's claims are barred, in whole or in part, to the extent that the insured(s)

failed to take, at their own expense, all reasonable steps to prevent other bodily injury, personal

injury or property damage within the meaning of the Hartford policies arising out of the same or similar conditions.

### NINETEENTH SEPARATE DEFENSE
(Claims Not Ripe)

The claims in the Second Amended Complaint are not appropriate or ripe for an award of money damages as against Hartford.

### TWENTIETH SEPARATE DEFENSE
(No Bodily Injury, Property Damage or Personal Injury)

The claims are barred, in whole and in part, to the extent the alleged damages do not constitute bodily injury, property damage or personal injury within the meaning of the Hartford policies.

### TWENTY-FIRST SEPARATE DEFENSE
(Equitable Relief)

The Hartford policies afford coverage only for sums for which the insured shall become legally obligated to pay as damages, if any.  To the extent the claims or events from which the allegations in the Second Amended Complaint arise seek equitable relief as opposed to legal damages, Plaintiff's purported causes of action are barred.

### TWENTY-SECOND SEPARATE DEFENSE
(Named Insured)

The Hartford policies provide coverage only for liabilities arising out of acts or omissions of the named insured or of the insured as defined in the Hartford policies.  To the extent that Plaintiff asserts claims for recovery for losses sustained by or attributable to individuals or organizations that do not qualify as a named insured or insured under the terms of the Hartford policies, those claims are barred, in whole or in part.

## TWENTY-THIRD SEPARATE DEFENSE
### (Failure to Maintain Insurance)

To the extent that Plaintiff failed to maintain primary, underlying and/or other insurance in full force and effect, Plaintiff's claims are barred, in whole or in part. Plaintiff is required to fill gaps in coverage resulting from their failure to maintain such insurance.

## TWENTY-FOURTH SEPARATE DEFENSE
### (Insured's Obligations)

To the extent that the Hartford policies contain or are subject to any deductibles, self-insured retentions, retained limits, retrospective premiums and/or applicable underlying limits of liability, Hartford has no obligations under the Hartford policies unless and until any and all such obligations have been satisfied and/or limits have been fully and properly exhausted.

## TWENTY-FIFTH SEPARATE DEFENSE
### (Other Insurance)

The Hartford policies exclude or reduce coverage to the extent that any other valid and collectible insurance, whether on a primary, excess or contingent basis or otherwise, is available to the insured. The amount of coverage, if any, provided by the Hartford policies, is reduced in whole or in part, to the extent other valid insurance is available to Plaintiff.

## TWENTY-SIXTH SEPARATE DEFENSE
### (No Occurrence)

Plaintiff's claims are barred, in whole and in part, because the events giving rise to the injury alleged therein do not constitute an "occurrence" within the meaning of the Hartford policies.

## TWENTY-SEVENTH SEPARATE DEFENSE
### (Damage During Policy Period)

The Hartford policies provide coverage only for damage or injury that occurs during each policy's respective policy period. Plaintiff's claims are barred, in whole or in part,

to the extent that any of the damage or injury referred to occurred prior to the commencement or after the expiration of the periods during which the Hartford policies were in effect.

**TWENTY-EIGHTH SEPARATE DEFENSE**
(Failure to Cooperate)

To the extent Plaintiff has failed to cooperate with Hartford in accordance with the terms of the Hartford policies, Hartford has no obligation under the Hartford policies to defend or indemnify Plaintiff.

**TWENTY-NINTH SEPARATE DEFENSE**
(Asbestos Exclusion)

Hartford has no obligation under the Hartford policies to defend or indemnify Plaintiff for any of the claims referred to in the Second Amended Complaint to the extent the claims are excluded from coverage by any applicable asbestos exclusions in the Hartford policies.

**THIRTIETH SEPARATE DEFENSE**
(Non-Exhaustion of Underlying Insurance)

Hartford has no obligations under the alleged Hartford policies unless and until any and all deductibles, self-insured retentions, retained limits and/or applicable underlying limits of liability have been fully and properly exhausted.

**THIRTY-FIRST SEPARATE DEFENSE**
(Loss Assumed by Contract or Agreement)

The claims in the Second Amended Complaint are barred, in whole or in part, to the extent that some or all of the alleged liabilities for which Plaintiff asserts recovery have been assumed pursuant to contract or agreement.

THIRTY-SECOND SEPARATE DEFENSE
(Allocation)

In the event that Hartford is found to be in any way liable in this matter, any

coverage must be appropriately allocated among all insurers as well as to uninsured, self-insured

and/or other-insured periods.

THIRTY-THIRD SEPARATE DEFENSE
(Single Occurrence)

The Hartford policies provide that, for the purpose of determining the limit of

Hartford's liability, if any, all bodily injury arising out of continuous and repeated exposure to

substantially the same general conditions shall be considered as arising out of one occurrence.

Accordingly, Hartford's obligations under the Hartford policies, if any, are limited to that extent.

THIRTY-FOURTH SEPARATE DEFENSE
(Unreasonable Amounts Paid)

To the extent that any amounts paid or to be paid to claimants are unreasonable,

imprudent, excessive, or unjustified, those amounts are not covered under the Hartford policies.

THIRTY-FIFTH SEPARATE DEFENSE
(Unreasonable Defense Costs)

To the extent that any amounts paid or to be paid as defense costs are not

reasonable or necessary, those amounts are not covered under the Hartford policies.

THIRTY-SIXTH SEPARATE DEFENSE
(Failure to Particularize Claims)

The Second Amended Complaint does not describe the claims made against

Hartford with sufficient particularity to enable Hartford to determine all defenses it has in

response.  Hartford therefore reserves its right to assert all additional defenses to the Second

Amended Complaint that may be pertinent once.

16

WHEREFORE, defendants Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company demand judgment:

    (a)    dismissing the Second Amended Complaint with prejudice;

    (b)    determining that Hartford has no obligation or liability to Plaintiff under the Hartford policies;

    (c)    to the extent that it is determined that Hartford has any obligation or liability under the Hartford policies, then determining an appropriate allocation of defense expenses and indemnity payments expended by and/or awarded against Hartford in connection with the claims against its named insured;

    (d)    awarding Hartford its attorneys' fees and costs of suit; and

    (e)    awarding such other relief as the Court deems just and proper.

GIMIGLIANO MAURIELLO & MALONEY
A Professional Association
Attorneys for Defendants
Hartford Accident and Indemnity Company,
Hartford Fire Insurance Company
and First State Insurance Company

By: JOHN MALONEY

DATED:  February 18, 2020

CERTIFICATION

I hereby certify pursuant to R. 4:5-1 that this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding nor is any other action or arbitration proceeding contemplated.  There may be additional parties, currently unknown, who should be joined in this action and defendants Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company are diligently determining if there are additional parties who should be joined in this action.  And I further certify that confidential personal identifiers have been redacted from any documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

JOHN MALONEY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a copy of the within Answer and Separate

Defenses was served by electronic filing upon all counsel of record.

JOHN MALONEY

DATED: February 18, 2020

# EXHIBIT I

FORD MARRIN ESPOSITO WITMEYER
   & GLESER, L.L.P.
Edward Pinter (Attorney ID # 041091989)
Caroline McKenna (Attorney ID # 315722019)
Wall Street Plaza, 16th Floor
New York, NY 10280
Tel.: (212) 269-4900
*Attorneys for Defendant Wellfleet New York Insurance Company,*
*as successor to Atlanta International Insurance Company*

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC.<br><br>                              Plaintiff,<br><br>    vs.<br><br>FEDERAL INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY); WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); and XYV INSURANCE COMPANIES.<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br><br><br>Docket No.: BER-L-005721-19<br><br>Civil Action<br><br><br><br>**WELLFLEET NEW YORK INSURANCE COMPANY as successor to ATLANTA INTERNATIONAL INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIM, AND CROSSCLAIMS** |

Defendant Wellfleet New York Insurance Company (as successor to Atlanta International

Insurance Company) ("AIIC") responds as follows to the Complaint ("Complaint") of Plaintiff

GEA Mechanical Equipment US, Inc. ("Plaintiff" or "GEA"), as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 is a statement of the purported nature of this action to which no response is required.

2.      Paragraph 2 is a statement of the purported nature of this action and the type of damages sought to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 2 to the extent they are directed to AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 2.

## THE PARTIES

3.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 3.

4.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 4.

5.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 5.

6.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 6.

7.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 7.

8.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 8.

9.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 9.

10.      AIIC admits the allegations set forth in Paragraph 10.

11.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 11.

## JURISDICTION AND VENUE

12.     Paragraph 12 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 12.

13.     Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 13.

## THE INSURANCE POLICIES

14.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 14, many of which are directed at other parties, except AIIC admits only that AIIC issued policy number UMB-03620 with a policy period of 10/25/84 – 10/25/85 to Centrico, Inc. (the "AIIC Policy"). Plaintiff's reservation of rights set forth in Paragraph 14 is a legal conclusion or argument to which a response is not required.

15.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 15.

16.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 16.

17.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 17. AIIC admits only that AIIC issued policy number UMB-03620 with policy period of 10/25/84 – 10/25/85 to Centrico, Inc.

3

18.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 18.

19.      AIIC denies the allegations set forth in Paragraph 19 to the extent they relate to the AIIC Policy, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 19.

20.      The allegations set forth in Paragraph 20 are speculative and/or legal conclusions and/or interpretations of contracts that speak for themselves, to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 20 to the extent they are directed to AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 20.

## THE UNDERLYING ACTION

21.      AIIC admits the allegations set forth in Paragraph 21.

22.      AIIC states that the allegations of the complaint in the Underlying Action and/or assertions set forth in other filings made therein speak for themselves, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 22.

23.      AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 23.

24.      The allegations set forth in Paragraph 24 are speculative and/or are legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations set forth in Paragraph 24 relate to the AIIC policy, AIIC admits that there may be future claims because of the verdict in the Underlying Action, denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and

may never be) filed, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 24.

25.     The allegations set forth in Paragraph 25 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 25 to the extent they relate to the AIIC Policy, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 25.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE

26.     AIIC incorporates the averments of each of the preceding paragraphs herein as if set forth at length.

27.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 27.

28.     The allegations set forth in Paragraph 28 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 28 to the extent they allege that AIIC has "failed to honor" its obligations. AIIC further denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed, and denies that there are presently disputes regarding claims that have not yet been (and may never be) filed. AIIC otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 28.

29.     The allegations set forth in Paragraph 29 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC

denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 29.

29. The allegations set forth in Paragraph 30 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies that Plaintiff is entitled to any determination, declaration, or damages award as against AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 30.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY**

31. AIIC incorporates the averments of each of the preceding paragraphs herein as if set forth at length.

32. The allegations set forth in Paragraph 32 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 32 to the extent they relate to the AIIC Policy, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 32.

33. The allegations set forth in Paragraph 33 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 33 to the extent they allege that AIIC has "failed to honor" its obligations. AIIC further denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed, and denies that there are presently disputes regarding claims that have not yet been (and may never be) filed. AIIC otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 33.

34.     The allegations set forth in Paragraph 34 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 34.

35.     The allegations set forth in Paragraph 35 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies that Plaintiff is entitled to any determination, declaration or damages award as against AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 35.

36.     The allegations set forth in Paragraph 36 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies that Plaintiff is entitled to any determination, declaration or damages award as against AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 36.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent it has failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, estoppel, laches and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The rights and obligations of AIIC are defined and governed solely by the declarations, limits of liability, terms, exclusions, conditions, endorsements, and other provisions of the AIIC Policy.

## SIXTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action or any future claims because Plaintiff provided late notice of the claim and/or of the Underlying Action to AIIC, and AIIC has been substantially, irreparably, and appreciably prejudiced by such late notice.

## SEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because the claims do not allege or constitute an "occurrence" under the AIIC Policy.

## EIGHTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the alleged bodily injury did not occur during the policy period of the AIIC Policy.

## NINTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the alleged "bodily injury" was caused by a condition that existed prior to the inception of the AIIC Policy.

## TENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the alleged "bodily injury" arose out of products or completed operations that are excluded under the AIIC Policy including, but not limited to, those products or completed operations that are excluded under the "Products – Completed Operations Liability" exclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because Plaintiff did not meet the conditions precedent to coverage of the AIIC Policy.

## TWELTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because they are barred by the contractual liability exclusion set forth in the AIIC Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Underlying Action to the extent the damages sought are for punitive damages, fines, and/or penalties.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are not covered to the extent that any alleged damages are not "damages" within the meaning of the AIIC Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for any settlement agreement in the Underlying Action that is collusive and/or unreasonable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Recovery is limited or not available under the AIIC Policy to the extent that all or a portion of the sums sought are properly allocated to policies of insurance other than the AIIC Policy, or to the Plaintiff, or to both.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are barred from coverage to the extent that liability was assumed by another party and/or became the responsibility of another party via any contract or any other agreement.

## EIGHTEENTH AFFIRMATIVE DEFENSE

There is no insurance coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the Plaintiff or any insured(s) voluntarily made a payment, assumed any obligation, or incurred any expense.

## NINETEENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because Plaintiff has failed to cooperate with AIIC as required by the AIIC Policy

## TWENTIETH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy unless and until all available underlying insurance is exhausted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

All reservations of rights and disclaimers issued by AIIC were reasonable, proper, and valid.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy to the extent that the insured(s) made any misrepresentations with respect to the applications for and underwriting of the AIIC Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not describe the Underlying Action with sufficient particularity to permit AIIC to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the AIIC Policy) may exist. AIIC reserves the right to assert any and all additional defenses which may pertain to it.

## COUNTERCLAIM AGAINST PLAINTIFF

1.     Plaintiff did not provide notice of the Underlying Action to AIIC until after a verdict was already rendered in the Underlying Action.

2.     By reason of this late notice, AIIC has been substantially, irreparably, and appreciably prejudiced.

3.     Plaintiff has not complied with the conditions precedent to coverage under the AIIC Policy, and has failed to cooperate with AIIC in violation of the conditions precedent to coverage under the AIIC Policy.

4.     There is no coverage under the AIIC Policy for the claims against Plaintiff in the Underlying Action or Future Underlying Actions for the reasons set forth in the foregoing Affirmative Defenses

5.     AIIC is entitled to a declaration that it does not owe coverage for the Underlying Action. Further, AIIC denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed. However, if coverage for such Future Underlying Actions is properly at issue in this declaratory judgment action, then AIIC is entitled to a declaration that it does not owe coverage for any such Future Underlying Actions.

11

## CROSS-CLAIM AGAINST ALL DEFENDANTS

1.      If it is determined that the AIIC Policy applies to the claims alleged against GEA in the Underlying Action or any Future Underlying Actions, which is specifically denied by AIIC, AIIC asserts a cross-claim against all other Defendants in the action for contribution, indemnification, recoupment, reimbursement, allocation, or apportionment of defense or indemnity costs pursuant to the terms, conditions, exclusions, and other provisions of the AIIC Policy, any other applicable policies, and other factors that may be considered by the Court.

**Wherefore**, AIIC prays for relief as follows:

1.      Dismissing GEA's Complaint against AIIC;

2.      Denying the relief sought by GEA against AIIC in its Complaint;

3.      Declaring that AIIC does not provide coverage for the claims against Plaintiff in the Underlying Action or any Future Underlying Actions;

4.      Declaring that to the extent the AIIC Policy provides coverage for the claims against Plaintiff in the Underlying Action or any Future Underlying Actions, AIIC is entitled to contribution, indemnification, recoupment, allocation, or apportionment of defense and indemnity costs;

5.      Awarding to AIIC the attorneys' fees incurred in defending this action; and

6.      Such other relief this Court deems just and appropriate.

## DESIGNATION OF TRIAL COUNSEL

Edward M. Pinter is hereby designated as trial counsel pursuant to Rule 4:25-4.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that pursuant to Rule 4:5-1(b) that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding. I further certify that I am not aware of any other entities who may be subject to joinder pursuant to Rule 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) (3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: November 22, 2019

**FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**

By:  s/ Caroline McKenna
Edward M. Pinter
Caroline McKenna
Wall Street Plaza, 16th Floor
New York, NY 10005
Tel.: (212) 269-4900
*Attorneys for Defendant Wellfleet New York Insurance Company (as successor to Atlanta International Insurance Company)*

13

# EXHIBIT J

FORD MARRIN ESPOSITO WITMEYER
   & GLESER, L.L.P.
Edward Pinter (Attorney ID # 041091989)
Caroline McKenna (Attorney ID # 315722019)
Wall Street Plaza, 16th Floor
New York, NY 10280
Tel.: (212) 269-4900
*Attorneys for Defendant Wellfleet New York Insurance Company,*
*as successor to Atlanta International Insurance Company*

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC.<br><br>               Plaintiff,<br><br>   vs.<br><br>FEDERAL INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY); WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); and XYV INSURANCE COMPANIES.<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY<br><br><br>Docket No.: BER-L-005721-19<br><br>Civil Action<br><br><br><br>**WELLFLEET NEW YORK INSURANCE COMPANY as successor to ATLANTA INTERNATIONAL INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIM, AND CROSSCLAIMS** |

Defendant Wellfleet New York Insurance Company (as successor to Atlanta International Insurance Company) ("AIIC") responds as follows to the Second Amended Complaint ("Complaint") of Plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff" or "GEA"), as follows:

**NATURE OF THE ACTION**

1.     Paragraph 1 is a statement of the purported nature of this action to which no response is required.

2.     Paragraph 2 is a statement of the purported nature of this action and the type of damages sought to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 2 to the extent they are directed to AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 2.

**THE PARTIES**

3.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 3.

4.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 4.

5.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 5.

6.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 6.

7.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 7.

8.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 8.

9.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 9.

10.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 10.

11.     AIIC admits the allegations set forth in Paragraph 11.

12.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 12.

## JURISDICTION AND VENUE

13.     Paragraph 12 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 13.

14.     Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 14.

## THE INSURANCE POLICIES

15.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 15, many of which are directed at other parties, except AIIC admits only that AIIC issued policy number UMB-03620 with a policy period of 10/25/84 – 10/25/85 to Centrico, Inc. (the "AIIC Policy"). Plaintiff's reservation of rights set forth in Paragraph 15 is a legal conclusion or argument to which a response is not required.

16.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 16.

17.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 17. AIIC admits only that AIIC issued policy number UMB-03620 with policy period of 10/25/84 – 10/25/85 to Centrico, Inc.

18.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 18.

19.     AIIC denies the allegations set forth in Paragraph 19 to the extent they relate to the AIIC Policy, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 19.

20.     The allegations set forth in Paragraph 20 are speculative and/or legal conclusions and/or interpretations of contracts that speak for themselves, to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 20 to the extent they are directed to AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 20.

## THE UNDERLYING ACTION

21.     AIIC admits the allegations set forth in Paragraph 21.

22.     AIIC states that the allegations of the complaint in the Underlying Action and/or assertions set forth in other filings made therein speak for themselves, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 22.

23.     AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 23.

24.     The allegations set forth in Paragraph 24 are speculative and/or are legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations set forth in Paragraph 24 relate to the AIIC policy, AIIC admits that there may be future claims because of the verdict in the Underlying Action, denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and

4

may never be) filed, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 24.

25.    The allegations set forth in Paragraph 25 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 25 to the extent they relate to the AIIC Policy, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 25.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE**

26.    AIIC incorporates the averments of each of the preceding paragraphs herein as if set forth at length.

27.    AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 27.

28.    The allegations set forth in Paragraph 28 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 28 to the extent they allege that AIIC has "failed to honor" its obligations, and to the extent they allege the existence of any obligation on the part of AIIC with respect to the Underlying Action and/or Future Underlying Actions. AIIC further denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed, and denies that there are presently disputes regarding claims that have not yet been (and may never be) filed. AIIC otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 28.

29.    The allegations set forth in Paragraph 29 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC

denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 29.

30.     The allegations set forth in Paragraph 30 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies that Plaintiff is entitled to any determination, declaration, or damages award as against AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 30.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY**

31.     AIIC incorporates the averments of each of the preceding paragraphs herein as if set forth at length.

32.     The allegations set forth in Paragraph 32 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 32 to the extent they relate to the AIIC Policy, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 32.

33.     The allegations set forth in Paragraph 33 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies the allegations set forth in Paragraph 33 to the extent they allege that AIIC has "failed to honor" its obligations, and to the extent they allege the existence of any obligation on the part of AIIC with respect to the Underlying Action and/or Future Underlying Actions. AIIC further denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed, and denies that there are presently disputes regarding

claims that have not yet been (and may never be) filed. AIIC otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 33.

34.    The allegations set forth in Paragraph 34 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 34.

35.    The allegations set forth in Paragraph 35 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies that Plaintiff is entitled to any determination, declaration or damages award as against AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 35.

36.    The allegations set forth in Paragraph 36 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, AIIC denies that Plaintiff is entitled to any determination, declaration or damages award as against AIIC, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 36.

**AFFIRMATIVE DEFENSES**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Plaintiff's Complaint fails to state a claim on which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred in whole or in part to the extent it has failed to mitigate its damages.

7

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, estoppel, laches and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The rights and obligations of AIIC are defined and governed solely by the declarations, limits of liability, terms, exclusions, conditions, endorsements, and other provisions of the AIIC Policy.

### SIXTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action or any future claims because Plaintiff provided late notice of the claim and/or of the Underlying Action to AIIC, and AIIC has been substantially, irreparably, and appreciably prejudiced by such late notice.

### SEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because the claims do not allege or constitute an "occurrence" under the AIIC Policy.

### EIGHTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the alleged bodily injury did not occur during the policy period of the AIIC Policy.

## NINTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the alleged "bodily injury" was caused by a condition that existed prior to the inception of the AIIC Policy.

## TENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the alleged "bodily injury" arose out of products or completed operations that are excluded under the AIIC Policy including, but not limited to, those products or completed operations that are excluded under the "Products – Completed Operations Liability" exclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because Plaintiff did not meet the conditions precedent to coverage of the AIIC Policy.

## TWELTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because they are barred by the contractual liability exclusion set forth in the AIIC Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Underlying Action to the extent the damages sought are for punitive damages, fines, and/or penalties.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are not covered to the extent that any alleged damages are not "damages" within the meaning of the AIIC Policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for any settlement agreement in the Underlying Action that is collusive and/or unreasonable.

### SIXTEENTH AFFIRMATIVE DEFENSE

Recovery is limited or not available under the AIIC Policy to the extent that all or a portion of the sums sought are properly allocated to policies of insurance other than the AIIC Policy, or to the Plaintiff, or to both.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are barred from coverage to the extent that liability was assumed by another party and/or became the responsibility of another party via any contract or any other agreement.

### EIGHTEENTH AFFIRMATIVE DEFENSE

There is no insurance coverage under the AIIC Policy for the claims asserted in the Underlying Action to the extent the Plaintiff or any insured(s) voluntarily made a payment, assumed any obligation, or incurred any expense.

### NINETEENTH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy for the claims asserted in the Underlying Action because Plaintiff has failed to cooperate with AIIC as required by the AIIC Policy

### TWENTIETH AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy unless and until all available underlying insurance is exhausted.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All reservations of rights and disclaimers issued by AIIC were reasonable, proper, and valid.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

There is no coverage under the AIIC Policy to the extent that the insured(s) made any misrepresentations with respect to the applications for and underwriting of the AIIC Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not describe the Underlying Action with sufficient particularity to permit AIIC to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the AIIC Policy) may exist. AIIC reserves the right to assert any and all additional defenses which may pertain to it.

## COUNTERCLAIM AGAINST PLAINTIFF

1.      Plaintiff did not provide notice of the Underlying Action to AIIC until after a verdict was already rendered in the Underlying Action.

2.      By reason of this late notice, AIIC has been substantially, irreparably, and appreciably prejudiced.

3.      Plaintiff has not complied with the conditions precedent to coverage under the AIIC Policy, and has failed to cooperate with AIIC in violation of the conditions precedent to coverage under the AIIC Policy.

4.      There is no coverage under the AIIC Policy for the claims against Plaintiff in the Underlying Action or Future Underlying Actions for the reasons set forth in the foregoing Affirmative Defenses

5.      AIIC is entitled to a declaration that it does not owe coverage for the Underlying Action. Further, AIIC denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed. However, if coverage for such Future Underlying Actions is properly at issue in this declaratory judgment action, then

AIIC is entitled to a declaration that it does not owe coverage for any such Future Underlying Actions.

**Wherefore**, AIIC prays for relief as follows:

1.      Dismissing GEA's Complaint against AIIC;

2.      Denying the relief sought by GEA against AIIC in its Complaint;

3.      Declaring that AIIC does not provide coverage for the claims against Plaintiff in the Underlying Action or any Future Underlying Actions;

4.      Awarding to AIIC the attorneys' fees incurred in defending this action; and

5.      Such other relief this Court deems just and appropriate.

Dated: February 17, 2020               **FORD MARRIN ESPOSITO WITMEYER**
                                       **& GLESER, L.L.P.**


                            By:     s/ Caroline McKenna
                                    Edward M. Pinter
                                    Caroline McKenna
                                    Wall Street Plaza, 16th Floor
                                    New York, NY 10005
                                    Tel.: (212) 269-4900
                                    *Attorneys for Defendant Wellfleet New York*
                                    *Insurance Company (as successor to Atlanta*
                                    *International Insurance Company)*

## DESIGNATION OF TRIAL COUNSEL

Edward M. Pinter is hereby designated as trial counsel pursuant to Rule 4:25-4.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that pursuant to Rule 4:5-1(b) that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding. I further certify that I am not aware of any other entities who may be subject to joinder pursuant to Rule 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) (3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## DEMAND PURSUANT TO RULE 4:5-2

AIIC requests that Plaintiff, within five (5) days after service of this request, furnish AIIC with an updated written statement of the amount of damages claimed for the underlying claims referenced in the Complaint.

## DEMAND PURSUANT TO RULE 4:18-2

AIIC demands that Plaintiff produce all documents referred to in the Complaint within five (5) days of service of this written demand.

Dated: February 17, 2020

**FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**

By:     s/ *Caroline McKenna*
Edward M. Pinter
Caroline McKenna
Wall Street Plaza, 16th Floor
New York, NY 10005
Tel.: (212) 269-4900
*Attorneys for Defendant Wellfleet New York Insurance Company (as successor to Atlanta International Insurance Company)*

14

# EXHIBIT K

Daren S. McNally (Attorney ID No. 049991992)
Barbara M. Almeida (Attorney ID No. 042731999)
Meghan C. Goodwin (Attorney ID No. 018252002)
CLYDE & CO US LLP
200 Campus Drive
Suite 300
Florham Park, New Jersey 07932
(973) 210-6700
Attorneys for Defendant, Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY;<br><br>FIREMAN'S FUND INSURANCE COMPANY;<br><br>FIRST STATE INSURANCE COMPANY;<br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY;<br><br>TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY);<br><br>WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY);<br><br>and XYZ INSURANCE COMPANIES, Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO. BER-L-005721-19<br><br><br>CIVIL ACTION<br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |

Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) (hereinafter, "Travelers"), by and through its attorneys, Clyde & Co US LLP, as and for an Answer to the First Amended Complaint, Jury Demand and Designation of Trial Counsel (the "Complaint") filed by Plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff"), states as follows:

## NATURE OF THE ACTION

1-2.    The allegations in Paragraphs 1 through 2 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 through 2, except admits that Plaintiff seeks certain declaratory relief under certain insurance policies allegedly issued by Defendants.

## THE PARTIES

3-8.    The allegations in Paragraphs 3 through 8 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 3 through 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers admits that Travelers Casualty and Surety Company, formerly known as the Aetna Casualty and Surety Company, is a Connecticut corporation authorized to transact business in the State of New Jersey.

10-11.  The allegations in Paragraphs 10 through 11 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 10 through 11 of the Complaint.

## JURISDICTION AND VENUE

12.     The allegations in Paragraph 12 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 12 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint insofar as they relate to Travelers, except admits that Travelers is authorized to and does transact business in the State of New Jersey.

13.      The allegations in Paragraph 13 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

## THE INSURANCE POLICIES

14.      The allegations in Paragraph 14 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint insofar as they relate to Travelers, except admits that Travelers issued Excess Overlayer Indemnity Policy 01 XN 913 WCA; Excess Overlayer Indemnity Policy 01 XN 1132 WCA; Excess Overlayer Indemnity Policy 01 XN 1539 WCA; and Excess Overlayer Indemnity Policy 01 XN 1924  (collectively referred to as the "Travelers Policies"), which speak for themselves.

15.      The allegations in Paragraph 15 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 15 of the Complaint, except admits that Travelers issued the Travelers Policies, which speak for themselves.

16.     The allegations in Paragraph 16 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint insofar as they relate to Travelers, except admits that Travelers issued the Travelers Policies, which speak for themselves, and denies any characterization of the terms inconsistent therewith.

18-19.  The allegations in Paragraphs 18 through 19 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18 through 19 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18 through 19 of the Complaint insofar as they relate to Travelers.

20.     The allegations in Paragraph 20 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint insofar as they relate to Travelers, except denies that Travelers is required to defend, indemnify, and/or pay the costs of investigation, defense and indemnity, of the Underlying Action and the Future Underlying Actions.  Further, Travelers admits that it issued the Travelers Policies, which speak for themselves, and denies any characterization of the terms inconsistent therewith.

## THE UNDERLYING ACTION

21-23.  The allegations in Paragraphs 21 through 23 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 21 through 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, except admits that Plaintiff seeks insurance coverage from Defendants with respect to Future Underlying Actions.

25.     The allegations in Paragraph 25 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 25 of the Complaint insofar as they relate to Travelers, except denies that Travelers is required to defend, or pay the costs of investigation and/or defense, of the Underlying Action and the Future Underlying Actions, and denies that Travelers has any obligation to pay sums which Plaintiff has paid or may become legally obligated to pay of the Underlying Action and any Future Underlying Actions under the Travelers Policies.  Further, Travelers admits that it issued the Travelers Policies, which speak for themselves, and denies any characterization of the terms inconsistent therewith.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE

26.     Travelers repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27.     The allegations in Paragraph 27 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to defend Plaintiff and/or pay defense costs incurred by Plaintiff in the Underlying Action and any Future Underlying Actions under the Travelers Policies.

29.    The allegations in Paragraph 29 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint insofar as they relate to Travelers.

30.    The allegations in Paragraph 30 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to defend Plaintiff and/or pay defense costs incurred by Plaintiff in connection with the investigation and defense of the Underlying Action and any Future Underlying Actions under the Travelers Policies. Travelers further admits that Plaintiff seeks certain judicial determinations from this Court.

**WHEREFORE,** Travelers respectfully requests that this Court deny Plaintiff's requested relief, and declare Travelers rights and duties as follows:

1.    That this Court adjudge, determine and declare that Travelers is not obligated to investigate, defend or pay for the investigation and/or defense of any claims alleged in the Complaint, and that Travelers is not liable to pay or indemnify Plaintiff for any damages, costs or payments incurred or to be incurred by Plaintiff, and that Plaintiff does not have any right to any other recovery under any applicable policies;

2.      That this Court adjudge, determine and declare that Travelers is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorney's fees; and

3.      That this Court grant Travelers such other and further relief as this court may deem, just proper and equitable.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY**

31.     Travelers repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 31 of the Complaint as if set forth at length herein.

32.     The allegations in Paragraph 32 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to pay costs incurred by Plaintiff in connection with the investigation and/or defense of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, and further denies that Travelers has any obligation to pay sums which Plaintiff has paid or may become legally obligated to pay arising out of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, including without limitation damages because of bodily injury or personal injury.  Further, Travelers admits that it issued the Travelers Policies, which speak for themselves, and denies any characterization of the terms inconsistent therewith.

33-35.  The allegations in Paragraphs 33 through 35 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 33 through 35 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 33 through 35 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to pay costs incurred by Plaintiff in connection with the investigation and/or defense of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, and further denies that Travelers has any obligation to pay sums which Plaintiff has paid or may become legally obligated to pay arising out of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, including without limitation damages for bodily injury or personal injury.

36. The allegations in Paragraph 36 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 36 of the Complaint insofar as they relate to Travelers, except admits that Plaintiff seeks certain judicial determinations from this Court.

**WHEREFORE,** Travelers respectfully requests that this Court deny Plaintiff's requested relief, and declare Travelers rights and duties as follows:

1.    That this Court adjudge, determine and declare that Travelers is not obligated to investigate, defend or pay for the investigation and/or defense of any claims alleged in the Complaint, and that Travelers is not liable to pay or indemnify Plaintiff for any damages, costs or

payments incurred or to be incurred by Plaintiff, and that Plaintiff does not have any right to any other recovery under any applicable policies;

2.      That this Court adjudge, determine and declare that Travelers is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorney's fees; and

3.      That this Court grant Travelers such other and further relief as this court may deem, just proper and equitable.

## SEPARATE DEFENSES

To the extent that Plaintiff satisfies its burden of proving the existence, terms and conditions of any insurance policies allegedly issued by Travelers, and to the extent Plaintiff satisfies its burden of proving that it qualifies as an insured under the Travelers Policies, certain or all of such policies likely contain terms and conditions that delineate, limit or exclude coverage for the claims at issue in this case. Accordingly, Travelers raises the following Separate Defenses:

### FIRST SEPARATE DEFENSE
**(Failure to State a Claim)**

The Complaint does not or may not state facts sufficient to state a claim upon which relief can be granted against Travelers.

### SECOND SEPARATE DEFENSE
**(Ripeness)**

The Complaint fails to state the existence of an actual, justiciable controversy with respect to Travelers that would be ripe for adjudication by the Court.

### THIRD SEPARATE DEFENSE
**(Failure to Perform Conditions Precedent)**

Plaintiff has or may have failed to perform its obligations under the Travelers Policies.

## FOURTH SEPARATE DEFENSE
### (Identity of Insureds)

The claims against Travelers are or may be barred, in whole or in part, to the extent that the entity seeking coverage is not an insured under the Travelers Policies.

## FIFTH SEPARATE DEFENSE
### (Exhaustion)

Coverage under the Travelers Policies may not attach with respect to any accident or occurrence, if at all, unless and until the limits of applicable underlying insurance have been paid and fully exhausted on account of such accident or occurrence.  Thus, to the extent that all limits of applicable underlying insurance have not been exhausted, the claims asserted in the Complaint are or may be barred in whole or in part.

## SIXTH SEPARATE DEFENSE
### (Excess Net Loss)

The Travelers Policies shall only be responsible for "excess net loss" as defined in the Travelers Policies.

## SEVENTH SEPARATE DEFENSE
### (No Defense Obligation)

The Travelers Policies do not provide any coverage for costs or expenses in connection with the investigation or defense of claims or suits.

## EIGHTH SEPARATE DEFENSE
### (No Interest)

The Travelers Policies do not provide any coverage for interest on any judgment which accrues after entry of the judgment.

## NINTH SEPARATE DEFENSE
### (Failure to Give Timely Notice)

The Travelers Policies require notification in the event of any accident, occurrence, claim or suit which is reasonably likely to give rise to a claim. To the extent Plaintiff has failed to provide such notice, Plaintiff's claims may be barred.

## TENTH SEPARATE DEFENSE
### (No Duty of Indemnity)

Travelers does not or may not owe a duty of indemnity to Plaintiff for any of the matters referred to in the Complaint.

## ELEVENTH SEPARATE DEFENSE
### (No Duty to Investigate)

Travelers does not or may not owe a duty to investigate, or to pay for costs of investigation, to Plaintiff for any of the matters referred to in the Complaint.

## TWELFTH SEPARATE DEFENSE
### (Events Do Not Constitute an Accident or Occurrence)

The claims asserted in the Complaint are or may be barred, in whole or in part, to the extent that the events giving rise to the allegations in the Complaint do not constitute an accident or occurrence within the meaning of the Travelers Policies.

## THIRTEENTH SEPARATE DEFENSE
### (Pollution Exclusion)

The claims asserted in the Complaint are or may be barred in whole or in part by any pollution exclusion found in or otherwise incorporated into the Travelers Policies, including without limitation an exclusion for Contamination or Pollution.

## FOURTEENTH SEPARATE DEFENSE
### (Asbestos Exclusion)

The claims asserted in the Complaint are or may be barred in whole or in part by any asbestos exclusion found in or otherwise incorporated into the Travelers Policies.

## FIFTEENTH SEPARATE DEFENSE
### (No "Drop Down")

The claims against Travelers are or may be barred, in whole or in part, because the Travelers Policies do not "drop down" in the event of lost or missing policies, insolvency, failure to maintain underlying insurance and/or the reduction of underlying policy limits.

## SIXTEENTH SEPARATE DEFENSE
### (No Acceleration)

The claims against Travelers are or may be barred, in whole or in part, to the extent that any otherwise covered damages assessed against Plaintiff are not currently due.

## SEVENTEENTH SEPARATE DEFENSE
### (Limitations of Liability)

Plaintiff's claims against Travelers are subject to any applicable deductibles, retentions, retrospective premiums, and limits of liability.

## EIGHTEENTH SEPARATE DEFENSE
### (Prejudice of Rights of Setoff and/or Subrogation)

The claims against Travelers are or may be barred, in whole or in part, to the extent that Travelers right to setoffs and/or subrogation has been impaired.

## NINETEENTH SEPARATE DEFENSE
### (No Legal Obligation to Pay Damages)

To the extent that the damages claimed in the Complaint are not sums which the insured becomes legally obligated to pay as damages because of bodily injury or property damage caused

by an accident or occurrence, as the terms are used in the Travelers Policies, the claims are or may be barred in whole or in part.

**TWENTIETH SEPARATE DEFENSE**
**(Equitable or Injunctive Relief)**

The Travelers Policies may not provide coverage for claims for equitable or injunctive relief.  Thus, the claims asserted in the Complaint are or may be barred in whole or in part to the extent they seek a defense or indemnification for claims for equitable or injunctive relief against an insured.

**TWENTY-FIRST SEPARATE DEFENSE**
**(Exclusion for Liability Assumed Under Contract or Agreement)**

The Travelers Policies may exclude coverage for liability assumed by the insured under an contract or agreement.

**TWENTY-SECOND SEPARATE DEFENSE**
**(No Bodily Injury)**

The claims asserted in the Complaint are or may be barred, in whole or in part, to the extent that the damages asserted in the Complaint do not constitute bodily injury under the Travelers Policies.

**TWENTY-THIRD SEPARATE DEFENSE**
**(Policy Terms, Exclusions, Conditions and Limitations)**

The claims asserted in the Complaint are or may be barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Travelers Policies.

**TWENTY-FOURTH SEPARATE DEFENSE**
**(Failure to Mitigate Damages)**

To the extent Plaintiff has failed to mitigate, minimize or avoid any damages it allegedly sustained, any recovery against Travelers must be reduced by that amount.

## TWENTY-FIFTH SEPARATE DEFENSE
### (Prophylactic Costs)

The claims against Travelers may be barred, in whole or in part, to the extent the underlying claims seek indemnity for costs incurred or to be incurred to prevent or mitigate loss, injury, damage or liability.

## TWENTY-SIXTH SEPARATE DEFENSE
### (Assistance and Cooperation)

The Travelers Policies provide that Travelers shall have the right and opportunity to associate with the insured or its underlying insurers or both in the defense and control of any claim, suit of proceeding relative to an accident or occurrence where the claim or suit involves or appears reasonably likely to involve Travelers, in which event the insured and Travelers shall cooperate in all things in the defense of such claim, suit or proceeding.  Thus, to the extent that an insured fails or has failed to cooperate with Travelers as provided in the Travelers Policies, the claims asserted in the Complaint are or may be barred in whole or in part.

## TWENTY-SEVENTH SEPARATE DEFENSE
### (Statute of Frauds)

The claims against Travelers may be barred, in whole or in part, by the Statute of Frauds to the extent that they are based upon an alleged duty or obligation of Travelers not expressly provided for in writing.

## TWENTY-EIGHTH SEPARATE DEFENSE
### (Fees and Costs)

No party should be entitled to recover from Travelers its costs, expenses and attorneys' fees in this action.

## TWENTY-NINTH SEPARATE DEFENSE
### (Non-Fortuitous Claims)

The Travelers Policies do not or may not apply to an event or condition that results in a loss that was non-fortuitous from the standpoint of the insured.

## THIRTIETH SEPARATE DEFENSE
### (Expected or Intended Injury)

The Travelers Policies may not apply to bodily injury that was expected or intended by an insured.  Thus, to the extent that any asserted damage referenced in the Complaint was expected or intended in whole or in part by an insured, the claims asserted in the Complaint are or may be barred in whole or in part.

## THIRTY-FIRST SEPARATE DEFENSE
### (Waiver)

Plaintiff's causes of action are or may be barred by the doctrine of waiver.

## THIRTY-SECOND SEPARATE DEFENSE
### (Policy Period)

The Travelers Policies may provide coverage only for damage and/or injury which occurs during the policy period. Thus, the claims asserted in the Complaint are or may be barred, in whole or in part, to the extent any of the damage and/or injury alleged in the Complaint occurred prior to the inception or after the expiration of the Travelers Policies period.

## THIRTY-THIRD SEPARATE DEFENSE
### (Other Insurance)

Coverage under the Travelers Policies, if any, is or may be limited to the extent that other valid and collectible insurance is available to the insured.

## THIRTY-FOURTH SEPARATE DEFENSE
### (Assignment of Policies)

Travelers may not be bound by any assignment of interest in the Travelers Policies without the written consent of Travelers.

## THIRTY-FIFTH SEPARATE DEFENSE
### (Contractual Liability)

The claims against Travelers are or may be barred, in whole or in part, to the extent that the underlying claims for which insurance coverage is sought arise from liability assumed pursuant to any contracts or agreements.

## THIRTY-SIXTH SEPARATE DEFENSE
### (Violation of Law and/or Public Policy)

To the extent Plaintiff's acts or failure to act were in violation (or non-compliance with) law and/or public policy, or government rule, regulation or law, the claims asserted in the Complaint are or may be barred.

## THIRTY-SEVENTH SEPARATE DEFENSE
### (Material Misrepresentation/Omission)

The claims against Travelers are barred, in whole or in part, to the extent that Plaintiff misrepresented or omitted material information in connection with its application for issuing, renewing and/or continuing in force any of the Travelers Policies.

## THIRTY-EIGHTH SEPARATE DEFENSE
### (Good Faith and Fair Dealing)

The claims against Travelers are barred, in whole or in part, to the extent that Plaintiff failed to act in a manner consistent with their obligations of good faith and fair dealing.

## THIRTY-NINTH SEPARATE DEFENSE
### (Fraud and Collusion)

The claims against Travelers are barred, in whole or in part, to the extent that any claims are the result of civil conspiracy, concert of action, collusion, bad faith, or other intentionally tortious conduct, including but not limited to fraud.

## FORTIETH SEPARATE DEFENSE
### (Unclean Hands)

The claims asserted in the Complaint are or may be barred by the doctrine of unclean hands.

## FORTY-FIRST SEPARATE DEFENSE
### (Laches)

The claims asserted in the Complaint are or may be barred by the doctrine of laches.

## FORTY-SECOND SEPARATE DEFENSE
### (Statute of Limitations)

Some or all of the claims asserted in the Complaint are or may be barred by the applicable statute of limitations.

## FORTY-THIRD SEPARATE DEFENSE
### (Equitable Estoppel)

The claims asserted in the Complaint are or may be barred by the doctrine of equitable estoppel.

## FORTY-FOURTH SEPARATE DEFENSE
### (Allocation)

In the event that Travelers is found to be in any way liable in this matter, any damages must be appropriately allocated to uninsured, self-insured and/or other-insured periods.

## FORTY-FIFTH SEPARATE DEFENSE
### (Excess Policies)

The Travelers Policies are excess policies that shall only attach in excess of underlying insurance.

## FORTY-SIXTH SEPARATE DEFENSE
### (Voluntary Payment)

The Travelers Policies may not provide coverage for any voluntary payment, assumed obligation or expense incurred by Plaintiff.

## FORTY-SEVENTH SEPARATE DEFENSE
### (Pre-Tender Costs)

Coverage for the claims referenced in the Complaint, if any, may be barred in whole or in part to the extent that Plaintiff seeks reimbursement of costs incurred prior to the date Plaintiff provided notice of the subject claims to Travelers.

## FORTY-EIGHTH SEPARATE DEFENSE
### (Exclusion for Workmen's Compensation or Similar Laws)

The Travelers Policies may exclude coverage for any obligation for which an insured and/or its insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law.  Thus, to the extent that any of the damages alleged in the Complaint arise from such obligation, the claims asserted in the Complaint are or may be barred in whole or in part.

## FORTY-NINTH SEPARATE DEFENSE
### (No Action)

The claims against Travelers may be barred, in whole or in part, to the extent the Travelers Policies provide that no action shall lie against Travelers unless there has been full compliance with all the terms of the policies, or until the amount of an insured's obligation to pay shall have been finally determined either by judgment against the insured or by written agreement of the insured, the claimant and Travelers.

## FIFTIETH SEPARATE DEFENSE
### (Additional Separate Defense)

Travelers reserves the right to amend its Complaint to assert such additional separate defenses and/or applicable policy terms, exclusions, conditions and limitations as may become

apparent during the continuing course of discovery in this matter. Additionally, Travelers reserves the right to amend its Answer to assert additional separate defenses to the extent that the law of a state other than New Jersey is applied and/or the law of New Jersey changes or develops, thereby requiring such amendment.

**WHEREFORE**, Travelers respectfully requests that this Court deny Plaintiff's requested relief and declare Travelers rights and duties as follows:

1.     That this Court adjudge, determine and declare that Travelers is not obligated to investigate, defend, or pay for the defense of any claims alleged in the Complaint, and that Travelers is not liable to pay or indemnify Plaintiff for any damages, costs or payments incurred or to be incurred by Plaintiff, and that Plaintiff does not have any right to any other recovery under any applicable policies;

2.     That this Court adjudge, determine and declare that Travelers is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorneys' fees; and

3.     That this Court grant Travelers such other and further relief as this Court may deem just, proper and equitable.

## JURY DEMAND

Travelers demands trial by jury as to all issues so triable.

## CERTIFICATION OF OTHER ACTIONS

Travelers states, pursuant Rule 4:5-1, that it is unaware that the matter in controversy in this case is the subject of any other actions pending in any court or pending arbitration proceeding.

## ANSWER TO ALL CROSS-CLAIMS

Travelers hereby denies all allegations contained in any and all cross-claims presently or hereinafter filed, and specifically incorporates each of the Separate Defenses asserted herein in response to any such cross-claims, as well as the additional Separate Defense that any cross-claims against Travelers for contribution and/or indemnification would be barred under New Jersey law.

## DEMAND PURSUANT TO N.J. CIVIL PRACTICE RULE 4:5-2

Pursuant to New Jersey Civil Practice Rule 4:5-2, Travelers requests that Plaintiff, within five (5) days after service of this request, furnish Travelers with an updated, written statement of the amount of damages claimed for the underlying claims referenced in Plaintiff's Complaint.

## DEMAND PURSUANT TO RULE 4:18-2

Pursuant to New Jersey Civil Practice Rule 4:18-2, Travelers demands after service of this written demand,  Plaintiff produce all documents referred to in Plaintiff's Complaint.

Dated: December 19, 2019

Respectfully submitted,
**CLYDE & CO US LLP**

_____
DAREN S. MCNALLY (Atty ID No. 049991992)
BARBARA M. ALMEIDA (Atty ID No. 042731999)
MEGHAN C. GOODWIN (Atty ID No. 018252002)
200 CAMPUS DRIVE, SUITE 300
FLORHAM PARK, NEW JERSEY 07932
973. 210.6700
*Attorneys for Defendant Travelers Casualty and Surety Company(f/k/a The Aetna Casualty and Surety Company)*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Daren S. McNally, Esq., is hereby designated as trial counsel for

Defendant, Travelers Casualty and Surety Company (f/k/a Aetna Casualty and Surety Company).

Dated: December 19, 2019

Respectfully submitted,
**CLYDE & CO US LLP**

_____
DAREN S. MCNALLY (Atty ID No. 049991992)
BARBARA M. ALMEIDA (Atty ID No. 042731999)
MEGHAN C. GOODWIN (Atty ID No. 018252002)
200 CAMPUS DRIVE, SUITE 300
FLORHAM PARK, NEW JERSEY 07932
973. 210.6700
*Attorneys for Defendant Travelers Casualty and Surety Company(f/k/a The Aetna Casualty and Surety Company*

## CERTIFICATION OF SERVICE

I hereby certify that on the date set forth below, true and correct copies of Travelers' Answer to the First Amended Complaint, Jury Demand and Designation of Trial Counsel, and Stipulation Extending Time to Answer, Move or Otherwise Respond were filed with the Clerk of the Superior Court of New Jersey, Bergen County, 1 Bergen County Plaza, Hackensack, New Jersey 07601, via eCourts electronic filing, and that true and correct copies of the foregoing documents were served upon all counsel of record on the attached Service List by eCourts electronic filing and/or e-mail, pursuant to and within the time permitted by New Jersey Court Rules.

Dated: December 19, 2019

Respectfully submitted,
**CLYDE & CO US LLP**

_____
DAREN S. MCNALLY (Atty ID No. 049991992)
BARBARA M. ALMEIDA (Atty ID No. 042731999)
MEGHAN C. GOODWIN (Atty ID No. 018252002)
200 CAMPUS DRIVE, SUITE 300
FLORHAM PARK, NEW JERSEY 07932
973. 210.6700
*Attorneys for Defendant Travelers Casualty and
Surety Company (f/k/a The Aetna Casualty and
Surety Company)*

# EXHIBIT L

Daren S. McNally (Attorney ID No. 049991992)
Barbara M. Almeida (Attorney ID No. 042731999)
Meghan C. Goodwin (Attorney ID No. 018252002)
CLYDE & CO US LLP
200 Campus Drive
Suite 300
Florham Park, New Jersey 07932
(973) 210-6700
Attorneys for Defendant, Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY; <br><br> FIRST STATE INSURANCE COMPANY; <br><br> HARTFORD ACCIDENT AND INDEMNITY COMPANY; <br><br> HARTFORD FIRE INSURANCE COMPANY; <br><br> TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY); <br><br> WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); <br><br> CONTINENTAL INSURANCE COMPANY; <br><br> and XYZ INSURANCE COMPANIES, Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L-005721-19 <br><br> CIVIL ACTION <br><br> **ANSWER TO SECOND AMENDED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND ANSWER TO ALL CROSSCLAIMS** |

Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety

Company) (hereinafter, "Travelers"), by and through its attorneys, Clyde & Co US LLP, as and for

an Answer to the Second Amended Complaint, Jury Demand and Designation of Trial Counsel (the "Complaint") filed by Plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff"), states as follows:

## NATURE OF THE ACTION

1-2.    The allegations in Paragraphs 1 through 2 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 through 2, except admits that Plaintiff seeks certain declaratory relief under certain insurance policies allegedly issued by Defendants.

## THE PARTIES

3-9.    The allegations in Paragraphs 3 through 9 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 3 through 9 of the Complaint.

10.    The allegations in Paragraph 10 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers admits that Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company, is a Connecticut corporation authorized to transact business in the State of New Jersey.

11-12.  The allegations in Paragraphs 11 through 12 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 11 through 12 of the Complaint.

## JURISDICTION AND VENUE

13.     The allegations in Paragraph 13 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint insofar as they relate to Travelers, except admits that Travelers is authorized to and does transact business in the State of New Jersey.

14.     The allegations in Paragraph 14 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

## THE INSURANCE POLICIES

15.     The allegations in Paragraph 15 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint insofar as they relate to Travelers, except admits that Travelers issued Excess Overlayer Indemnity Policy 01 XN 913 WCA; Excess Overlayer Indemnity Policy 01 XN 1132 WCA; Excess Overlayer Indemnity Policy 01 XN 1539 WCA; and Excess Overlayer Indemnity Policy 01 XN 1924  (collectively referred to as the "Travelers Policies"), which speak for themselves.

16.     The allegations in Paragraph 16 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, except admits that Travelers issued the Travelers Policies, which speak for themselves.

17.     The allegations in Paragraph 17 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18-19.   The allegations in Paragraphs 18 through 19 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18 through 19 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18 through 19 of the Complaint insofar as they relate to Travelers, except admits that Travelers issued the Travelers Policies, which speak for themselves.

20.     The allegations in Paragraph 20 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint insofar as they relate to Travelers, except denies that Travelers is required to defend, indemnify, and/or pay the costs of investigation, defense and indemnity, of the

Underlying Action and the Future Underlying Actions.  Further, Travelers admits that it issued the Travelers Policies, which speak for themselves, and denies any characterization of the terms inconsistent therewith.

## THE UNDERLYING ACTION

21-23.  The allegations in Paragraphs 21 through 23 of the Complaint are not directed to Travelers and, thus, no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 21 through 23 of the Complaint.

24.    The allegations in Paragraph 24 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, except admits that Plaintiff seeks insurance coverage from Defendants with respect to Future Underlying Actions.

25.    The allegations in Paragraph 25 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint insofar as they relate to Travelers, except denies that Travelers is required to defend, or pay the costs of investigation and/or defense, of the Underlying Action and the Future Underlying Actions, and denies that Travelers has any obligation to pay sums which Plaintiff has paid or may become legally obligated to pay of the Underlying Action and any Future Underlying Actions under the Travelers Policies.  Further, Travelers admits that it issued the

Travelers Policies, which speak for themselves, and denies any characterization of the terms inconsistent therewith.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE**

26.     Travelers repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27.     The allegations in Paragraph 27 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to defend Plaintiff and/or pay defense costs incurred by Plaintiff in the Underlying Action and any Future Underlying Actions under the Travelers Policies.

29.     The allegations in Paragraph 29 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint insofar as they relate to Travelers.

30.     The allegations in Paragraph 30 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to defend Plaintiff and/or pay defense costs incurred by Plaintiff in connection with the investigation and defense of the Underlying Action and any Future Underlying Actions under the Travelers Policies.  Travelers further admits that Plaintiff seeks certain judicial determinations from this Court.

**WHEREFORE,** Travelers respectfully requests that this Court deny Plaintiff's requested relief, and declare Travelers rights and duties as follows:

1.     That this Court adjudge, determine and declare that Travelers is not obligated to investigate, defend or pay for the investigation and/or defense of any claims alleged in the Complaint, and that Travelers is not liable to pay or indemnify Plaintiff for any damages, costs or payments incurred or to be incurred by Plaintiff, and that Plaintiff does not have any right to any other recovery under any applicable policies;

2.     That this Court adjudge, determine and declare that Travelers is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorney's fees; and

3.     That this Court grant Travelers such other and further relief as this court may deem, just proper and equitable.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY

31.     Travelers repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 30 of the Complaint as if set forth at length herein.

32.     The allegations in Paragraph 32 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge of information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to pay costs incurred by Plaintiff in connection with the investigation and/or defense of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, and further denies that Travelers has any obligation to pay sums which Plaintiff has paid or may become legally obligated to pay arising out of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, including without limitation damages because of bodily injury or personal injury. Further, Travelers admits that it issued the Travelers Policies, which speak for themselves, and denies any characterization of the terms inconsistent therewith.

33-35.  The allegations in Paragraphs 33 through 35 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 33 through 35 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 33 through 35 of the Complaint insofar as they relate to Travelers, except denies that Travelers has any obligation to pay costs incurred by Plaintiff in

connection with the investigation and/or defense of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, and further denies that Travelers has any obligation to pay sums which Plaintiff has paid or may become legally obligated to pay arising out of the Underlying Action and/or any Future Underlying Actions under the Travelers Policies, including without limitation damages for bodily injury or personal injury.

36.   The allegations in Paragraph 36 of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint insofar as they relate to Defendants other than Travelers, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 36 of the Complaint insofar as they relate to Travelers, except admits that Plaintiff seeks certain judicial determinations from this Court.

**WHEREFORE,** Travelers respectfully requests that this Court deny Plaintiff's requested relief, and declare Travelers rights and duties as follows:

1.      That this Court adjudge, determine and declare that Travelers is not obligated to investigate, defend or pay for the investigation and/or defense of any claims alleged in the Complaint, and that Travelers is not liable to pay or indemnify Plaintiff for any damages, costs or payments incurred or to be incurred by Plaintiff, and that Plaintiff does not have any right to any other recovery under any applicable policies;

2.      That this Court adjudge, determine and declare that Travelers is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorney's fees; and

3.      That this Court grant Travelers such other and further relief as this court may deem, just proper and equitable.

## SEPARATE DEFENSES

To the extent that Plaintiff satisfies its burden of proving the existence, terms and conditions of any insurance policies allegedly issued by Travelers, and to the extent Plaintiff satisfies its burden of proving that it qualifies as an insured under the Travelers Policies, certain or all of such policies likely contain terms and conditions that delineate, limit or exclude coverage for the claims at issue in this case. Accordingly, Travelers raises the following Separate Defenses:

### FIRST SEPARATE DEFENSE
**(Failure to State a Claim)**

The Complaint does not or may not state facts sufficient to state a claim upon which relief can be granted against Travelers.

### SECOND SEPARATE DEFENSE
**(Ripeness)**

The Complaint fails to state the existence of an actual, justiciable controversy with respect to Travelers that would be ripe for adjudication by the Court.

### THIRD SEPARATE DEFENSE
**(Failure to Perform Conditions Precedent)**

Plaintiff has or may have failed to perform its obligations under the Travelers Policies.

### FOURTH SEPARATE DEFENSE
**(Identity of Insureds)**

The claims against Travelers are or may be barred, in whole or in part, to the extent that the entity seeking coverage is not an insured under the Travelers Policies.

### FIFTH SEPARATE DEFENSE
**(Exhaustion)**

Coverage under the Travelers Policies may not attach with respect to any accident or occurrence, if at all, unless and until the limits of applicable underlying insurance have been paid and fully exhausted on account of such accident or occurrence.  Thus, to the extent that all limits of applicable underlying insurance have not been exhausted, the claims asserted in the Complaint are or may be barred in whole or in part.

### SIXTH SEPARATE DEFENSE
**(Excess Net Loss)**

The Travelers Policies shall only be responsible for "excess net loss" as defined in the Travelers Policies.

### SEVENTH SEPARATE DEFENSE
**(No Defense Obligation)**

The Travelers Policies do not provide any coverage for costs or expenses in connection with the investigation or defense of claims or suits.

### EIGHTH SEPARATE DEFENSE
**(No Interest)**

The Travelers Policies do not provide any coverage for interest on any judgment which accrues after entry of the judgment.

### NINTH SEPARATE DEFENSE
**(Failure to Give Timely Notice)**

The Travelers Policies require notification in the event of any accident, occurrence, claim or suit which is reasonably likely to give rise to a claim. To the extent Plaintiff has failed to provide such notice, and/or failed to provide such notice in a timely manner, Plaintiff's claims may be barred.

### TENTH SEPARATE DEFENSE
**(No Duty of Indemnity)**

Travelers does not or may not owe a duty of indemnity to Plaintiff for any of the matters referred to in the Complaint.

### ELEVENTH SEPARATE DEFENSE
**(No Duty to Investigate)**

Travelers does not or may not owe a duty to investigate, or to pay for costs of investigation, to Plaintiff for any of the matters referred to in the Complaint.

### TWELFTH SEPARATE DEFENSE
**(Events Do Not Constitute an Accident or Occurrence)**

The claims asserted in the Complaint are or may be barred, in whole or in part, to the extent that the events giving rise to the allegations in the Complaint do not constitute an accident or occurrence within the meaning of the Travelers Policies.

### THIRTEENTH SEPARATE DEFENSE
**(Pollution Exclusion)**

The claims asserted in the Complaint are or may be barred in whole or in part by any pollution exclusion found in or otherwise incorporated into the Travelers Policies, including without limitation an exclusion for Contamination or Pollution.

### FOURTEENTH SEPARATE DEFENSE
**(Asbestos Exclusion)**

The claims asserted in the Complaint are or may be barred in whole or in part by any asbestos exclusion found in or otherwise incorporated into the Travelers Policies.

### FIFTEENTH SEPARATE DEFENSE
#### (No "Drop Down")

The claims against Travelers are or may be barred, in whole or in part, because the Travelers Policies do not "drop down" in the event of lost or missing policies, insolvency, failure to maintain underlying insurance and/or the reduction of underlying policy limits.

### SIXTEENTH SEPARATE DEFENSE
#### (No Acceleration)

The claims against Travelers are or may be barred, in whole or in part, to the extent that any otherwise covered damages assessed against Plaintiff are not currently due.

### SEVENTEENTH SEPARATE DEFENSE
#### (Limitations of Liability)

Plaintiff's claims against Travelers are subject to any applicable deductibles, retentions, retrospective premiums, and limits of liability.

### EIGHTEENTH SEPARATE DEFENSE
#### (Prejudice of Rights of Setoff and/or Subrogation)

The claims against Travelers are or may be barred, in whole or in part, to the extent that Travelers right to setoffs and/or subrogation has been impaired.

### NINETEENTH SEPARATE DEFENSE
#### (No Legal Obligation to Pay Damages)

To the extent that the damages claimed in the Complaint are not sums which the insured becomes legally obligated to pay as damages because of bodily injury or property damage caused by an accident or occurrence, as the terms are used in the Travelers Policies, the claims are or may be barred in whole or in part.

## TWENTIETH SEPARATE DEFENSE
### (Equitable or Injunctive Relief)

The Travelers Policies may not provide coverage for claims for equitable or injunctive relief.  Thus, the claims asserted in the Complaint are or may be barred in whole or in part to the extent they seek a defense or indemnification for claims for equitable or injunctive relief against an insured.

## TWENTY-FIRST SEPARATE DEFENSE
### (Exclusion for Liability Assumed Under Contract or Agreement)

The Travelers Policies may exclude coverage for liability assumed by the insured under an contract or agreement.

## TWENTY-SECOND SEPARATE DEFENSE
### (No Bodily Injury)

The claims asserted in the Complaint are or may be barred, in whole or in part, to the extent that the damages asserted in the Complaint do not constitute bodily injury under the Travelers Policies.

## TWENTY-THIRD SEPARATE DEFENSE
### (Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the Complaint are or may be barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Travelers Policies.

## TWENTY-FOURTH SEPARATE DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiff has failed to mitigate, minimize or avoid any damages it allegedly sustained, any recovery against Travelers must be reduced by that amount.

### TWENTY-FIFTH SEPARATE DEFENSE
**(Prophylactic Costs)**

The claims against Travelers may be barred, in whole or in part, to the extent the underlying claims seek indemnity for costs incurred or to be incurred to prevent or mitigate loss, injury, damage or liability.

### TWENTY-SIXTH SEPARATE DEFENSE
**(Assistance and Cooperation)**

The Travelers Policies provide that Travelers shall have the right and opportunity to associate with the insured or its underlying insurers or both in the defense and control of any claim, suit of proceeding relative to an accident or occurrence where the claim or suit involves or appears reasonably likely to involve Travelers, in which event the insured and Travelers shall cooperate in all things in the defense of such claim, suit or proceeding.  Thus, to the extent that an insured fails or has failed to cooperate with Travelers as provided in the Travelers Policies, the claims asserted in the Complaint are or may be barred in whole or in part.

### TWENTY-SEVENTH SEPARATE DEFENSE
**(Statute of Frauds)**

The claims against Travelers may be barred, in whole or in part, by the Statute of Frauds to the extent that they are based upon an alleged duty or obligation of Travelers not expressly provided for in writing.

### TWENTY-EIGHTH SEPARATE DEFENSE
**(Fees and Costs)**

No party should be entitled to recover from Travelers its costs, expenses and attorneys' fees in this action.

### TWENTY-NINTH SEPARATE DEFENSE
#### (Non-Fortuitous Claims)

The Travelers Policies do not or may not apply to an event or condition that results in a loss that was non-fortuitous from the standpoint of the insured.

### THIRTIETH SEPARATE DEFENSE
#### (Expected or Intended Injury)

The Travelers Policies may not apply to bodily injury that was expected or intended by an insured. Thus, to the extent that any asserted damage referenced in the Complaint was expected or intended in whole or in part by an insured, the claims asserted in the Complaint are or may be barred in whole or in part.

### THIRTY-FIRST SEPARATE DEFENSE
#### (Waiver)

Plaintiff's causes of action are or may be barred by the doctrine of waiver.

### THIRTY-SECOND SEPARATE DEFENSE
#### (Policy Period)

The Travelers Policies may provide coverage only for damage and/or injury which occurs during the policy period. Thus, the claims asserted in the Complaint are or may be barred, in whole or in part, to the extent any of the damage and/or injury alleged in the Complaint occurred prior to the inception or after the expiration of the Travelers Policies period.

### THIRTY-THIRD SEPARATE DEFENSE
#### (Other Insurance)

Coverage under the Travelers Policies, if any, is or may be limited to the extent that other valid and collectible insurance is available to the insured.

## THIRTY-FOURTH SEPARATE DEFENSE
### (Assignment of Policies)

Travelers may not be bound by any assignment of interest in the Travelers Policies without the written consent of Travelers.

## THIRTY-FIFTH SEPARATE DEFENSE
### (Contractual Liability)

The claims against Travelers are or may be barred, in whole or in part, to the extent that the underlying claims for which insurance coverage is sought arise from liability assumed pursuant to any contracts or agreements.

## THIRTY-SIXTH SEPARATE DEFENSE
### (Violation of Law and/or Public Policy)

To the extent Plaintiff's acts or failure to act were in violation (or non-compliance with) law and/or public policy, or government rule, regulation or law, the claims asserted in the Complaint are or may be barred.

## THIRTY-SEVENTH SEPARATE DEFENSE
### (Material Misrepresentation/Omission)

The claims against Travelers are barred, in whole or in part, to the extent that Plaintiff misrepresented or omitted material information in connection with its application for issuing, renewing and/or continuing in force any of the Travelers Policies.

## THIRTY-EIGHTH SEPARATE DEFENSE
### (Good Faith and Fair Dealing)

The claims against Travelers are barred, in whole or in part, to the extent that Plaintiff failed to act in a manner consistent with their obligations of good faith and fair dealing.

### THIRTY-NINTH SEPARATE DEFENSE
### (Fraud and Collusion)

The claims against Travelers are barred, in whole or in part, to the extent that any claims are the result of civil conspiracy, concert of action, collusion, bad faith, or other intentionally tortious conduct, including but not limited to fraud.

### FORTIETH SEPARATE DEFENSE
### (Unclean Hands)

The claims asserted in the Complaint are or may be barred by the doctrine of unclean hands.

### FORTY-FIRST SEPARATE DEFENSE
### (Laches)

The claims asserted in the Complaint are or may be barred by the doctrine of laches.

### FORTY-SECOND SEPARATE DEFENSE
### (Statute of Limitations)

Some or all of the claims asserted in the Complaint are or may be barred by the applicable statute of limitations.

### FORTY-THIRD SEPARATE DEFENSE
### (Equitable Estoppel)

The claims asserted in the Complaint are or may be barred by the doctrine of equitable estoppel.

### FORTY-FOURTH SEPARATE DEFENSE
### (Allocation)

In the event that Travelers is found to be in any way liable in this matter, any damages must be appropriately allocated to uninsured, self-insured and/or other-insured periods.

### FORTY-FIFTH SEPARATE DEFENSE
### (Excess Policies)

The Travelers Policies are excess policies that shall only attach in excess of underlying insurance.

## FORTY-SIXTH SEPARATE DEFENSE
### (Voluntary Payment)

The Travelers Policies may not provide coverage for any voluntary payment, assumed obligation or expense incurred by Plaintiff.

## FORTY-SEVENTH SEPARATE DEFENSE
### (Pre-Tender Costs)

Coverage for the claims referenced in the Complaint, if any, may be barred in whole or in part to the extent that Plaintiff seeks reimbursement of costs incurred prior to the date Plaintiff provided notice of the subject claims to Travelers.

## FORTY-EIGHTH SEPARATE DEFENSE
### (Exclusion for Workmen's Compensation or Similar Laws)

The Travelers Policies may exclude coverage for any obligation for which an insured and/or its insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law.  Thus, to the extent that any of the damages alleged in the Complaint arise from such obligation, the claims asserted in the Complaint are or may be barred in whole or in part.

## FORTY-NINTH SEPARATE DEFENSE
### (No Action)

The claims against Travelers may be barred, in whole or in part, to the extent the Travelers Policies provide that no action shall lie against Travelers unless there has been full compliance with all the terms of the policies, or until the amount of an insured's obligation to pay shall have been finally determined either by judgment against the insured or by written agreement of the insured, the claimant and Travelers.

## FIFTIETH SEPARATE DEFENSE
### (Additional Separate Defense)

Travelers reserves the right to amend its Complaint to assert such additional separate defenses and/or applicable policy terms, exclusions, conditions and limitations as may become apparent during the continuing course of discovery in this matter. Additionally, Travelers reserves the right to amend its Answer to assert additional separate defenses to the extent that the law of a state other than New Jersey is applied and/or the law of New Jersey changes or develops, thereby requiring such amendment.

**WHEREFORE**, Travelers respectfully requests that this Court deny Plaintiff's requested relief and declare Travelers rights and duties as follows:

1. That this Court adjudge, determine and declare that Travelers is not obligated to investigate, defend, or pay for the defense of any claims alleged in the Complaint, and that Travelers is not liable to pay or indemnify Plaintiff for any damages, costs or payments incurred or to be incurred by Plaintiff, and that Plaintiff does not have any right to any other recovery under any applicable policies;

2. That this Court adjudge, determine and declare that Travelers is entitled to reimbursement of the costs and disbursements of this action, including but not limited to reasonable attorneys' fees; and

3. That this Court grant Travelers such other and further relief as this Court may deem just, proper and equitable.

## JURY DEMAND

Travelers demands trial by jury as to all issues so triable.

## CERTIFICATION OF OTHER ACTIONS

Travelers states, pursuant Rule 4:5-1, that it is unaware that the matter in controversy in this case is the subject of any other actions pending in any court or pending arbitration proceeding.

## ANSWER TO ALL CROSSCLAIMS

Travelers hereby denies all allegations contained in any and all crossclaims presently or hereinafter filed, and specifically incorporates each of the Separate Defenses asserted herein in response to any such crossclaims, as well as the additional Separate Defense that any crossclaims against Travelers for contribution and/or indemnification would be barred under New Jersey law.

## DEMAND PURSUANT TO N.J. CIVIL PRACTICE RULE 4:5-2

Pursuant to New Jersey Civil Practice Rule 4:5-2, Travelers requests that Plaintiff, within five (5) days after service of this request, furnish Travelers with an updated, written statement of the amount of damages claimed for the underlying claims referenced in Plaintiff's Complaint.

## DEMAND PURSUANT TO RULE 4:18-2

Pursuant to New Jersey Civil Practice Rule 4:18-2, Travelers demands after service of this written demand,  Plaintiff produce all documents referred to in Plaintiff's Complaint.

Dated: February 13, 2020

Respectfully submitted,
**CLYDE & CO US LLP**

_____
DAREN S. MCNALLY (Atty ID No. 049991992)
BARBARA M. ALMEIDA (Atty ID No. 042731999)
MEGHAN C. GOODWIN (Atty ID No. 018252002)
200 CAMPUS DRIVE, SUITE 300
FLORHAM PARK, NEW JERSEY 07932
973. 210.6700
*Attorneys for Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Daren S. McNally, Esq., is hereby designated as trial counsel for

Defendant, Travelers Casualty and Surety Company (f/k/a Aetna Casualty and Surety Company).

Dated: February 13, 2020

Respectfully submitted,
**CLYDE & CO US LLP**

_____
Daren S. McNally (Atty ID No. 049991992)
Barbara M. Almeida (Atty ID No. 042731999)
Meghan C. Goodwin (Atty ID No. 018252002)
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932
973. 210.6700
*Attorneys for Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company*

## CERTIFICATION OF SERVICE

I hereby certify that on the date set forth below, true and correct copies of Travelers Answer to the Second Amended Complaint, Jury Demand, Designation of Trial Counsel and Answer to All Crossclaims were filed with the Clerk of the Superior Court of New Jersey, Bergen County, 1 Bergen County Plaza, Hackensack, New Jersey 07601, via eCourts electronic filing, and that true and correct copies of the foregoing documents were served upon all counsel of record by eCourts electronic filing and/or e-mail, pursuant to and within the time permitted by New Jersey Court Rules.

Dated: February 13, 2020

Respectfully submitted,
**CLYDE & CO US LLP**

_____
DAREN S. MCNALLY (Atty ID No. 049991992)
BARBARA M. ALMEIDA (Atty ID No. 042731999)
MEGHAN C. GOODWIN (Atty ID No. 018252002)
200 CAMPUS DRIVE, SUITE 300
FLORHAM PARK, NEW JERSEY 07932
973. 210.6700
*Attorneys for Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)*

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005721-19

**Case Caption:** GEA MECHANICAL EQUIP MENT US  VS
FEDERAL INSURANC

**Case Initiation Date:** 08/06/2019

**Attorney Name:** DAREN S MC NALLY

**Firm Name:** CLYDE & CO US LLP

**Address:** 200 CAMPUS DRIVE SUITE 300
FLORHAM PARK NJ 07932

**Phone:** 9732106700

**Name of Party:** DEFENDANT : TRAVELERS CASUALTY
AND SURETYC

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Answer

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/13/2020                                                                      /s/ DAREN S MC NALLY
Dated                                                                              Signed

# EXHIBIT M

FORD MARRIN ESPOSITO WITMEYER
   & GLESER, L.L.P.
Edward Pinter (Attorney ID # 041091989)
Caroline McKenna (Attorney ID # 315722019)
Wall Street Plaza, 16th Floor
New York, NY 10280
Tel.: (212) 269-4900
*Attorneys for Defendant Wellfleet New York Insurance Company,*
*as successor to Atlanta International Insurance Company*

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC.<br><br>               Plaintiff,<br><br>   vs.<br><br>FEDERAL INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY); WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); CONTINENTAL INSURANCE COMPANY; and XYZ INSURANCE COMPANIES.<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY<br><br><br><br>Docket No.: BER-L-005721-19<br><br>Civil Action<br><br><br><br>**CONTINENTAL INSURANCE COMPANY'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM** |

      Defendant Continental Insurance Company (Continental) responds as follows to the Second Amended Complaint ("Complaint") of Plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff" or "GEA"), as follows:

## <u>NATURE OF THE ACTION</u>

      1.    Paragraph 1 is a statement of the purported nature of this action to which no response is required.

2.      Paragraph 2 is a statement of the purported nature of this action and the type of damages sought to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 2 to the extent they are directed to Continental and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 2.

## THE PARTIES

3.      Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 3.

4.      Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 4.

5.      Continental admits the allegations set forth in Paragraph 5.

6.      Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 6.

7.      Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 7.

8.      Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 8.

9.      Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 9.

10.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 10.

11.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 11.

12.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 12.

## JURISDICTION AND VENUE

13.     Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 13.

14.     Paragraph 14 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 14.

## THE INSURANCE POLICIES

15.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 15, many of which are directed at other parties, except Continental admits only that Continental issued policy number SRU1591549 with a policy period of 10/25/81 – 10/25/82 to Centrico, Inc. ("Continental policy"). Continental avers that its policy search is ongoing. Plaintiff's reservation of rights set forth in Paragraph 15 is a legal conclusion or argument to which a response is not required.

16.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 16.

17.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 17. Continental admits only that Continental issued policy number SRU1591549 with a policy period of 10/25/81 – 10/25/82 to Centrico, Inc.

18.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 18.

19.     Continental denies the allegations set forth in Paragraph 19 to the extent they relate to the Continental policy, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 19.

20.     The allegations set forth in Paragraph 20 are speculative and/or legal conclusions and/or interpretations of contracts that speak for themselves, to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 20 to the extent they are directed to Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 20.

## THE UNDERLYING ACTION

21.     Continental admits the allegations set forth in Paragraph 21.

22.     Continental states that the allegations of the complaint in the Underlying Action and/or assertions set forth in other filings made therein speak for themselves, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 22.

23.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 23.

24.     The allegations set forth in Paragraph 24 are speculative and/or are legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations set forth in Paragraph 24 relate to Continental, Continental admits that there may be future claims because of the verdict in the Underlying Action, denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 24.

25.     The allegations set forth in Paragraph 25 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 25 to the extent they relate to Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 25.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS DEFENSE**

26.     Continental incorporates the averments of each of the preceding paragraphs herein as if set forth at length.

27.     Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 27.

28.     The allegations set forth in Paragraph 28 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 28 to the extent they allege that Continental has "failed to honor" its obligations, and to the extent they allege the existence of any obligation on the part of Continental with respect to the Underlying Action and/or Future Underlying Actions. Continental further denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed, and denies that there are presently disputes regarding claims that have not yet been (and may never be) filed. Continental otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 28.

29.     The allegations set forth in Paragraph 29 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required,

Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 29.

30.   The allegations set forth in Paragraph 30 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies that Plaintiff is entitled to any determination, declaration, or damages award as against Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 30.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT FOR ASBESTOS INDEMNITY**

31.   Continental incorporates the averments of each of the preceding paragraphs herein as if set forth at length.

32.   The allegations set forth in Paragraph 32 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 32 to the extent they relate to Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 32.

33.   The allegations set forth in Paragraph 33 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 33 to the extent they allege that Continental has "failed to honor" its obligations, and to the extent they allege the existence of any obligation on the part of Continental with respect to the Underlying Action and/or Future Underlying Actions. Continental further denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed, and denies that there are presently disputes regarding claims that have not yet been (and may never

be) filed. Continental otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 33.

34.     The allegations set forth in Paragraph 34 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 34.

35.     The allegations set forth in Paragraph 35 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies that Plaintiff is entitled to any determination, declaration or damages award as against Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 35.

36.     The allegations set forth in Paragraph 36 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies that Plaintiff is entitled to any determination, declaration or damages award as against Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 36.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent it has failed to mitigate its damages.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred by the doctrine of waiver, estoppel, laches and/or unclean hands.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>

The rights and obligations of Continental are defined and governed solely by the declarations, limits of liability, terms, exclusions, conditions, endorsements, and other provisions of any policies issued by Continental.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

There is no coverage under any policies issued by Continental for the claims asserted in the Underlying Action or any future claims because Plaintiff provided late notice of the claim and/or of the Underlying Action to Continental, and Continental has been substantially, irreparably, and appreciably prejudiced by such late notice.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action because the claims do not allege or constitute an "occurrence" under any policy issued by Continental.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action to the extent the alleged bodily injury did not occur during the policy period of any policy issued by Continental.

## NINTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action to the extent the alleged "bodily injury" was caused by a condition that existed prior to the inception of any policy issued by Continental.

## TENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action because Plaintiff did not meet the conditions precedent to coverage of any policy issued by Continental.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage for the claims asserted in the Underlying Action to the extent the damages sought are for punitive damages, fines, and/or penalties.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are not covered to the extent that any alleged damages are not "damages" within the meaning of any policy issued by Continental.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for any settlement agreement in the Underlying Action that is collusive and/or unreasonable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Recovery is limited or not available under any policy issued by Continental to the extent that all or a portion of the sums sought are properly allocated to policies of insurance other than any policies issued by Continental, or to the Plaintiff, or to both.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are barred from coverage to the extent that liability was assumed by another party and/or became the responsibility of another party via any contract or any other agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

There is no insurance coverage under any policy issued by Continental for the claims asserted in the Underlying Action to the extent the Plaintiff or any insured(s) voluntarily made a payment, assumed any obligation, or incurred any expense.

## SEVENTEENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action because Plaintiff has failed to cooperate with Continental.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

There is no coverage under any excess or umbrella policy if insurance issued by Continental unless and until all available underlying insurance is exhausted.

## NINETEENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental to the extent that the insured(s) made any misrepresentations with respect to the applications for and underwriting of any policy issued by Continental.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not describe the Underlying Action with sufficient particularity to permit Continental to ascertain what other defenses (including defenses based on terms, conditions or exclusions of any policy issued by Continental) may exist. Continental reserves the right to assert any and all additional defenses which may pertain to it.

10

## COUNTERCLAIM AGAINST PLAINTIFF

1.      Plaintiff did not provide notice of the Underlying Action to Continental until after a verdict was already rendered in the Underlying Action.

2.      By reason of this late notice, Continental has been substantially, irreparably, and appreciably prejudiced.

3.      Plaintiff has not complied with the conditions precedent to coverage under any policy issued by Continental, and has failed to cooperate with Continental in violation of the conditions precedent to coverage under any policy issued by Continental.

4.      There is no coverage under any policy issued by Continental for the claims against Plaintiff in the Underlying Action or Future Underlying Actions for the reasons set forth in the foregoing Affirmative Defenses

5.      Continental is entitled to a declaration that it does not owe coverage for the Underlying Action. Further, Continental denies that Plaintiff may presently seek insurance coverage for Future Underlying Actions that have not yet been (and may never be) filed. However, if coverage for such Future Underlying Actions is properly at issue in this declaratory judgment action, then Continental is entitled to a declaration that it does not owe coverage for any such Future Underlying Actions.

**Wherefore**, Continental prays for relief as follows:

1.      Dismissing GEA's Complaint against Continental;

2.      Denying the relief sought by GEA against Continental in its Complaint;

3.      Declaring that Continental does not provide coverage for the claims against Plaintiff in the Underlying Action or any Future Underlying Actions;

4.      Awarding to Continental the attorneys' fees incurred in defending this action; and

5.      Such other relief this Court deems just and appropriate.


Dated: March 5, 2020                    **FORD MARRIN ESPOSITO WITMEYER
                                          & GLESER, L.L.P.**


                              By:      s/ Caroline McKenna
                                       Edward M. Pinter
                                       Caroline McKenna
                                       Wall Street Plaza, 16th Floor
                                       New York, NY 10005
                                       Tel.: (212) 269-4900
                                       *Attorneys for Defendant Wellfleet New York
                                       Insurance Company (as successor to Atlanta
                                       International Insurance Company)*

## DESIGNATION OF TRIAL COUNSEL

Edward M. Pinter is hereby designated as trial counsel pursuant to Rule 4:25-4.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that pursuant to Rule 4:5-1(b) that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding. I further certify that I am not aware of any other entities who may be subject to joinder pursuant to Rule 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) (3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## DEMAND PURSUANT TO RULE 4:5-2

CONTINENTAL requests that Plaintiff, within five (5) days after service of this request, furnish CONTINENTAL with an updated written statement of the amount of damages claimed for the underlying claims referenced in the Complaint.

## DEMAND PURSUANT TO RULE 4:18-2

CONTINENTAL demands that Plaintiff produce all documents referred to in the Complaint within five (5) days of service of this written demand.

Dated: March 5, 2020

**FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**

By:   *s/ Caroline McKenna*
Edward M. Pinter
Caroline McKenna
Wall Street Plaza, 16th Floor
New York, NY 10005

13

Tel.: (212) 269-4900
*Attorneys for Defendant Wellfleet New York*
*Insurance Company (as successor to Atlanta*
*International Insurance Company)*

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005721-19

**Case Caption:** GEA MECHANICAL EQUIP MENT US  VS
FEDERAL INSURANC

**Case Initiation Date:** 08/06/2019

**Attorney Name:** CAROLINE MCKENNA

**Firm Name:** FORD MARRIN ESPOSITO WITMEYER &
GLESER

**Address:** 88 PINE ST 16TH FL WALL ST PLZ
NEW YORK NY 100051875

**Phone:** 2122694900

**Name of Party:** DEFENDANT : CONTINENTAL
INSURANCE COMPANY

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Answer

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>03/05/2020</u>
Dated

<u>/s/ CAROLINE MCKENNA</u>
Signed

# EXHIBIT N

K&L GATES LLP
Donald W. Kiel (NJ Bar No. 014371982)
Donald.Kiel@klgates.com
One Newark Center, Tenth Floor
Newark, New Jersey 07102-5252
973-848-4000

**FILED**

**DEC 17 2019**

WALTER F. SKROD, J.S.C.

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
412-355-6500

Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: BER-L-005721-19 |
|        Plaintiff, | |
| v. | CIVIL ACTION |
| FEDERAL INSURANCE COMPANY, et als.; | **ORDER OF DISMISSAL WITHOUT PREJUDICE AS TO FIREMAN'S FUND INSURANCE COMPANY ONLY** |
|        Defendants. | |

THIS MATTER having been opened to the Court by K&L Gates LLP, attorneys for

plaintiff, GEA Mechanical Equipment US, Inc. ("GEA"), and Rivkin Radler LLP, attorneys for

defendant, Fireman's Fund Insurance Company ("Fireman's Fund"), and it appearing that GEA

and Fireman's Fund have agreed to GEA's dismissal of the Amended Complaint against

Fireman's Fund without prejudice, conditioned on the Court's entry of this Order preserving all

claims by GEA against Fireman's Fund; and good cause having been shown;

IT IS on this 17th day of December, 2019, ORDERED as follows:

1.       Subject to the provisions of this Order, GEA's Amended Complaint, as against

Fireman's Fund only, be and the same is hereby dismissed without prejudice and without costs

against either party;

304130615 v1

2.      Any claims asserted or which could have been asserted by GEA in its Amended Complaint, as against Fireman's Fund, are hereby preserved, and GEA shall not be barred or otherwise precluded or limited in any way from asserting such claims by the entire controversy doctrine or any other similar doctrine of claim preclusion.

3.      A copy of this Order shall be served on all counsel of record within five days of entry.

_____
WALTER F. SKROD, J.S.C.

_____ Opposed

__X__ Unopposed

Consented to as form and substance.

K&L GATES LLP
Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.

By: _____
        Donald W. Kiel

Dated: December 13, 2019

RIVKIN RADLER LLP
Attorneys for Defendant
Fireman's Fund Insurance Company

By: _____
        Michael Kotula

Dated: December 12, 2019

2

304130615 v1

# EXHIBIT O

K&L GATES LLP
Donald W. Kiel (NJ Bar No. 014371982)
Donald.Kiel@klgates.com
One Newark Center, Tenth Floor
Newark, New Jersey 07102-5252
973-848-4000

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
412-355-6500

Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.

**FILED**

**JUL 2 0 2020**

Robert C. Wilson
J.S.C.

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, *et al.*; <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br> DOCKET NO.: BER-L-005721-19 <br><br> CIVIL ACTION <br><br> **ORDER OF DISMISSAL WITHOUT PREJUDICE AS TO FEDERAL INSURANCE COMPANY ONLY** |

THIS MATTER having been opened to the Court by K&L Gates LLP, attorneys for

plaintiff, GEA Mechanical Equipment US, Inc. ("GEA"), and Cohn Baughman & Serlin,

attorneys for defendant, Federal Insurance Company ("Federal"), and it appearing that GEA and

Federal have agreed to GEA's dismissal of the Second Amended Complaint against Federal

without prejudice, conditioned on the Court's entry of this Order preserving all claims by GEA

against Federal; and good cause having been shown;

IT IS on this 20th day of July 2020, ORDERED as follows:

1.    Subject to the provisions of this Order, GEA's Second Amended Complaint, as

against Federal only, be and the same is hereby dismissed without prejudice and without costs

against either party;

306423372 v1

2.      Any claims asserted or which could have been asserted by GEA in its Second

Amended Complaint, as against Federal, are hereby preserved, and GEA shall not be barred or

otherwise precluded or limited in any way from asserting such claims by the entire controversy

doctrine or any other similar doctrine of claim preclusion.

3.      Any defenses asserted or which could have been asserted by Federal in response

to GEA's Second Amended Complaint, except for defenses based on the entire controversy

doctrine or any similar doctrine of claim preclusion, are hereby preserved, and Federal shall not

be barred or otherwise precluded or limited in any way from asserting such defenses by the entire

controversy doctrine or any other similar doctrine of claim preclusion.

4.      A copy of this Order shall be served on all counsel of record within five days of

entry.

_____
Hon. Robert C. Wilson, J.S.C.

_____ Opposed

_____ Unopposed


Consented to as form and substance.

K&L GATES LLP                           COHN BAUGHMAN & SERLIN
Attorneys for Plaintiff                 Attorneys for Defendant
GEA Mechanical Equipment US, Inc.       Federal Insurance Company


By: _____     By:    /s/ Lawrence A. Nathanson
        Donald W. Kiel                          Lawrence Nathanson

        Dated: June 30, 2020                     Dated: June 29, 2020

2

# EXHIBIT P

K&L GATES LLP
Donald W. Kiel (NJ Bar No. 014371982)
Donald.Kiel@klgates.com
One Newark Center, Tenth Floor
Newark, New Jersey 07102-5252
973-848-4000

**F I L E D**

**JUL 22 2020**

Robert C. Wilson
J.S.C.

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222-2613
412-355-6500

Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, *et al.*;<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-005721-19<br><br>CIVIL ACTION<br><br>**ORDER OF DISMISSAL WITHOUT<br>PREJUDICE AS TO TRAVELERS<br>CASUALTY AND SURETY<br>COMPANY ONLY** |

THIS MATTER having been opened to the Court by K&L Gates LLP, attorneys for

plaintiff, GEA Mechanical Equipment US, Inc. ("GEA"), and Clyde & Co US LLP, attorneys for

defendant, Travelers Casualty and Surety Company (f/k/a Aetna Casualty and Surety Company)

("Travelers"), and it appearing that GEA and Travelers have agreed to GEA's dismissal of the

Second Amended Complaint against Travelers without prejudice, conditioned on the Court's

entry of this Order preserving all claims by GEA against Travelers; and good cause having been

shown;

IT IS on this 22ⁿᵈ day of July, 2020, ORDERED as follows:

306423657 v2

1.      Subject to the provisions of this Order, GEA's Second Amended Complaint, as against Travelers only, be and the same is hereby dismissed without prejudice and without costs against either party;

2.      Any claims asserted or which could have been asserted by GEA in its Second Amended Complaint, as against Travelers, are hereby preserved, and GEA shall not be barred or otherwise precluded or limited in any way from asserting such claims by the entire controversy doctrine or any other similar doctrine of claim preclusion.

3.      Any defenses asserted or which could have been asserted by Travelers in its Answer to the Second Amended Complaint, as against GEA, except for defenses based on the entire controversy doctrine or any similar doctrine of claim preclusion, are hereby preserved, and Travelers shall not be barred or otherwise precluded or limited in any way from asserting such defenses by the entire controversy doctrine or any other similar doctrine of claim preclusion.

4.      A copy of this Order shall be served on all counsel of record within five days of entry.

_____
                                    Hon. Robert C. Wilson, J.S.C.

_____ Opposed

_____ Unopposed

Consented to as form and substance.

K&L GATES LLP
Attorneys for Plaintiff
GEA Mechanical Equipment US, Inc.


By: _____
              Donald W. Kiel

Dated: July 21, 2020

CLYDE & CO US LLP
Attorneys for Defendant
Travelers Casualty and Surety Company


By: _____
              Daren McNally

Dated: July 14, 2020

2

306423657 v2