IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD FIRE INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY), WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY), CONTINENTAL INSURANCE COMPANY, and XYZ INSURANCE COMPANIES, <br><br> Defendants. | Civil Action No. 2-20-cv-09741-BRM-ESK |

_____

REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' JOINT APPEAL
FROM THE MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANTS' MOTION TO COMPEL DISCOVERY

_____

| | |
|---|---|
| John Maloney <br> Christopher K. Kim <br> GIMIGLIANO MAURIELLO & MALONEY <br> A Professional Association <br> 163 Madison Avenue, Suite 500 <br> P.O. Box 1449 <br> Morristown, New Jersey 07962-1449 <br> (973) 946-8360 <br> Attorneys for Defendants <br> Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company | Edward M. Pinter <br> Caroline McKenna <br> FORD MARRIN ESPOSITO WITMEYER & GLESER, LLP <br> Wall Street Plaza <br> New York, New York 10005 <br> (212) 269-4900 <br> Attorneys for Defendants <br> The Continental Insurance Company and Wellfleet New York Insurance Company as successor to Atlanta International Insurance Company |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT .......................................................................................................... 3

    I.    The Order should be reversed ........................................................... 3

        A.  Standard of Review .................................................................... 3

        B.  Scope of Review ........................................................................ 5

        C.  GEA should be compelled to produce privileged
            communications and documents ................................................. 6

            1.  The Order is contrary to law as it misapplies certain case
                law to the distinct factual circumstances presented here ........ 6

            2.  Defendants have satisfied the Kozlov factors for piercing
                privilege ...................................................................................11

CONCLUSION ................................................................................................... 15

## TABLE OF AUTHORITIES

Cases                                                                                                                Page

Chem. Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.,
    817 F. Supp. 1136 (D.N.J. 1993) ......................................................... 12, 13

Cooper Hosp./Univ. Med. Ctr. v. Sullivan,
    183 F.R.D. 119 (D.N.J. 1998) ................................................................... 4

Cooper v. Govt. Emp. Ins. Co.,
    51 N.J. 86 (1968) ..................................................................................... 12

Gazis v. Miller,
    186 N.J. 224 (2006) ................................................................................. 12

In re Human Tissue Prods. Liab. Litig.,
    2009 WL 1097671 (D.N.J. Apr. 23, 2009) ................................................ 4

In re Kozlov,
    79 N.J. 232 (1979) ................................................................................... 11

Irgon v. Lincoln Nat'l Life Ins. Co.,
    2013 WL 6054809 (D.N.J. Nov. 15, 2013) ............................................ 3-4

Jackson v. Chubb Corp.,
    45 Fed. App'x 163 (3d Cir. 2002) .............................................................. 3

Koninklijke Philips Elecs. N.V. v. Hunt Control Sys., Inc.,
    2014 WL 5798109 (D.N.J. Nov. 7, 2014) ................................................. 4

Nat'l Union Fire Ins. Co. of Pittsburgh v. Becton, Dickinson and Co.,
    2018 WL 627378 (D.N.J. Jan. 30, 2018) .......................................... *passim*

NL Indus., Inc. v. Commercial Union Ins. Co.,
    144 F.R.D. 225 (D.N.J. 1992) ........................................................... 10 n.5

Passaic Valley Sewerage Comm'rs v. St. Paul Fire and Marine Ins. Co.,
    206 N.J. 596 (2011) ............................................................................ 7 n.3

Reliance Ins. Co. v. Armstrong World Indus., Inc.,
   292 N.J. Super. 365 (App. Div. 1996) .......................................................... 12

Sears Roebuck & Co. v. Nat. Fire Ins. Co. of Pittsburgh,
   340 N.J. Super. 223 (App. Div. 2001) .................................................... 12-13

Vanderwerff v. Quincy Bioscience Holding Co., Inc.,
   2018 WL 6243040 (D.N.J. Nov. 28, 2018) .................................................. 4

Rules & Statutes

Fed. R. Civ. P. 72(a) ................................................................................................ 3

L. Civ. R. 72.1(c)(1)(a) ..................................................................................... 1, 3

Defendants Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company (collectively, "Hartford") and defendants The Continental Insurance Company ("Continental") and Wellfleet New York Insurance Company as successor to Atlanta International Insurance Company ("AIIC" and, together with Hartford and Continental, "Defendants"), respectfully submit this joint reply brief pursuant to L. Civ. R. 72.1(c)(1)(A) in further support of their appeal of the October 8, 2020 order entered by the Honorable Edward S. Kiel, U.S.M.J., denying Defendants' request to compel plaintiff GEA Mechanical Equipment U.S., Inc. ("GEA") to produce certain information and documents containing attorney-client communications and/or attorney work product.

## PRELIMINARY STATEMENT[1]

GEA's opposition not only fails to adequately refute Defendants' arguments as to why Judge Kiel's Order is contrary to law, but also relies on falsehoods, inaccuracies and misapplication of facts. As addressed in Defendants' moving brief, Judge Kiel relied extensively on <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Becton, Dickinson and Co.</u>, 2018 WL 627378 (D.N.J. Jan. 30 2018), and incorrectly found that the conclusions reached in <u>Becton</u> -- *based upon the facts in that case* -- equally apply to the distinct factual circumstances here. Unlike

---

[1] All abbreviated terms used but not defined herein have the meanings ascribed to them in Defendants' moving brief.

1

Becton, here, Defendants have unequivocally stated that, had GEA provided timely notice of the underlying claim, Defendants would have participated in the defense of the Thornton claim and thus would have had contemporaneous access to GEA's defense counsel's analyses regarding defense and settlement strategy. Such access would be consistent with Hartford's direct communications with Miles & Stockbridge -- the *same* counsel GEA retained for the Thornton action -- with regard to prior asbestos claims. In its opposition, GEA asserts that the insurer in Becton "did in fact contend that it would have participated in the underlying litigation." This statement is patently false. In fact, the insurer in Becton made no such representation. Therefore, Becton is inapplicable to the present circumstances. As such, Judge Kiel's denial of Defendants' Application is contrary to law.

Here, Defendants seek the production of certain privileged documents and information relating to the defense strategy and analysis, settlement negotiations and analysis, and decision making with regard to the defense and potential settlement of the Thornton action -- all of which Defendants would have already received had it not been for GEA's flagrant breach of its notice obligations under Defendants' policies. Had GEA provided timely notice of the Thornton claim (as opposed to tendering the claim months after a $70 million verdict and judgment had already been entered against GEA), Defendants would have

participated in GEA's defense and utilized GEA's defense counsel's analyses of the claims, defense strategy and settlement opportunities in its own evaluation of the Thornton claim. These documents are unquestionably crucial to whether Defendants were appreciably prejudiced by GEA's late notice.

Accordingly, because the Order is based on a misapplication of Becton and is contrary to law, the Order should be reversed and Defendants' Application should be granted.

## ARGUMENT

I. The Order should be reversed

A. Standard of Review

GEA attempts to muddle the standard of review by suggesting that an "abuse of discretion" standard is applicable to this appeal. However, the Federal Rules, the Local Rules and case law are all clear that a "contrary to law" standard applies here. See, e.g., Jackson v. Chubb Corp., 45 Fed. App'x 163, 166 n.7 (3d Cir. 2002) ("The District Court may reverse a magistrate judge's ruling regarding a non-dispositive issue *such as discovery* only if it is 'clearly erroneous or contrary to law.'") (emphasis added); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A). While GEA cites a number of cases for the notion that review of a magistrate judge's ruling on a discovery dispute is subject to an abuse of discretion standard, none of those cases involved an *interpretation of law* as to the application of the

3

attorney-client privilege.  See Irgon v. Lincoln Nat'l Life Ins. Co., 2013 WL 6054809, *3 (D.N.J. Nov. 15, 2013) ("Here, there is no dispute by the parties that the Magistrate Judge's decision [on a motion to compel extra-record discovery in an ERISA action] is reviewed under the clearly erroneous standard."); Koninklijke Philips Elecs. N.V. v. Hunt Control Sys., Inc., 2014 WL 5798109, *1-2 (D.N.J. Nov. 7, 2014) (appeal of an order granting motion for protective order against Rule 30(b)(6) deposition); Vanderwerff v. Quincy Bioscience Holding Co., Inc., 2018 WL 6243040, *2 (D.N.J. Nov. 28, 2018) (appeal of an order denying a motion to stay discovery and finding that magistrate's order was both not "contrary to law or an abuse of discretion").  Because Judge Kiel was asked to make a specific legal determination with regard to discovery, there is no question that a "contrary to law" standard is applicable.  See, e.g., In re Human Tissue Prods. Liab. Litig., 2009 WL 1097671, *1-2 (D.N.J. Apr. 23, 2009) (applying "clearly erroneous or contrary to law" standard to review of order compelling production of attorney-client privileged documents placed "at issue" in the litigation); Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127-28 (D.N.J. 1998) ("Although this appeal arises out of a discovery dispute over whether [plaintiff] is required to produce the Report, [the magistrate judge's] order . . . hinges upon the application of the work-product doctrine to the circumstances of this case.  Therefore, I will apply the 'clearly erroneous [or] contrary to law' standard of review.").

B. Scope of Review

GEA's argument regarding the applicable scope of review is another distraction and attempt to unnecessarily (and incorrectly) confuse the substantive issues with procedural ones. GEA argues that certain exhibits included with Defendants' moving papers were "not part of the record" before Judge Kiel. This is misleading as there was no "record" before Judge Kiel. Instead, the parties agreed to file a joint letter that included stipulated facts, without the inclusion of any exhibits (other than those detailing the parties' efforts to resolve the discovery dispute). (ECF 10). There was also no formal briefing, as Judge Kiel's decision was based on the joint letter and oral argument of the parties. Had there been a formal motion to compel, Defendants certainly would have included the same exhibits as part of the record. Moreover, the exhibits of which GEA complains merely supplement and support facts specifically referred to in the joint letter.[2] As

---

[2] GEA's tender letters to Hartford and AIIC (Ex. B to the Maloney Dec.) show GEA's tender of the Thornton claim to Hartford and AIIC on August 5, 2019, well after a verdict and judgment in excess of $70 million had already been entered against GEA. (See ECF 10 at 2). Exhibits C – G are simply full versions of the discovery requests and responses exchanged between the parties that are referenced throughout the joint letter and excerpted in Appendix A. (See id. at 3-4, 28-29). Finally, Exhibit I is an email chain showing direct communications between Hartford and GEA's defense counsel, Miles & Stockbridge, with regard to one of the two prior asbestos bodily injury claims that were timely tendered by GEA to Hartford under the same insurance policies and of which Hartford agreed to participate in the defense. (See id. at 9 n.4). Indeed, Exhibit I underscores Defendants' argument that, had GEA timely tendered the Thornton claim to Defendants, Defendants would have had direct access and communications with Miles & Stockbridge with respect to the documents requested.

5

the exhibits merely support the stipulated facts in the "record," the Court should consider them on this appeal.

> C. GEA should be compelled to produce privileged communications and documents
>
> 1. The Order is contrary to law as it misapplies certain case law to the distinct factual circumstances presented here

GEA's opposition rehashes the same arguments it presented to Magistrate Judge Kiel while continuing to rely on factual inaccuracies and mischaracterizations.

As set forth in Defendants' moving brief, Becton is distinguishable because, unlike Defendants, the Becton insurer (National Union) did not state that it would have defended the underlying claims. GEA describes this distinction as the "centerpiece" of Defendants' appeal and asserts that this distinguishing fact is "demonstrably wrong." But GEA's own opposition demonstrates the falsity of its argument. GEA indignantly accuses Defendants of knowingly "misrepresent[ing] the facts" of Becton. Yet, counsel for GEA falsely represented during oral argument that "the insurers in Becton actually did argue that they would have accepted the defense. . . . if there's any question about that, we're happy to . . . send in the briefs[.]" (Opp. Br. at 13 n.8). To be clear, National Union never stated that it would have defended Becton. Instead, National Union only stated that "the only reasonable inference is that, given the opportunity, National Union *could* have exercised its right to *associate* in BD's defense and would have

6

participated in settlement discussions." (Opp. Br. at 12-13) (emphasis added). National Union's statement that it *could* have *associated* in the defense of its insured is a far cry from Defendants' unequivocal position that they *would* have *participated* in the defense of the Thornton claim if only GEA had provided timely notice. Thus, contrary to GEA's argument, it is GEA's characterization of Becton that is "demonstrably wrong" and designed to mislead the Court.

Judge Kiel overlooked these distinguishing facts in adopting Becton's reasoning. In doing so, Judge Kiel misapplied Becton (which is not controlling) in this circumstance where Defendants would have participated in the defense and been privy to the very documents and communications which they seek but for GEA's egregiously late notice of the Thornton claim.

GEA contends that Defendants' assertion that they would have "unconditionally accepted the defense"[3] of the Thornton claim is "factually

---

[3] Defendants did not state they would have *unconditionally* defended the claim, but rather that they would have "participated in the defense." GEA also references the fact that Hartford responded to a recent tender of another asbestos claim with an offer to defend subject to a reservation of rights apparently to suggest that Defendants might not have participated in the defense of the Thornton Claim even if GEA had provided timely notice. Notwithstanding the hypocritical nature of GEA's reference to "new evidence outside of the record," New Jersey law is clear that an insurer "act[s] appropriately in proffering a defense while preserving its rights through the issuance of reservation of rights letters." Passaic Valley Sewerage Comm'rs v. St. Paul Fire and Marine Ins. Co., 206 N.J. 596, 616 (2011). "Reservation of rights letters have long been regarded as proper defense mechanisms for insurance companies. . . . By reserving rights and providing defense costs on covered claims, an insurer fulfills its defense obligations." Id. (internal citation and quotation marks omitted).

unsupported" and that the Court should not consider evidence of a "highly selective portion of the course of dealing on prior cases." (Opp. Br. at 13 n.9). GEA further mischaracterizes Defendants' position as "privilege should automatically be pierced in every late-notice case so long as the insurer merely *alleges* in a brief that it would have participated in the defense." (Id. at 14). To the contrary, Defendants again emphasize that, *under the specific circumstances of this case* -- where Defendants not only would have defended with timely notice, but Hartford has in fact participated in the defense of prior asbestos bodily injury claims involving the same exact defense counsel -- privilege should be pierced. Moreover, there is nothing "highly selective" about the email correspondence included as Exhibit I. As set forth in the joint letter, GEA timely tendered two prior asbestos claims to Hartford under the Hartford Policies, and Hartford agreed to participate in the defense of both claims and thus had direct access to GEA's defense counsel and involvement with the litigation analysis and strategy. Exhibit I is simply one example of such direct correspondence and cooperation between GEA's defense counsel and Hartford under circumstances where timely notice was provided. This is plain evidence that had GEA provided notice to Hartford, Hartford would have defended GEA in the Thornton action.

GEA additionally argues that Judge Kiel "did consider Defendants' arguments regarding the purported significance of this distinction" and cites Judge Kiel's summary reference to Defendants' position. Tellingly, GEA does not point

8

to any part of the transcript that refutes Defendants' argument that Judge Kiel "overlooked or ignored" the significance of the distinction between Hartford's position that it would have defended GEA in the Thornton matter, and National Union's position in <u>Becton</u> that it would have associated in its insured's defense. (See Opp. Br. at 14-15).

Further, Judge Kiel downplayed the importance of the fact that, had GEA provided notice, Defendants would have defended and would have had access to the privileged communications at issue. Judge Kiel speculated that "[w]e cannot assume these privileged communications would have been exactly or even substantially the same if defendants were providing coverage at the time," and that communications from GEA's defense counsel "would have been substantially different" and that "[i]t's too far of a stretch to conclude that an attorney representing what he or she believed to be an uninsured client would have acted in the same manner if there were confirmed insurance." (Transcript of Hearing, Ex. H to the Maloney Dec., at 38:14-24). However, it is unclear from Judge Kiel's decision why, for example, defense counsel's settlement evaluation would differ with or without insurance.[4] Whether GEA had insurance to pay for a settlement or

---

[4] Moreover, this ignores the fact that GEA's defense counsel in the Thornton litigation, Miles & Stockbridge, is the *same* counsel who defended GEA in the two prior asbestos claims and *had direct communications* with Hartford, who advised them that "Hartford has agreed to participate in the defense of this matter." (Ex. I to the Maloney Dec.). Thus, it is incorrect to assume that Miles & Stockbridge should have regarded GEA as an uninsured client.

9

would have to pay out-of-pocket should not change the analysis of a settlement demand and/or what amount, if anything, defense counsel suggests the case is worth based upon the injuries and the facts establishing liability.[5]

GEA further posits that Defendants' request for privileged documents under the limited circumstances present in this case "necessarily describe virtually every coverage case involving a late-notice defense" and thus Judge Kiel's adoption of <u>Becton</u>'s finding of an overbroad exception to the attorney-client privilege was correct. (Opp. Br. at 15). GEA is incorrect. As discussed above, in <u>Becton</u>, the insurer *did not* explicitly state that it would have participated in the defense of the underlying claim. Indeed, Defendants have been unable to locate a *single* other late notice case where the insurer would have defended and sought production of privileged documents. Moreover, the fact that Hartford previously agreed to participate in the defense of two prior asbestos bodily injury claims when given timely notice demonstrates the unusual "limited circumstances" under which Defendants seek to pierce privilege. Accordingly, Judge Kiel's order denying Defendants' Application was contrary to law in the misapplication of <u>Becton</u> to the present circumstances.

---

[5] GEA also mischaracterizes Defendants' arguments with respect to the common interest doctrine. Defendants do not seek to use the doctrine "offensively, to compel the piercing of privilege." (Opp. Br. at 16). Indeed, Defendants explicitly state so in their moving brief. (Mov. Br. at 5 n.1) Defendants' arguments in this regard focus solely on the extent to which Judge Kiel's misapplication of and incorrect reliance on <u>NL Indus., Inc. v. Commercial Union Ins. Co.</u>, 144 F.R.D. 225 (D.NJ. 1992) factored into his denial of Defendants' Application.

10

### 2. Defendants have satisfied the Kozlov factors for piercing privilege

GEA's opposition fails to demonstrate that Defendants have not established the three Kozlov factors. Because (1) there is a legitimate need for the documents requested, (2) the requested documents are relevant and material to the issue before the court, and (3) Defendants cannot obtain the information from a less intrusive source, the Order should be reversed and GEA should be compelled to produce the requested privileged documents. In re Kozlov, 79 N.J. 232, 243-44 (1979).

GEA falsely claims that Defendants' arguments as to legitimate need are limited to the fact that GEA initiated this coverage action and injected the issue of its compliance with policy obligations into this litigation. (See Opp. Br. at 19-20). Rather, Defendants' moving brief, as well as their arguments set forth in the joint letter to Judge Kiel, make clear that there is a legitimate need for the communications and documents relating to defense and settlement strategy and analyses, which Defendants would have had access to but for GEA's breach of its notice obligations. Such documents directly relate to both GEA's purported compliance with all conditions precedent under Defendants' policies (e.g., notice and the duty to cooperate) *and* to Defendants' coverage defenses, which are necessarily intertwined with GEA's position that it fully complied with its obligations under Defendants' policies. GEA's nonsensical argument that it did

11

not allege that it "fully complied with its obligations" under Defendants' policies, but rather that "[a]ll applicable conditions precedent to recovery, if any, have been satisfied under each of the Insurance Policies[,]" is nothing more than meaningless wordplay.  Whether GEA complied with its notice and duty of cooperation obligations -- which are both conditions precedent to coverage under Defendants' policies -- goes to the heart of the issues in this action and the ultimate determination of the availability of coverage.

> GEA's suggestion that timely notice is not a condition precedent under New Jersey law is simply false.  Gazis v. Miller, 186 N.J. 224 (2006), does not stand for such a proposition.  Indeed, Gazis discusses Cooper v. Govt. Emp. Ins. Co., 51 N.J. 86 (1968), where the New Jersey Supreme Court held that, although the notice provision is a "condition precedent" to coverage, in order to disclaim coverage on that basis, an insurer must demonstrate both breach of the notice provision and appreciable prejudice.  Cooper, 51 N.J. at 94; see also Chem. Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 817 F. Supp. 1136, 1157 (D.N.J. 1993) (referring to the notice provision in insurance policies as a "condition precedent to coverage").  It is well-settled law in New Jersey that, in an action for insurance coverage, "[t]he burden is on the insured to bring the claim within the basic terms of the policy."  Reliance Ins. Co. v. Armstrong World Indus., Inc., 292 N.J. Super. 365, 377 (App. Div. 1996); see also Sears Roebuck &

Co. v. Nat. Fire Ins. Co. of Pittsburgh, 340 N.J. Super. 223, 237-38 (App. Div. 2001) ("When resolving disputes over the application of an insurance contract, it is the insured's burden to bring the claim within the basic terms of the policy"). In Chem. Leaman, plaintiff conceded it was in breach of the notice provision, but the court held that "this admission does not end the inquiry. New Jersey law is clear that an insurer may deny coverage on the basis of a notice clause only after proving not only that the insured breached but also that the insurer suffered a likelihood of appreciable prejudice as a result." 817 F. Supp. 1136 at 1157-58. Thus, while the burden shifts to the insurer seeking to disclaim coverage on the basis of late notice to demonstrate appreciable prejudice, this does not relieve the insured of its initial burden to show that it complied with all conditions precedent to recovery, including timely notice.

    Further, the privileged communications and documents that Defendants seek are unquestionably relevant and material to the issues before the court, as they are central to the claims and defenses in this action. In opposition, GEA simply points to Judge Kiel's decision, which incorrectly relied on Becton's reasoning. Although Judge Kiel found that GEA's defense counsel's communications and analyses of settlement positions and strategy are not relevant to what Defendants would have done differently had they received timely notice, Defendants respectfully submit that Judge Kiel overlooked that such

communications would have undoubtedly factored into Defendants' own analysis and evaluation of the Thornton claim had they only been given an opportunity to participate in the defense.  Indeed, how could Defendants be expected to evaluate settlement without input and analysis from counsel defending the Thornton claim?

Finally, Defendants have shown that the information sought cannot be obtained by any less intrusive means.  As shown by Hartford's direct communications with Miles & Stockbridge relating to prior asbestos claims, with access to Miles & Stockbridge, Hartford was able to obtain exactly the types of documents currently sought by Defendants.  (See Ex. I to Maloney Dec. (requesting a "current defense report" and a "current defense budget")).  There simply is no substitute for these contemporaneous documents and communications.[6]  There is also no doubt that Defendants will be prejudiced in having to rely solely upon interrogatory responses or a deponent's likely imperfect recollection of written or oral communications years after the fact, without any documentary evidence to support and verify such responses or testimony, much less substantive analysis.  Thus, the requested communications and documents are the least intrusive source of the relevant information sought by Defendants.

---

[6] Defendants further note that while GEA acknowledges AIIC's and Continental's recently-served interrogatories seeking detailed information relating to, among other things, defense and settlement discussions, analyses and decisions, GEA fails to commit to providing such information.  (See Opp. Br. at 23 n.10).

14

CONCLUSION

For the foregoing reasons and those set forth in their moving brief, defendants Hartford Accident and Indemnity Company, Hartford Fire Insurance Company, First State Insurance Company, The Continental Insurance Company and Wellfleet New York Insurance Company as successor to Atlanta International Insurance Company respectfully request that Judge Kiel's October 8, 2020 Order be reversed and that Defendants' Application be granted.

Dated: November 9, 2020

                                        */s/ John Maloney*
                                        John Maloney
                                        Christopher K. Kim
                                        GIMIGLIANO MAURIELLO & MALONEY
                                        A Professional Association
                                        163 Madison Avenue, Suite 500
                                        P.O. Box 1449
                                        Morristown, New Jersey 07962-1449
                                        (973) 946-8360
                                        Attorneys for Defendants
                                        Hartford Accident and Indemnity Company,
                                        Hartford Fire Insurance Company and
                                        First State Insurance Company

                                        */s/ Edward M. Pinter*
                                        Edward M. Pinter
                                        Caroline McKenna
                                        FORD MARRIN ESPOSITO WITMEYER &
                                         GLESER, LLP
                                        Wall Street Plaza
                                        New York, New York 10005
                                        (212) 269-4900
                                        Attorneys for Defendants
                                        The Continental Insurance Company and
                                        Wellfleet New York Insurance Company as
                                        successor to Atlanta International Insurance
                                        Company