

John Maloney
Direct Dial  973-946-8203
jmaloney@lawgmm.com

August 27, 2021

<u>VIA ECF</u>
Honorable Edward S. Kiel, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King, Jr. Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: <u>GEA Mechanical Equipment US, Inc. v. Federal Insurance Company et al.</u>
     Case No.:  2:20-cv-9741 (BRM) (ESK)

Dear Judge Kiel:

  This firm represents defendants Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company (collectively, "Hartford") in the above-referenced matter.  On behalf of Hartford, defendants The Continental Insurance Company ("Continental") and Wellfleet New York Insurance Company as successor to Atlanta International Insurance Company ("AIIC" and, together with Hartford and Continental, the "Defendants"), and plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff" and, together with Defendants, the "Parties"), we submit this joint letter concerning the Parties' dispute as to Defendants' request for a brief extension of the discovery deadlines.

   I. <u>The Dispute and Parties' Efforts at Resolution</u>

  On April 13, 2021, Your Honor entered a Scheduling Order that extended the fact discovery deadline in this action to August 31, 2021.  [ECF 31].  On May 26, 2021, Judge Martinotti issued an Order and Opinion affirming Your Honor's October 8, 2020 decision denying Defendants' motion to compel.  [ECF 32 & 33].  Prior to Judge Martinotti's decision, the Parties had refrained from pursuing depositions with the Court's permission so as to avoid potentially duplicative discovery.  On July 7, 2021, the Parties submitted a joint status letter to the Court which provided an update as to the progress of discovery in advance of the July 13, 2021 status conference with Your Honor.  [ECF 34].  In that letter, the Parties sought adjustments to the deadlines relating to expert discovery and summary judgment motions, but did not modify the August 31, 2021 deadline for fact discovery.  Your Honor granted the Parties' proposed revisions to the discovery schedule.  [ECF 36].

Gimigliano Mauriello & Maloney, P.A.

Honorable Edward S. Kiel, U.S.M.J.
August 27, 2021
Page 2

On August 24, 2021, counsel for Hartford requested Plaintiff's counsel's consent to an extension of the fact discovery period. Plaintiff's counsel responded via email that same day that Plaintiff would not consent to an extension of discovery. Counsel for Plaintiff and Hartford met and conferred on August 25, 2021, but were unable to resolve the dispute. Accordingly, the Parties respectfully request the Court's assistance and set forth their respective positions as follows.

    II.    <u>Defendants' Position</u>

Pursuant to Federal Rule 16, the Court has the discretion to manage the schedule of litigation. <u>See</u> Fed R. Civ. P. 16; <u>see also</u> <u>U.S. Sec. & Exch. Comm'n v. Infinity Grp. Co.</u>, 212 F.3d 180, 197 (3d Cir. 2000) (stating that "[m]atters of docket control and scheduling are within the sound discretion of the district court"). Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish good cause, the party seeking the extension must show that the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) Advisory Committee Notes to 1983 Amendments.

As noted above, during the July 13, 2021 status conference with Your Honor, the Parties did not request an extension of the August 31, 2021 fact discovery deadline. In the six weeks since, the Parties have worked diligently to complete fact discovery. Indeed, in that time the Parties completed four depositions, including the 30(b)(6) depositions of representatives for each of the Parties, as well as the 30(b)(6) deposition of third party Miles & Stockbridge (Plaintiff's national coordinating counsel for the underlying action). The deposition of another third party 30(b)(6) witness (Plaintiff's local counsel in the underlying action) is scheduled to occur on August 31. Supplemental document productions were made by Plaintiff on August 10 and by Continental on August 20. Hartford is likely to make a small supplemental production and is also evaluating potential amendments to its discovery responses. Additionally, Hartford issued subpoenas for documents and depositions to two other third parties (other counsel in the underlying action). Hartford has not yet received responsive documents and is unlikely to receive such documents prior to the current fact discovery deadline. Those depositions are on hold pending receipt and review of the requested documents. Defendants also need additional time to assess whether and to what extent additional discovery is warranted based on the outstanding depositions and subpoenas.

As evident from the foregoing, despite Defendants' diligent efforts, fact discovery cannot reasonably be completed by the current August 31, 2021 deadline. While we are reluctant to seek additional time (and refrained from doing so previously), Defendants respectfully submit that a modest four-week extension of all existing deadlines is reasonable under the circumstances and will not prejudice Plaintiff. Accordingly, Defendants respectfully submit that good cause exists for an extension of the discovery deadlines, as set forth in the proposed order enclosed herewith.

Gimigliano Mauriello & Maloney, P.A.

Honorable Edward S. Kiel, U.S.M.J.
August 27, 2021
Page 3

> III.   Plaintiff's Position

As Defendants concede, in order to obtain yet another extension of the fact discovery deadline, they bear the burden of showing "good cause" by demonstrating that they could not meet the current deadline despite their diligence.  Defendants cannot demonstrate that they acted diligently in pursuing the discovery that is the primary reason for their requested extension.

Defendants represented to Your Honor on July 7, 2021 that the Parties were "on track to complete fact discovery by the current deadline of August 31, subject to the testimony elicited at the [then current round of] depositions." [ECF 34].  The main discovery now driving Defendants' eleventh-hour request does not grow out of any recent depositions. Instead, it involves discovery (by subpoenas) of settlements by two co-defendants in the underlying Thornton matter, who have been known about since the inception of this case.  Perhaps owning to the dubious relevance of this third party discovery, Hartford waited until the last minute to seek it, which is the antithesis of diligence.  As such, Hartford cannot now complain that the two Florida-based third parties it just subpoenaed are "unlikely" to be able to respond by August 31, 2021.

An extension also is not warranted based on the limited supplemental productions made on August 10 and 20, 2021, by GEA Mechanical and Continental.  Both productions consist of a handful of documents inadvertently omitted from prior productions, for which no follow up has been requested by any Party, and which are not related in any way to the additional discovery Defendants seek during the proposed extended discovery period.  Finally, Defendants' open ended request for more time to "assess" whether to request additional discovery is surely not good cause.  This amounts to a request for more time to look for additional reasons to request yet more time

As Your Honor is aware, GEA Mechanical has patiently endured numerous serial delays at the hands of Defendants in getting its coverage claim resolved.  GEA Mechanical initially filed this case in state court more than two years ago, on August 6, 2019.  The initial state court scheduling order set a fact discovery deadline of July 31, 2020 (subsequently extended to October 30, 2020).  GEA Mechanical dutifully made discovery in the state court action, materially completing its document production on July 2, 2020.  With GEA Mechanical's written discovery materially complete and the case poised to proceed through deposition discovery in state court, Hartford on July 31, 2020, removed the case to this Court.  [ECF 1].  A series of procedural maneuvers followed resulting in the current fact discovery deadline.  Among other things, the Defendants on September 21, 2020 moved to compel privileged and work product documents properly withheld by GEA Mechanical from its document production [ECF 10].  On October 8, 2020, Your Honor denied that motion.  [ECF 17].  Defendants appealed [ECF 20] and took the position that depositions should not proceed to avoid potential duplication.  With the appeal pending, Your Honor on January 12, 2021 issued an order extending the fact discovery deadline to May 14, 2021.  [ECF 28].  The January 12, 2021 Order provides that:

Gimigliano Mauriello & Maloney, P.A.

Honorable Edward S. Kiel, U.S.M.J.
August 27, 2021
Page 4

> All depositions of fact witnesses must be completed by the close of fact discovery. No fact discovery is to be issued or engaged in beyond that date, except for good cause shown. [ECF 28].

On April 7, 2021, the Parties submitted a joint letter to Your Honor in advance of the April 13, 2021 status conference. [ECF 30]. In that letter the Parties represented that they:

> have cooperated in scheduling (and adjourning) fact depositions, but to date have refrained from moving forward with fact depositions while the appeal is pending. [ECF 30].

In other words, as of April 2021, the Parties had already identified who they wanted to depose and were only waiting for a ruling on the privilege appeal to proceed with the desired depositions.[1] On this basis, Your Honor extended the fact discovery deadline to August 31, 2021 and again reiterated that:

> All depositions of fact witnesses must be completed by the close of fact discovery. No fact discovery is to be issued or engaged in beyond that date, except for good cause shown. [ECF 31].

On May 26, 2021, Judge Martinotti affirmed Your Honor's privilege ruling. [ECF 32 and 33]. The Parties proceeded to schedule their pending depositions. Amidst that scheduling, on July 7, 2021, the Parties submitted a joint letter in advance of the July 13, 2021 status conference stating that:

> [t]he depositions of all party 30(b)(6) witnesses as well as one third party 30(b)(6) witness are scheduled to occur over the next several weeks. The parties thus believe that they are on track to complete fact discovery by the current deadline of August 31, subject to the testimony elicited at the depositions. [ECF 34].

Conspicuously absent from Defendants' request is any legitimate reason grounded in "testimony elicited at the depositions." Instead, Defendants are seeking an extension mainly to take belated discovery (by subpoenas) into settlements by two co-defendants in the underlying Thornton action. The identity of these co-defendants, who were named in the Thorntons' initial complaint, has been open and obvious from the outset of this action. For undisclosed reasons, Hartford waited until August 10, 2021 to start to attempt to get discovery from defense counsel for one of the co-defendants (Pall), and until August 24, 2021 to try to get discovery from underlying plaintiffs' counsel concerning the other (Lighnin/SPX). No proofs of service for either subpoena have been filed, as required by FRCP 45(b)(4), so the time to respond under both

---

[1] Hartford served deposition notices for GEA Mechanical-related witnesses in August, November and December 2020, and GEA Mechanical served deposition notices on the Defendants in October, 2020. On August 6, 2021, Harford served one additional notice for another member of GEA Mechanical's underlying defense team. That deposition is scheduled to take place within the current discovery period.

Gimigliano Mauriello & Maloney, P.A.

Honorable Edward S. Kiel, U.S.M.J.
August 27, 2021
Page 5

subpoenas is presumptively not reasonable and thus runs up against the prohibition in this Court's scheduling orders precluding fact discovery "engaged in beyond" the deadline.

There is not, nor could there be, good cause for the current request.[2] The prejudice to GEA Mechanical is evident, as the current request is almost certainly a set up for further actions precipitating additional delays. Hartford's last minute subpoenas are directed to law firms in Florida. There will be inevitable objections based on privilege, work product and settlement confidentiality. Thus, even if some initial productions could be made by the firms within the requested extension, there surely will not be adequate time to address objections, leading to inevitable requests for additional extensions and further delays, particularly in light of the COVID situation in Florida. If the discovery at issue were important, it could and should have been sought alongside of the discovery represented in the Parties' July 7, 2021 letter to be "on track" to be completed by August 31, 2021 (*i.e.*, shortly after the Court's May 26, 2021 Order, at the latest).

Defendants' other asserted reasons for the requested extension are equally devoid of good cause. The August 10 and 20, 2021 supplemental productions consisted of a handful of documents inadvertently omitted from prior productions, for which no follow up is requested by any Party. Hartford's suggestion that it may at this late juncture make a supplemental production and/or amend prior discovery responses belies diligence. Hartford responded to GEA Mechanical's discovery requests on June 8 and October 28, 2020, and served supplemental responses on February 11, 2021. GEA Mechanical deposed Hartford's 30(b)(6) witnesses on July 15, 2021 and examined him extensively regarding Hartford's extant discovery responses. Supplementing or amending those responses now belies diligence and is not good cause for an extension. To the contrary, it is prejudicial sandbagging. Finally, Defendants assertion that they need more time to "assess" whether additional discovery is needed is not good cause. Defendants are not entitled to an extension so they can use the time to look for reasons to request yet another extension.

For all of the foregoing reasons, Plaintiff respectfully requests that Defendants' application to extend the August 31, 2021 fact discovery deadline be denied.

IV.     Defendants' Reply

To paraphrase Queen Gertrude, "the Plaintiff doth protest too much, methinks." Defendants' request for a 28-day extension of fact discovery is neither unreasonable nor unusual. Moreover, despite Plaintiff's lengthy diatribe, Defendants have demonstrated good cause for this modest extension.

Plaintiff's recitation of the procedural history of this action only demonstrates that Defendants have at all times diligently engaged in discovery. The "serial delays" of which

---

[2] Defendants' request for a month extension inexplicably is more than the approximately two weeks they initially requested from Plaintiffs.

Gimigliano Mauriello & Maloney, P.A.

Honorable Edward S. Kiel, U.S.M.J.
August 27, 2021
Page 6

Plaintiff complains relate to the exercise of Defendants' right to removal. Plaintiff's accusation of "procedural maneuvers" by Defendants is apparently a reference to Defendants' motion to compel discovery. While that motion was denied, Plaintiff does not (and cannot) suggest that removal was inappropriate or that the motion was frivolous or made in bad faith solely to cause delay. We recognize that, with Your Honor's consent, discovery was on hold while the appeal of the discovery motion was pending before Judge Martinotti. After the issuance of that decision, the parties hit the road running. The parties condensed all of the depositions in this case into the past six weeks as part of a concerted effort to complete fact discovery. Despite these tremendous efforts, the breakneck pace of discovery has not permitted Defendants to obtain all necessary discovery in that truncated time frame. The point of fact discovery is to allow the parties to uncover facts relevant to the litigation, not to engage in a "gotcha" game as time expires.

Defendants have also not delayed in pursuing third party discovery. Defendants reasonably decided to pursue certain depositions first (e.g., Plaintiff's and Miles & Stockbridge's 30(b)(6) designees) before making decisions as whether and what additional documents and depositions should be pursued. And while certain third parties have been cooperative, they understandably require additional time to search for documents and potentially prepare witnesses for depositions.[3]

Plaintiff also baselessly alleges that Defendants' request for an extension is "almost certainly a set up for further actions precipitating additional delays." We strongly disagree. While we cannot predict what response we will receive from the subpoenaed entities, we can assure the Court that the subpoenas were not issued for the purpose of causing delays. To the extent that objections arise (which we submit are far from "inevitable"), the Defendants are confident that the parties can work together to resolve them expeditiously, either with or without Court involvement.

Finally, Plaintiff suggests that amending discovery responses at this juncture "belies diligence" and that Hartford is engaging in "prejudicial sandbagging" because Plaintiff already deposed Hartford's 30(b)(6) witness. Contrary to Plaintiff's unfounded accusations, Hartford is contemplating amending its responses and/or supplementing its document production precisely because of the testimony of its witness. Hartford has an ongoing obligation to supplement its discovery responses as discovery progresses – an obligation that Hartford takes seriously. We very much doubt that Plaintiff would prefer that Hartford not supplement its responses (and suspect that Plaintiff's howls would be louder if that were in fact the case).

For the foregoing reasons, Defendants respectfully submit that good cause exists for a 4-week extension of the discovery deadlines, as set forth in the proposed order enclosed herewith.

---

[3] Plaintiff misreads Fed. R. Civ. P. 45(b)(4) in suggesting that proofs of service must be filed. Pursuant to that Rule, proofs of service are to be filed only "when necessary." Plaintiff does not suggest any reason why filing proofs of service is necessary here (and Defendants are not aware of any). Plaintiff therefore has no basis to assert that the time to respond is "presumptively not reasonable" or that Hartford seeks to engage in discovery beyond the fact discovery deadline. To the contrary, the whole point of seeking an extension is to avoid doing so.

# Gimigliano Mauriello & Maloney, P.A.

Honorable Edward S. Kiel, U.S.M.J.
August 27, 2021
Page 7

We thank Your Honor for the time and courtesies extended in this matter.

Respectfully,

/s/ *John Maloney*

JOHN MALONEY

Enclosure
cc: All counsel of record (w/encl.) (via ECF)