IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD FIRE INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY), WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY), CONTINENTAL INSURANCE COMPANY, and XYZ INSURANCE COMPANIES, <br><br> Defendants. | Civil Action No. 2:20-cv-9741-BRM-ESK <br><br><br> AMENDED SCHEDULING ORDER |

THIS MATTER having been opened to the Court pursuant to the Court's March 13, 2022 Text Order and upon the joint application of plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff") and defendants Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company, The Continental Insurance Company and Wellfleet New York Insurance Company as successor to Atlanta International Insurance Company (collectively, "Defendants") for a consent order amending the scheduling order as to dispositive motions in this action, establishing page limits for briefs in support of dispositive motions, and other related relief, and counsel for all parties having consented to the relief requested, and good cause appearing,

IT IS on this **12th** day of May 2022,

ORDERED that the following amended deadlines and page limits shall apply with respect to dispositive motions and supporting materials in this matter:

(1) Plaintiff shall serve its summary judgment motion and supporting materials on or before June 24, 2022 and its supporting brief shall be limited to forty pages;

(2) Defendants shall serve their opposition to Plaintiff's motion for summary judgment and their cross-motion for summary judgment and supporting materials on or before August 5, 2022 and their supporting brief shall be limited to sixty pages;

(3) Plaintiff shall serve reply papers in further support of its motion for summary judgment and in opposition to Defendants' cross-motion and supporting materials on or before September 16, 2022 and its supporting brief shall be limited to forty pages;

(4) Defendants shall serve a reply in further support of their cross-motion for summary judgment and supporting materials on or before October 14, 2022 and their supporting brief shall be limited to twenty pages; and it is

FURTHER ORDERED that, pursuant to the Court's March 13, 2022 Text Order, and subject further to this Order, Plaintiff shall file all of the foregoing motion papers simultaneously under separate docket entries on or before October 21, 2022. Motions to seal or otherwise restrict public access shall comport with Local Rule 5.3(c), with the timing requirement of Local Rule 5.2(c)(2) being triggered by the date of Plaintiff's filing of the foregoing papers. No courtesy copies are to be filed with the Court.

FURTHER ORDERED that the parties shall cooperate amongst themselves to accommodate reasonable extensions of the foregoing deadlines.  Modifications of interim service deadlines need not be reported to the Court.  The parties shall meet and confer to address any requested modifications to the foregoing page limitations of briefs, which modifications must be approved by the Court.

FURTHER ORDERED that, should the parties elect to engage in further mediation during the course of briefing the parties' summary judgment motions, the above date for filing summary judgment papers with the Court may be extended, with notice to the Court and consent of all parties, pending such mediation.

FURTHER ORDERED that Plaintiff is hereby granted leave to file a third amended complaint, and Defendants are granted leave to file Answers thereto.  As respects any Future Underlying Actions (as defined in the Second Amended Complaint) that are asserted on or after the date of this Amended Scheduling Order, any claims for coverage eliminated in the third amended complaint are hereby reserved and shall not be barred by the entire controversy doctrine.

*/s/ Edward S. Kiel*
_____
Hon. Edward S. Kiel, U.S.M.J.

The undersigned hereby consent to the entry of the foregoing order.

| | |
|---|---|
| GIMIGLIANO MAURIELLO & MALONEY<br>A Professional Association<br>Attorneys for Defendants<br>Hartford Accident and Indemnity Company,<br>Hartford Fire Insurance Company and<br>First State Insurance Company | K&L GATES LLP<br>Attorneys for Plaintiff<br>GEA Mechanical Equipment US, Inc. |
| By: /s/      *John Maloney*<br>         JOHN MALONEY | By: /s/      *Donald W. Kiel*<br>         DONALD W. KIEL |
| Dated: May 11, 2022 | Dated: May 11, 2022 |

FORD MARRIN ESPOSITO WITMEYER
 & GLESER, L.L.P.
Attorneys for Defendants
The Continental Insurance Company and
Wellfleet New York Insurance Company,
as successor to Atlanta International Insurance Company


By: /s/         *Edward M. Pinter*
         EDWARD M. PINTER

Dated: May 11, 2022