IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST STATE INSURANCE COMPANY; <br><br> HARTFORD ACCIDENT AND INDEMNITY COMPANY; <br><br> HARTFORD FIRE INSURANCE COMPANY; <br><br> WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); and <br><br> CONTINENTAL INSURANCE COMPANY. <br><br> Defendants. | Civil Action No. 2-20-cv-09741-BRM-ESK <br><br> Hon. Brian R. Martinotti, U.S.D.J. <br> Hon. Edward S. Kiel, U.S.M.J. |

### THIRD AMENDED COMPLAINT, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL

Plaintiff, GEA Mechanical Equipment US, Inc. ("Plaintiff" or "GEA Mechanical"), with its principal place of business at 100 Fairway Court, Northvale, New Jersey 07647, by its attorneys K&L Gates LLP, for its Third Amended Complaint against Defendants alleges as follows:

-1-

## NATURE OF THE ACTION

1. This is an insurance coverage action for breach of contract.

2. GEA Mechanical seeks insurance coverage under certain standard form comprehensive general liability insurance policies purchased from the Defendants for sums that GEA Mechanical expended in settlement of a claim for asbestos-related bodily injury made against GEA Mechanical.

## THE PARTIES

3. GEA Mechanical is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters and principal place of business located in Northvale, New Jersey. As described below, GEA Mechanical is the successor by merger to GEA Westfalia Separator, Inc. (f/k/a Centrico Inc.).

4. Centrico Inc. ("Centrico") was a corporation organized and existing under the laws of the State of New York, with its corporate headquarters and principal place of business located in Northvale, New Jersey since March 17, 1950. On April 30, 1996, Centrico changed its name to Westfalia Separator, Inc. On June 30, 2008, Westfalia Separator, Inc. changed its name to GEA Westfalia Separator, Inc. On December 30, 2010, GEA Westfalia Separator, Inc. merged into GEA Westfalia Separator Reorganization, LLC. On or about December 31, 2010, GEA Westfalia Separator Reorganization, LLC merged into GEA Mechanical. GEA Mechanical was formed as a Delaware corporation on December 1, 2010.

5. Upon information and belief, Continental Insurance Company is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Chicago, Illinois. At all relevant times, Continental Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

6. Upon information and belief, First State Insurance Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Boston, Massachusetts. At all relevant times, First State Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

7. Upon information and belief, Hartford Accident and Indemnity Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. At all relevant times, Hartford Accident and Indemnity Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

8. Upon information and belief, Hartford Fire Insurance Company is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. At all relevant times, Hartford Fire Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

9. Upon information and belief, Wellfleet New York Insurance Company, successor to Atlanta International Insurance Company, is a corporation incorporated under the laws of the State of New York with its principal place of business in Fort Wayne, Indiana. At all relevant times, Atlanta International Insurance Company was either licensed in New Jersey, pursuant to N.J.S.A. 17:32-1, et seq., or authorized to transact the business of insurance in New Jersey pursuant to N.J.S.A. 17:50-1, et seq.

## JURISDICTION

10. This Court has jurisdiction because, among other things, each Defendant:

(a) is licensed or authorized to do business in the State of New Jersey; or

  (b) transacts or has transacted the business of selling insurance in the State of New Jersey during relevant time periods; or

  (c) has agreed to insure a person, property, and/or risk located within the State of New Jersey, and issued insurance policies to insure the New Jersey based predecessor of the New Jersey based plaintiff; or

  (d) has voluntarily submitted itself to the jurisdiction of this Court.

## THE INSURANCE POLICIES

11. The Defendants sold various standard form primary, umbrella, and excess comprehensive general liability insurance policies, including, but not limited to, those listed on Exhibit A attached hereto (collectively, the "Insurance Policies").

12. Centrico, predecessor to GEA Mechanical, is an insured policyholder under each of the Insurance Policies.

13. All required premiums were paid to the Defendants to purchase the Insurance Policies.

14. All applicable conditions precedent to recovery, if any, have been satisfied under each of the Insurance Policies, or, alternatively, all conditions precedent have been waived and/or will be satisfied upon the exhaustion or unavailability of coverage underlying each of the applicable Insurance Policies.

15. The Insurance Policies require the Defendants to defend and indemnify and/or pay the costs of the investigation, defense, and indemnity (including settlements and judgments) of the Underlying Action, as defined and described below.

## THE UNDERLYING ACTION

16. GEA Mechanical was named (as "GEA Mechanical Equipment US, Inc., f/k/a GEA Westfalia Separator, Inc.") as a defendant in *Thornton v. Alfa Laval, Inc., et al.*, Case No. 17-006018 CA 42, Circuit Court for Miami-Dade County, Florida (the "Underlying Action").

17. The plaintiffs in the Underlying Action sought judgment for damages arising out of alleged exposure to asbestos-containing products that were allegedly manufactured, sold, and/or distributed by GEA Mechanical, including Centrico.

18. On or about June 17, 2019, the jury in the Underlying Action awarded plaintiffs past and future compensatory damages against GEA Mechanical in the amount of $70,102,000.00. On or about June 19, 2019, the trial court entered a judgment on the jury verdict. On or about September 24, 2019, GEA Mechanical entered into a confidential settlement agreement in the Underlying Action.

19. The allegations asserted against GEA Mechanical in the Underlying Action, the damages sought therein, and the sums expended to settle the same are within the coverage provided by the Insurance Policies. Despite demands therefor, Defendants have failed and refused to pay amounts due from them under the Insurance Policies to pay for or, to reimburse GEA Mechanical for its payment of, the settlement.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT FOR ASBESTOS INDEMNITY

20. The averments of each of the preceding paragraphs are incorporated herein by reference as if set forth at length.

21. The Insurance Policies provide coverage for liability for damages because of bodily injury or personal injury, including damages arising out of the Underlying Action.

22. Each of the Defendants has failed to honor and has disputed the extent of its obligations in accordance with applicable law to pay sums which GEA Mechanical has paid in connection with the Underlying Action.

23. By reason of the foregoing, an actual and justiciable controversy exists between GEA Mechanical and each of the Defendants.

24. GEA Mechanical is entitled to a determination by this Court of its rights and the obligations of the Defendants under the Insurance Policies to indemnify GEA Mechanical with respect to any liability for all sums of money that GEA Mechanical has paid in connection with the settlement of the Underlying Action.

25. GEA Mechanical seeks a judicial determination by this Court of each Defendant's obligations to pay indemnity costs incurred by GEA Mechanical in the Underlying Action. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, Plaintiff demands judgment in its favor against the Defendants:

(a) declaring and adjudging the rights and obligations of the parties with respect to indemnity coverage for the Underlying Action;

(b) for compensatory damages, together with pre- and post-judgment interest;

(c) requiring the Defendants to pay GEA Mechanical's reasonable attorneys' fees in this action pursuant to R. 4:42-9(a)(6);

(d) requiring the Defendants to repay GEA Mechanical for the costs of suit incurred herein; and

(e) providing for such other and further relief, including any appropriate equitable relief, as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GEA Mechanical Equipment US, Inc., hereby demands a jury trial for all claims so triable.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: /s/ Donald W. Kiel
    Donald W. Kiel

-and-

Joseph C. Safar (admitted *pro hac vice*)
Erin D. Fleury (admitted *pro hac vice*)

Dated: May 13, 2022

Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Donald W. Kiel is hereby designated as trial counsel.

Respectfully submitted,

**K&L GATES LLP**
Attorneys for Plaintiff

By: _____
    Donald W. Kiel

-and-

Joseph C. Safar (admitted *pro hac vice*)
Erin D. Fleury (admitted *pro hac vice*)

Dated:  May 13, 2022

Attorneys for Plaintiff, GEA Mechanical Equipment US, Inc.

**CERTIFICATION PURSUANT TO R. 4:5-1**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated. I am not aware of any other party which should be joined in this action pursuant to R. 4:28. I am not aware of any other party which is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

K&L GATES LLP
Attorneys for Plaintiff

By: _____
DONALD W. KIEL
A Member of the Firm

Dated: May 13, 2022