FORD MARRIN ESPOSITO WITMEYER
   & GLESER, L.L.P.
Edward Pinter (Attorney ID # 041091989)
Caroline McKenna (Attorney ID # 315722019)
Wall Street Plaza, 16th Floor
New York, NY 10280
Tel.: (212) 269-4900
*Attorneys for Defendant Continental Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEA MECHANICAL EQUIPMENT US, INC.<br><br>                Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY (successor to AETNA CASUALTY AND SURETY COMPANY); WELLFLEET NEW YORK INSURANCE COMPANY (successor to ATLANTA INTERNATIONAL INSURANCE COMPANY); CONTINENTAL INSURANCE COMPANY; and XYZ INSURANCE COMPANIES.<br><br>                Defendants. | Civil Action No. 2-20-cv-09741-BRM-ESK |

## CONTINENTAL INSURANCE COMPANY'S ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Continental Insurance Company (Continental) responds to the Third Amended

Complaint ("Complaint") of Plaintiff GEA Mechanical Equipment US, Inc. ("Plaintiff" or

"GEA"), as follows:

## **NATURE OF THE ACTION**

1. Paragraph 1 is a statement of the purported nature of this action to which no response is required.

2. Paragraph 2 is a statement of the purported nature of this action and the type of damages sought to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 2 to the extent they are directed to Continental and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 2.

## **THE PARTIES**

3. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 3.

4. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 4.

5. Continental admits the allegations set forth in Paragraph 5.

6. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 6.

7. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 7.

8. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 8.

9. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 9.

## JURISDICTION

10. Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 10.

## THE INSURANCE POLICIES

11. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 15, many of which are directed at other parties, except Continental admits only that Continental issued policy numbers SRU2153318 with a policy period of 8/25/79 – 10/25/80, SRU3192930 with a policy period of 10/25/80 – 10/25/81, and SRU1591549 with a policy period of 10/25/81 – 10/25/82, to Centrico, Inc. ("Continental policy").

12. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 12. Continental admits only that Continental issued policy numbers SRU2153318 with a policy period of 8/25/79 – 10/25/80, SRU3192930 with a policy period of 10/25/80 – 10/25/81, and SRU1591549 with a policy period of 10/25/81 – 10/25/82 to Centrico Inc.

13. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 13.

14. Continental denies the allegations set forth in Paragraph 14 to the extent they relate to the Continental policies, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 14.

15. The allegations set forth in Paragraph 20 are speculative and/or legal conclusions and/or interpretations of contracts that speak for themselves, to which no response is required. To

the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 20 to the extent they are directed to Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 20.

## THE UNDERLYING ACTION

16. Upon information and belief, Continental admits the allegations set forth in Paragraph 16.

17. Continental states that the allegations of the complaint in the Underlying Action and/or assertions set forth in other filings made therein speak for themselves, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 17.

18. Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 18.

19. The allegations set forth in Paragraph 19 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 19 to the extent they relate to Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 19.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT FOR ASBESTOS INDEMNITY

20. Continental incorporates the averments of each of the preceding paragraphs herein as if set forth at length.

21. The allegations set forth in Paragraph 21 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 21 to the extent they relate to

Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 21.

22. The allegations set forth in Paragraph 22 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations set forth in Paragraph 22 to the extent they allege that Continental has "failed to honor" its obligations, and to the extent they allege the existence of any obligation on the part of Continental with respect to the Underlying Action. Continental otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 22.

23. The allegations set forth in Paragraph 23 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 23.

24. The allegations set forth in Paragraph 24 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies that Plaintiff is entitled to any determination, declaration or damages award as against Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 24.

25. The allegations set forth in Paragraph 25 are speculative and/or are legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies that Plaintiff is entitled to any determination, declaration or damages award as against Continental, and otherwise denies knowledge or information sufficient to ascertain the truth of the allegations set forth in Paragraph 25

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent it has failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, estoppel, laches and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The rights and obligations of Continental are defined and governed solely by the declarations, limits of liability, terms, exclusions, conditions, endorsements, and other provisions of any policies issued by Continental.

### SIXTH AFFIRMATIVE DEFENSE

There is no coverage under any policies issued by Continental for the claims asserted in the Underlying Action because Plaintiff provided late notice of the claim and/or of the Underlying Action to Continental, and Continental has been substantially, irreparably, and appreciably prejudiced by such late notice.

### SEVENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action because the claims do not allege or constitute an "occurrence" under any policy issued by Continental.

### EIGHTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action to the extent the alleged bodily injury did not occur during the policy period of any policy issued by Continental.

### NINTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action to the extent the alleged "bodily injury" was caused by a condition that existed prior to the inception of any policy issued by Continental.

### TENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action because Plaintiff did not meet the conditions precedent to coverage of any policy issued by Continental.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that any right of subrogation, indemnification or contribution Continental has or may have had has been impaired, compromised or prejudiced, the claims asserted in the Third Amended Complaint are barred as to Continental.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are not covered to the extent that any alleged damages are not "damages" within the meaning of any policy issued by Continental.

### THIRTEENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for any settlement agreement in the Underlying Action that is collusive and/or unreasonable.

### FOURTEENTH AFFIRMATIVE DEFENSE

In the event that Continental is found to be in any way liable in this matter, any coverage must be appropriately allocated among all insurers as well as to uninsured, self-insured and/or other-insured periods in accordance with the terms and conditions of the Stipulation Regarding Allocation entered into between Plaintiff, Hartford, AIIC, and Continental, dated May 20, 2022.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Underlying Action are barred from coverage to the extent that liability was assumed by another party and/or became the responsibility of another party via any contract or any other agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE

There is no insurance coverage under any policy issued by Continental for the claims asserted in the Underlying Action to the extent the Plaintiff or any insured(s) voluntarily made a payment, assumed any obligation, or incurred any expense.

### SEVENTEENTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by Continental for the claims asserted in the Underlying Action because Plaintiff has failed to cooperate with Continental.

### EIGHTEENTH AFFIRMATIVE DEFENSE

There is no coverage under any excess or umbrella policy of insurance issued by Continental unless and until all available underlying insurance is exhausted.

### NINETEENTH AFFIRMATIVE DEFENSE

Continental reserves the right to assert any and all additional defenses which may pertain to it.

### COUNTERCLAIM AGAINST PLAINTIFF

1. Plaintiff did not provide notice of the Underlying Action to Continental until after a verdict was already rendered in the Underlying Action.

2. By reason of this late notice, Continental has been substantially, irreparably, and appreciably prejudiced.

3. Plaintiff has not complied with the conditions precedent to coverage under any policy issued by Continental, and has failed to cooperate with Continental in violation of the conditions precedent to coverage under any policy issued by Continental.

4. There is no coverage under any policy issued by Continental for the claims against Plaintiff in the Underlying Action for the reasons set forth in the foregoing Affirmative Defenses

5. Continental is entitled to a declaration that it does not owe coverage for the Underlying Action.

**Wherefore**, Continental prays for relief as follows:

1. Dismissing GEA's Complaint against Continental;

2. Denying the relief sought by GEA against Continental in its Complaint;

3. Declaring that Continental does not provide coverage for the claims against Plaintiff in the Underlying Action;

4. Awarding to Continental the attorneys' fees incurred in defending this action; and

5. Such other relief this Court deems just and appropriate.

Dated: May 27, 2022     **FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**

                                          By:    <u>s/ Caroline McKenna</u>
                                                      Edward M. Pinter
                                                      Caroline McKenna
                                                      Wall Street Plaza, 16th Floor
                                                      New York, NY 10005
                                                      Tel.: (212) 269-4900
                                                      *Attorneys for Defendant Continental Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was served on all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                            *s/ Caroline McKenna*