

September 19, 2024

Donald W Kiel
Partner
donald.kiel@klgates.com

T +1 973 848 4064
F +1 973 848 4001

**Via ECF**

Honorable Stacey D. Adams, USMJ
United States District Court, District of New Jersey
Martin Luther King, Jr. Federal Building and Courthouse
50 Walnut Street, Courtroom PO 9
Newark, New Jersey 07102

Re:   *GEA Mechanical Equipment US, Inc. v. First State Ins. Co., et al.*
       **Civil Action No.: 2:20-cv-09741-BRM-SDA**

Dear Magistrate Judge Adams:

This firm represents plaintiff, GEA Mechanical Equipment US, Inc. ("GEA Mechanical"), in the above-referenced matter. This letter is submitted jointly by GEA Mechanical and remaining defendants, Hartford Accident and Indemnity Company, Hartford Fire Insurance Company and First State Insurance Company (collectively "Hartford"), to address the matters set forth in the Court's September 9, 2024 Text Order [Doc. No. 84] in advance of the Status Conference set for September 27, 2024, at 09:30 AM ET.

**(i) Addressing next steps in light of the Third Circuit's decision**

The parties share the view that the Third Circuit's vacatur of this Court's summary judgment order and this Court's subsequent order implementing the mandate [Doc. No. 83] result in the parties' cross-motions for summary judgment [Doc. Nos. 57 and 58] becoming again pending before this Court. The parties propose making simultaneous filings of supplemental briefs, not to exceed 15 pages, on or before October 30, 2024, setting forth their respective views of the impact of the Third Circuit's decision on the pending cross-motions. The parties also request that the Court schedule oral argument on the pending cross-motions for summary judgment motions prior to disposition.

**(ii) Advising of any other issues/disputes that need to be addressed**

The parties propose that the Court defer scheduling any further case deadlines pending disposition of the cross-motions for summary judgment. As the Court may recall, GEA Mechanical previously advised the Court that its expert had unexpectedly passed away and the parties had

agreed that GEA Mechanical need not proffer a replacement expert unless (i) the parties have not settled and (ii) the Court has ruled on the pending cross-motion for summary judgment in a way that does not dispose of the case. The parties further agreed that should these circumstances come to pass, they would cooperate to allow for the reopening of expert discovery and submission of a proposed scheduling order. [Doc. 69]. The Court issued a Text Order consistent with these requests. [Doc. 70]. The parties believe this approach continues to make sense in light of the current procedural posture.

**(iii) Notifying the court of whether a settlement conference is desired**

The parties thank the Court for its offer in this regard. The parties are discussing settlement but have not reached agreement on whether they would like to involve the Court at this time or proceed in another manner. The parties therefore respectfully request that they be allowed to revisit this offer in the future, should they wish to proceed in this manner.

We thank the Court for the time and courtesies extended in this matter.

Respectfully,

Donald W. Kiel

cc:     All Counsel (via ECF and E-mail)